**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

YUNJIAN LIN, YOUGJUN LI, WEIWEI DING,
YAQIANG ZHANG, LI WENG, WEITING ZHAO
, INDIVIDUALLY AND ON BEHALF OF ALL OTHER
EMPLOYEES SIMILARLY SITUATED,

                              Plaintiffs,

                    - against -

GRAND SICHUAN NY INC.
          d/b/a Grand Sichuan NY
GRAND SICHUAN 74 ST INC.
          d/b/a Grand Sichuan 74
GRAND SICHUAN 75 ST INC.
          d/b/a Grand Sichuan 74,
AIDI JC LLC.
          d/b/a Grand Sichuan 74,
GUANG JUN LI,
YOUNG SHU LI,
LI JIANG,
YONG LI LI,
GUANG LI LI,
CHENG CHEN,
AIDI XU
JIAN CHEN, and
YONG MING CHEN,

                              Defendants.

Case No. 15-cv-2950

---

Having conferred among themselves and with the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure, the parties adopt the following statements, direction, and agreements as the Joint Pretrial Order:

## **PROPOSED JOINT PRETRIAL ORDER**

### A. CAPTION

>          YUNJIAN LIN, YOUNGJUN LI, WEIWEI DING, YAQIANG ZHANG, LI
>          WENG, WEITING ZHAO, INDIVIDUALLY AND ON BEHALF OF ALL
>          OTHER EMPLOYEES SIMILARLY SITUATED
>
>                              Plaintiffs,

v.

GRAND SICHUAN NY, INC., GRAND SICHUAN 74 ST INC., GRAND
SICHUAN 75 ST INC., AIDI JC LLC. GUANG JUN LI, YONG SHU LI, LI
JIANG, YONG LI LI, GUANG LI LI, CHENG CHEN, AIDI XU, JIANG CHEN
AND YONG MING CHEN

                                                    Defendants.


## B.  TRIAL COUNSEL

Plaintiffs
Troy Law, PLLC
Kibum Byun
John Troy
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Fax: (718) 762-1342
Email: johntroy@troypllc.com

Defendants:

James Costo, Attorney at Law
James Costo
11 Park Place, Ste. 600
New York, New York 10007
Tel: (646) 543-0406
Fax: (646) 619-4144
Email: costolaw@gmail.com
Attorneys for Defendants:
AIDI JC LLC, AIDI XU, JIAN CHEN and
YONG MING CHEN


## B.    JURY/NON-JURY/ LENGTH OF TRIAL

Bench Trial.

The parties believe that the trial by jury will take approximately 5 days.

## C.  SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331
because this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§
201 *et seq.*

This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28

U.S.C. § 1367(a).

## D.  SUMMARY OF CLAIMS AND DEFENSES

**Plaintiffs' Statement:**

Summary of Plaintiffs' Claims

Plaintiffs Yunjian Lin, Yongjun Li, Weiwei Ding, Yaqiang Zhang, Li Weng, Weiting Zhao, Youmin Shen, Yu Hai Zhu, and Miao Wang (collectively "Plaintiffs") were deliverymen except for Plaintiff Yunjian Lin who was employed as an oil worker for Corporate Defendants Grand Sichuan NY Inc, Grand Sichuan 74 St Inc. Grand Sichuan 75 St Inc., AIDI JC LLC. Individual Defendants Guang Jun Li, Young Shu Li, Li Jiang, Yong Li Li, Guang Li Li, Cheng Chen, Aidi Xu, Jian Chen and Yong Ming Chen were the owners and operators of Corporate . Defendants. Defendants are Plaintiffs' employer pursuant to FLSA, 29 U.S.C. § 203d, and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.

1.  FLSA Claims

Plaintiffs allege that Defendants willfully failed to pay them the statutory minimum wage for some or all of the hours they worked in violation of FLSA 29 U.S.C. § 206. Plaintiffs further allege that Defendants willfully failed to pay Plaintiffs overtime compensation at a rate of one and one half times their regular rate of pay for all hours worked over forty (40) hours per week throughout the duration of their employment, as required by FLSA 29 U.S.C. §§ 206-07. In addition, Defendants did not reimburse the cost of purchasing and maintaining required equipment and unauthorized deductions due under the FLSA. Defendants failed to maintain records sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a), thereby committing a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

2.  NYLL Claims

Plaintiffs allege that Defendants violated Plaintiffs' rights by failing to pay them the statutory minimum wage in violation of NYLL § 592(1). Defendants failed to pay overtime compensation at a rate not less than one and one-half times the applicable minimum wage for each hour worked in excess of ten (10) hours per day, in violation of the NYLL and 12 N.Y.C.C.R. § 142-2.4. Defendants further failed to pay an extra hour's pay at the applicable minimum wage although Plaintiffs routinely worked more than ten (10) hours per day for a spread of hours greater than ten hours, in violation of 12 NYCRR § 137–1.7. In addition, Defendants failed to reimburse the cost of purchasing and maintaining required equipment and unauthorized deductions in violation of NYLL § 193 and 12 NYCRR § 137–2.5. Defendants failed to maintain records sufficient to determine the wages, hours and other conditions and practices of employment, amounting to violations of NYLL §§

3

650 *et seq.* and supporting regulations and orders of the New York State Department of Labor.

Plaintiffs assert that Defendants willfully failed to give Plaintiffs, at hiring, a written notice of regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, and the regular payday. Plaintiff asserts that Defendants willfully violated the NYCCR by failing to establish, maintain and keep weekly payroll records for not less than six years. Plaintiff asserts that Defendants willfully and improperly offset Plaintiff's wages by requiring Plaintiff to purchase and maintain mechanisms of transportation for the sole purpose of facilitating deliveries for the benefit of Defendants' business, as prohibited by 29 C.F.R. § 531.35. Plaintiff asserts that Defendants willfully and improperly offset Plaintiffs; wages by requiring Plaintiffs to purchase and maintain mechanisms of transportation for the sole purpose of facilitating deliveries for the benefit of Defendants' business.

3.   Successor Liability

Plaintiffs claim that AIDI JC LLC should be liable for as successor to Defendant Grand Sichuan 75 St, Inc . On or about April 30, 2015, AIDI JC, LLC took over the operation of the Grand Sichuan 74 Inc and continued to operate the restaurant in a substantially same way. In this Circut, the Courts generally utilize the substantial continuity test to examine the successor liability in FLSA context. *See Bautista v. Beyond Thai Kitchen, Inc.*, 2015 U.S. Dist. LEXIS 124454 (S.D.N.Y. 2015); *Battino v. Cornelia Fifth Ave., LLC*, 861 F. Supp. 2d 392, 402 (S.D.N.Y. 2012); *Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402, 2010 U.S Dist. LEXIS 62653, at *2-3 (S.D.N.Y. June 23, 2010).

Plaintiffs allege that AIDI JD LLC 1) had notice of this pending lawsuit when it acquired the restaurant from the predecessor, 2) has been a substantial continuity of business operations; 3) used the same or substantially the same work force; 4) produced the same product; 5) used the same machinery, equipment and method of production; and 6) the jobs, including Plaintiffs, and existed under substantially the same working conditions. *See E.E.O.C. v. Nichols Gas & Oil, Inc.*, 688 F. Supp 2d 505 (W.D.N.Y. 2007) (interpreting and expending the successor liability analysis of *Golden State Bottiling* to various area of labor law).

**Summary of Defendants for AIDI JC LLC, AIDI XU, JIAN CHEN and YONG MING CHEN**:

Defendants Aidi Xu and Jian Chen formed Defendant AIDI JC LLC on or about April 13, 2016 for the purposes of operating a Chinese restaurant at 307 Amsterdam Avenue, New York, New York 10023. Defendant AIDI JC, LLC obtained a Certificate of Authority from the New York State Department of Taxation to operate a restaurant at the subject location on or about May 11, 2016. AIDI JC, LLC closed for business and filed for dissolution on or about October 16, 2017.  Defendant Yong Ming Chen was employed as a cook at the restaurant from April, 2016 until it closed for business. Yong Ming Chen was neither a member of the limited liability company, nor was he a manager of the restaurant.  Aidi Xu was an investor in the business.  Aidi Xu was not involved in the day to day operations of the restaurant.  Defendant Jian Chen managed the day to day operations of the restaurant.  The subject defendants deny the allegations asserted by the Plaintiffs herein.  Defendants deny that they had any relations to any of the restaurants which preceded that operated by AIDI JC LLC and assert that Plaintiffs' claims of successor liability are without merit.  Also, upon information and belief, only two

(2) of the plaintiffs herein worked at any time for Defendant AIDI JC, LLC for approximately one (1) month or less.

## TRIAL WITNESSES

### Plaintiffs' Witnesses

1) Yunjian Lin (in person)
(c/o) Troy Law, PLLC
41-25 Kissena Blvd., Ste 119
Flushing, NY 11355
Anticipated Testimony: Plaintiff who will testify concerning his employment with defendants. and the operations of the corporation.

2) Yougjun Li (in person)
(c/o) Troy Law, PLLC
41-25 Kissena Blvd., Ste 119
Flushing, NY 11355
Anticipated Testimony: Plaintiff who will testify concerning his employment with defendants. and the operations of the corporation.

3) Weiwei Ding (in person)
(c/o) Troy Law, PLLC
41-25 Kissena Blvd., Ste 119
Flushing, NY 11355
Anticipated Testimony Plaintiff who will testify concerning his employment with defendants. and the operations of the corporation.

4) Yaqiang Zhang (in person)
(c/o) Troy Law, PLLC
41-25 Kissena Blvd., Ste 119
Flushing, NY 11355
Anticipated Testimony: Plaintiff who will testify concerning his employment with defendants. and the operations of the corporation.

5) Li Weng (in person)
(c/o) Troy Law, PLLC
41-25 Kissena Blvd., Ste 119
Flushing, NY 11355
Anticipated Testimony: Plaintiff who will testify concerning his employment with defendants. and the operations of the corporation.

6) Weiting Zhao (in person)
(c/o) Troy Law, PLLC
41-25 Kissena Blvd., Ste 119
Flushing, NY 11355

Anticipated Testimony: Plaintiff who will testify concerning his employment with defendants. and the operations of the corporation.

7) Youmin Shen (in person)
(c/o) Troy Law, PLLC
41-25 Kissena Blvd., Ste 119
Flushing, NY 11355
Anticipated Testimony: Plaintiff who will testify concerning his employment with defendants. and the operations of the corporation.

8) Yu Hai Zhu(in person)
(c/o) Troy Law, PLLC
41-25 Kissena Blvd., Ste 119
Flushing, NY 11355
Anticipated Testimony: Plaintiff who will testify concerning his employment with defendants. and the operations of the corporation.

9) Miao, Wang
(c/o) Troy Law, PLLC
41-25 Kissena Blvd., Ste 119
Flushing, NY 11355
Anticipated Testimony: Plaintiff who will testify concerning his employment with defendants. and the operations of the corporation.

## Defendants' Witnesses

(1)    Aidi Xu
(c/o) James Costo, Attorney at Law
11 Park Place, Suite 600
New York, New York 10007
Anticipated Testimony:  Defendant Aidi Xu will testify concerning her investment into AIDI JC, LLC and other matters pertinent to the defense of the action.

(2)    Jian Chen
(c/o) James Costo, Attorney at Law
11 Park Place, Suite 600
New York, New York 10007
Anticipated Testimony:  Defendant Jian Chen will testify concerning her investment into AIDI JC, LLC, the day to day operation of the restaurant and other matters pertinent to the defense of the action.

(3)    Yong Ming Chen
(c/o) James Costo, Attorney at Law
11 Park Place, Suite 600
New York, New York 10007
<u>Anticipated Testimony</u>:  Defendant Yong Ming Chen will testify concerning his employment as a cook at AIDI JC, LLC and other matters pertinent to the defense of the action.

D.    **DEPOSITION TESTIMONY**

<u>Plaintiffs</u>:

- Plaintiffs do not intend to use any deposition testimony for their case in chief.

<u>Defendants</u>:

\*    Defendants AIDI JC, LLC, AIDI XU, JIAN CHEN and YONG MING CHEN do not intend to use any deposition testimony for their case in chief.

E.    **EXHIBITS**

<u>Plaintiffs' Exhibits</u>:

| Ex. | Description | Objection | Response |
|-----|-------------|-----------|----------|
| 1 | Lease for the Restaurant Dated March 9, 2010 (P000008-26) | | |
| 2 | Lease for the Restaurant Dated March 9, 2011 (P000027-45) | | |
| 3 | Screenshot of Liquor License P000046. | | |
| 4 | Screenshot of Liquor License P000047 | | |
| 5 | Screenshot of Liquor License P000048 | | |
| 6 | Online Order Menu of Grand Sichuan 74 (P000049-50) | | |
| 7 | Surrender of Leased Premises for the ground floor retail and basement space in the building known as 307 Amsterdam Avenue New York, N.Y. 10023 (P000053-54) | | |
| 8 | Screenshot of Yelp of Grand Sichuan 74 dated May 15, 2017 | | |

7

| | (P000090-99) | | |
|---|---|---|---|

Defendants Exhibits:

| Ex. | Description | Objection | Response |
|---|---|---|---|
| A | Insurance Dec. Sheets (D00001-04) | | |
| B | Employee Schedule (D000005) | | |
| C | AIDI JC LLC Articles of Incorporation (D00006 – D000011) | | |
| D | Surrender of Lease signed by Jiang Li dated 4/29/2016 (D00012) | | |
| E | Lease for Restaurant dated 4/29/2016 (D00013 – D00018) | | |
| F | Rider to Lease/Guaranty (D00019 – D00026) | | |
| G | Certificate of Authority dated 5/11/2016 (D00027) | | |

**SO ORDERED**

_____
**U.S.D.J.**

Dated: New York, New York
, 2017

8