USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/2/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YUNJIAN LIN, *on behalf of himself and all other persons similarly situated*, YOUNG JUN LI, *on behalf of themselves and others similarly situated*, YONG JUN LI, WEI WEI DING, YAQIANG ZHANG, LI WENG, WEI TING ZHAO, YUHAI ZHU, YOUMIN SHEN, and MIAO WANG,

Plaintiffs,

v.

GRAND SICHUAN 74 ST INC., *d/b/a* GRAND SICHUAN 74, GRAND SICHUAN 75 ST. INC., *d/b/a* GRAND SICHUAN 74, LI JIANG, GUANG LI LI, YONG JUN LI, YONG LI LI, GRAND SICHUAN NY INC., *d/b/a* GRAND SICHUAN NY, GUANG JUN LI, YONG SHU LI, CHENG CHEN, AIDI XU, JIAN CHEN, YONG MING CHEN, and AIDI JC LLC, *d/b/a* GRAND SICHUAN 74,

Defendants.

---

No. 15-CV-2950 (RA)

MEMORANDUM OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiffs bring this action against several corporate entities and individuals that have allegedly owned, operated, or managed a restaurant called Grand Sichuan 74, which employed Plaintiffs and purportedly failed, among other things, to pay them in compliance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). This case has been pending for over three years and has a complex procedural history. Now, Plaintiffs seek approval of their settlement with four Defendants. For the reasons stated below, the Court approves the settlement and orders Plaintiffs to submit any requests for default judgment that they intend to make as to the remaining Defendants according to the deadlines set forth in this Opinion.

## BACKGROUND

In brief, and as relevant here, Plaintiffs include former employees of a restaurant once called Grand Sichuan 74. Plaintiffs claim that Defendants—various owners and operators of the restaurant over different periods of time—subjected them to wage, hour, and employment violations of the FLSA, NYLL, and other regulations during the course of their employment. Only four of the original Defendants continue to participate in the case through counsel, and no *pro se* Defendant has taken part in activities in the case for quite some time. The four active Defendants are a corporation, Aidi JC LLC, and three individuals, Aidi Xu, Jian Chen, and Yong Ming Chen (the "Aidi Defendants").[1] The Aidi Defendants allegedly took over the restaurant on April 30, 2016, after which, Plaintiffs contend, they continued prior managements' purportedly unlawful wage-and-hour practices. *See* Second Am. Comp. ¶ 146 (Dkt. 79).[2]

Plaintiffs Yaqiang Zhang and Youmin Shen allegedly worked under the Aidi Defendants from April 30, 2016 to May 12, 2016 (approximately 2 weeks), and from May 1, 2016, to July 9,

---

[1] The docket also reflects that the Aidi Defendants' counsel, James Costo, is representing Defendant Cheng Chen. This appears to be an error on the docket. Plaintiffs describe Chen as one of the "Grand Sichuan Defendants" that Plaintiffs claim is in default, rather than one of the Aidi Defendants. *See* April 22, 2018 Letter (Dkt. 150). The Aidi Defendants were previously represented by Jonathan Trexler. *See* Notice of Appearance (Dkt. 95). The Court then approved a substitution by current counsel Mr. Costo as to only the Aidi Defendants. Consent Order (Dkt. 100). No notice of appearance has been filed for Cheng Chen, and Mr. Costo has given no indication to this Court that he represents anyone but the Aidi Defendants. *See, e.g.*, Proposed Joint Pretrial Order at 2 (Dkt. 129). The Clerk of Court is therefore directed to terminate Mr. Costo's appearance as to Defendant Cheng Chen.

[2] The Court notes that the Second Amended Complaint, Proposed Joint Pretrial Order, and other filings contain conflicting information about when the Aidi Defendants took over the Grand Sichuan 74 restaurant. In three places—in paragraphs 66 and 67 of the Second Amended Complaint and on page 4 of the Proposed Joint Pretrial Order—Plaintiffs allege that the Aidi Defendants took over in April 2015, rather than in April 2016. But paragraphs 135 and 146 of the Second Amended Complaint state instead that Yaqiang Zhang worked for Aidi's predecessors until April 29, 2016, and did not work for the Aidi Defendants until April 30, 2016—indicating that the 2016 date is the correct one. The Aidi Defendants' portion of the Joint Pretrial Order states that Aidi JC LLC was not formed until April 13, 2016. *See* Proposed Joint Pretrial Order at 4. And Plaintiff's counsel has recently acknowledged that the April 30, 2016 date is the correct one. *See* April 22, 2018 Letter at 1; Fairness Letter at 2 (Dkt. 153). The Court will thus presume for the purpose of this settlement approval that the Aidi Defendants took over Grand Sichuan 74 on April 30, 2016.

2

2016 (approximately 10 weeks), respectively. *See* Fairness Letter at 3 (Dkt. 153). The Aidi Defendants contend that none of the other Plaintiffs in this action worked at the restaurant during the time they managed it. *See* Proposed Joint Pretrial Order at 4–5. Zhang and Shen claim that they were deprived of minimum wage and overtime compensation and assert various other NYLL and FLSA violations. *See* Fairness Letter at 3. On December 20, 2017, Plaintiffs and the Aidi Defendants participated in the Court's mediation program prior to trial, which had been scheduled for the week of January 15, 2018.

Now before the Court is Plaintiffs' resolution of this case with the Aidi Defendants. On January 4, 2018, Plaintiffs, after missing the deadline for submitting their required pretrial materials, belatedly informed the Court that "Plaintiffs and [the Aidi Defendants] reached an agreement to settle this case during the mediation session held on December 20, 2017." *See* January 4, 2018 Letter (Dkt. 135). The Court adjourned trial *sine die*. In the following months, Plaintiffs and the Aidi Defendants struggled to put their settlement agreement down on paper in a manner agreeable to all parties. *See* February 12, 2018 Letter (Dkt. 140); March 20, 2018 Letter (Dkt. 144).

When Plaintiffs finally submitted settlement materials to the Court, they filed the following documents: (1) a notice of Plaintiff Zhang's and Plaintiff Shen's acceptance of an offer of judgment under Federal Rule of Civil Procedure 68(a) for their post-April 30, 2016 claims against the Aidi Defendants, *see* Dkt. 147; (2) the corresponding offer of judgment from the Aidi Defendants, *see* Dkt. 147-1; and (3) a stipulation to dismiss without prejudice under Federal Rule of Civil Procedure 41, which appeared to apply to all Plaintiffs' claims against to the Aidi Defendants, *see* Stipulation of Dismissal Without Prejudice (Dkt. 147-2). The stipulation of voluntary dismissal neither limited itself to claims arising prior to April 30, 2016, nor excluded

3

Zhang and Shen from its scope. The stipulation thus appeared on its face to be redundant with Zhang and Shen's offer and acceptance of judgment under Rule 68. Plaintiffs did not submit a letter explaining the interaction between the apparently redundant filings or a fairness letter setting forth why they believed the offer and acceptance of judgment under Rule 68 constituted a fair and reasonable settlement of their FLSA claims.

The Court subsequently ordered Plaintiffs to clarify how they were resolving their claims as to the Aidi Defendants and, specifically, which claims were to be resolved through the Rule 41 stipulation of dismissal without prejudice. *See* April 9, 2018 Order (Dkt. 148). The Court further ordered them to submit fairness materials in support of their Rule 68 settlement. *Id.* Plaintiffs again failed to timely respond to the Court's order. *See* April 17, 2018 Order (Dkt. 149). After the Court *sua sponte* extended their time to respond and scheduled a conference, Plaintiffs filed their clarification letter. *See* April 22, 2018 Letter (Dkt. 150). In that letter, Plaintiffs explained that the offer of judgment applied to only Zhang's and Shen's "work performed after April 30, 2016, when the Aidi Defendants took over the business," and that "all Plaintiffs, including remaining Plaintiffs (named Plaintiffs Yunjian Lin, Yongjun Li, Weiwei Ding, Li Weng, and Weiting Zhao; and opt-in Plaintiff Miao Wang) and the two Plaintiffs in question, Yaqiang Zhang and Youmin Shen, agreed to dismiss their claims against the Aidi Defendants without prejudice under Rule 41 for their work prior to April 30, 2016." *Id.* Plaintiffs referenced their previously filed stipulation of dismissal, implicitly recognizing that, in the event of approval of the Rule 68 settlement, all claims against the Aidi Defendants would be resolved. *Id.* (citing Stipulation of Dismissal Without Prejudice). Plaintiffs maintained, however, that "[e]ach and every Plaintiff would continue to pursue their claims against Defendants Grand Sichuan NY Inc., Grand Sichuan 74 St Inc., Grand Sichuan 75 St Inc., Guang Jun Li, Yong Shu Li, Li Jiang, Yong Li Li, Guang Li Li, and Cheng Chen (the 'Grand Sichuan

4

Defendants')." *Id.* Plaintiffs expressed their intent "to move for default judgment against the Grand Sichuan Defendants." *Id.*

On April 27, 2018, the Court held a conference with the Aidi Defendants and Plaintiffs' counsel. At the conference, the Court informed Plaintiffs that they would need to submit settlement materials in support of the fairness of their Rule 68 settlement, and Plaintiffs' counsel requested until May 21, 2018 to do so. The Court granted the request and filed an order requiring Plaintiffs to submit three sets of materials by that date: (1) a revised stipulation of dismissal without prejudice under Federal Rule of Civil Procedure 41 with language clearly indicating the claims and parties to which it applies; (2) the notice of acceptance and all other required materials relating to the Aidi Defendants' offer of judgment under Federal Rule of Civil Procedure 68; and (3) a fairness letter and supporting materials explaining why the parties believe that the Rule 68 settlement and requested attorneys' fees are a fair and reasonable settlement of Zhang's and Shen's FLSA claims as to the Aidi Defendants. *See* April 27, 2018 Order (Dkt. 151). On May 22, after Plaintiffs failed to timely submit any of these papers, the Court ordered them to comply with the previous order no later than June 1. *See* May 22, 2018 Order (Dkt. 152). Plaintiffs ultimately submitted the second and third categories of documents, but they never filed a revised stipulation of dismissal without prejudice. *See* Fairness Letter (attaching Rule 68 materials), June 1, 2018 Letter (Dkt. 154) (attaching Plaintiffs' damages calculations and attorneys' billing records in support of their application for settlement approval).

## LEGAL STANDARDS

"To promote FLSA's purpose of ensuring 'a fair day's pay for a fair day's work,' a settlement in a FLSA case must be approved by a court or the Department of Labor." *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *1 (S.D.N.Y. Mar. 24, 2016) (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)). To

5

obtain approval, the parties must demonstrate that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). "A fair settlement must reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15-CV-06278 (BCM), 2016 WL 3647603, at *1 (S.D.N.Y. June 29, 2016) (quoting *Mamani v. Licetti*, No. 13-CV-7002 (KMW), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014)). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff[s'] range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

The Second Circuit has not yet decided whether court approval is required when FLSA plaintiffs either (1) stipulate to the dismissal of their claims without prejudice under Federal Rule of Civil Procedure 41 or (2) settle their claims by accepting an offer of judgment under Federal Rule of Civil Procedure 68. *See Yu v. Hasaki Rest., Inc.*, 874 F.3d 94, 97 (2d Cir. 2017) (granting interlocutory appeal on the question of "whether Rule 68 settlements in FLSA cases require District Court review of approval," and noting the "differing rulings within this Circuit" on that question); *Cheeks*, 796 F.3d at 201 n.2 (leaving open "the question of whether parties may settle [FLSA] cases without court approval or DOL supervision by entering into a Rule 41(a)(1)(A) stipulation without prejudice").

## DISCUSSION

As the Court now understands Plaintiffs' position, Plaintiffs intend to resolve claims with the Aidi Defendants in two ways. First, Plaintiffs Zhang and Shen only are resolving their claims to the extent they arose after April 30, 2016, when the Aidi Defendants took over the restaurant, by accepting the Aidi Defendants' offer of judgment under Federal Rule of Civil Procedure 68 for $8,500. Second, all Plaintiffs, including Zhang and Shen, are stipulating to the dismissal without prejudice of all other claims against the Aidi Defendants. In other words, Zhang and Shen are voluntarily dismissing without prejudice any claims relating to their work that arose prior to April 30, 2016, and the remaining Plaintiffs—which do not appear to have worked for the Aidi Defendants after April 30, 2016—are voluntarily dismissing without prejudice all claims against the Aidi Defendants. *See* April 22, 2018 Letter; Stipulation of Dismissal Without Prejudice.

### I.  Voluntary Dismissal Without Prejudice

This Court has concluded that, without further guidance from the Circuit, stipulations of dismissal without prejudice need not be approved by the Court under the FLSA. *See Larrea v. FPC Coffees Realty Co.*, No. 15-CIV-1515 (RA), 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017). Here, Plaintiffs submitted a stipulation of dismissal without prejudice that appeared at first to be defective because it failed to specify the claims and Plaintiffs to which it applied. The Court, however, upon reviewing the previously submitted stipulation and Plaintiffs' clarification letter, concludes that Plaintiffs intended to voluntarily dismiss all Plaintiffs' claims as to the Aidi Defendants to the extent that they remained after Plaintiffs Zhang and Shen settled their claims arising after April 30, 2016. Thus, the Court will sign off on the parties' previously submitted general stipulation of dismissal without prejudice after the Clerk enters judgment pursuant to the Rule 68 settlement, which is approved for the reasons stated below.

7

## II. Rule 68 Settlement

This Court has not previously confronted the question of whether Rule 68 settlements must be approved under the FLSA. Rule 68 allows parties to settle their claims as follows:

> **Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). In an abundance of caution—and in agreement with many other judges in this District, *see, e.g.*, *Yu v. Hasaki Rest., Inc.*, 319 F.R.D. 111, 111–16 (S.D.N.Y.) (gathering cases and concluding that courts must approve FLSA settlements under Rule 68), *leave to appeal granted*, 874 F.3d 94 (2d Cir. 2017)—this Court has required Plaintiffs to submit an application for approval of their Rule 68 FLSA settlement. Because the Court concludes that the settlement here should be approved under the FLSA based on those materials, it need not decide whether court approval is always required under these circumstances.

The Court addresses two aspects of the proposed settlement under Rule 68: (1) the settlement amount, and (2) the attorneys' fees award. The Court finds both of these to be fair and reasonable.

### A. Settlement Amount

Under the proposed settlement, Defendants agree to pay Plaintiffs Zhang and Shen a total of $8,500. *See* Rule 68 Acceptance (Dkt. 153-1); Rule 68 Offer (Dkt. 153-2). Of that amount—and before attorneys' fees and costs are deducted—Zhang will receive $3,539.40 (or 41.64%) and Shen will receive $4,960.60 (or 58.36%). This distribution is fairly and reasonably based on Plaintiffs' counsel's calculations as to how much Zhang and Shen would be entitled to if they proceeded to trial and won on all issues related to their employment after April 30, 2016.

8

According to Plaintiffs' calculations, Zhang's total potential combined FLSA and NYLL recovery—including compensatory damages, liquidated damages, and prejudgment interest—would be $9,052.21 and Shen's would be $12,667.98. *See* Damages Calculation (Dkt. 154-1). As Plaintiffs appear to concede, *see* Fairness Letter at 3, they would not be able to recover these amounts in full—at the very least because they would not be entitled to liquidated damages under both the NYLL and FLSA, *see Inclan v. New York Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 504–05 (S.D.N.Y. 2015)—but even if they could, the offer of judgment would still provide both Zhang and Shen with approximately 40% of those calculated amounts.

Under the circumstances of this case, the $8,500 settlement amount is fair and reasonable. Although it falls short of the maximum amount that Plaintiffs asserts they might have recovered at trial, the amount is significant both as a percentage and "in light of the legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016); *see also Beckert*, 2015 WL 8773460, at *2 (approving a settlement of approximately 25 percent of the maximum possible recovery). In particular, Plaintiffs acknowledge that the "litigation risks faced by the parties are substantial" given the expense of trial and a potential appeal. Fairness Letter at 2. The Aidi Defendants further assert that Plaintiffs' liquidated damages would be denied in full or substantially reduced based on evidence of the Aidi Defendants' good faith. *See* Fairness Letter at 4. The risk of a substantially reduced recovery and the parties' interests in avoiding trial and additional litigation costs weigh in favor of finding the settlement reasonable. *See Wolinsky*, 900 F. Supp. 2d at 335.

Other factors also weigh in favor of finding the settlement reasonable: the settlement appears to have been the "product of arm's-length bargaining between experienced counsel" with no evidence of "fraud or collusion" after participation in the Court's mediation program, *see*

*Wolinsky*, 900 F. Supp. 2d at 335, and Plaintiffs note that the settlement was made in light of "Defendant's [sic] capacity to pay the judgment[.]" Fairness Letter at 4. Plaintiffs' practical concern about their ability to collect a greater sum after trial supports the reasonableness of the settlement amount. *See, e.g., Howard v. Don Coleman Advert. Inc.*, No. 16-CV-5060 (JLC), 2017 WL 773695, at *1 (S.D.N.Y. Feb. 28, 2017) (gathering cases).

For the above reasons and based on the totality of the circumstances, the Court finds that the parties' proposed settlement amount of $8,500 is fair and reasonable.

**B. Attorneys' Fees**

The Court also finds the requested attorneys' fees to be fair and reasonable. According to the Fairness Letter, "Plaintiffs' Counsel has agreed to shoulder the entirety of out-of-pocket costs," which amount to $1,168.75 according to Plaintiffs' calculations. Fairness Letter at 4. The fees requested in conjunction with this settlement, meanwhile, amount to one-third of the settlement amount, or $2,833.33. This is also the proportion of any settlement amount that Plaintiffs agreed to pay their counsel in their retainer agreements. *See id.* at 5.

"In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). "A court evaluating attorneys' fees in an FLSA settlement may use either the 'lodestar' method or the 'percentage of the fund' method, but should be guided in any event by factors including: '(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-05123 (BCM), 2016 WL 3440554, at *2 (S.D.N.Y. June 10, 2016) (quoting *Lopez v. Ploy Dee, Inc.*, No. 15-CV-647 (AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016)). Generally speaking, "courts in this District

have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances." *Santos v. El Tepeyac Butcher Shop, Inc.*, No. 15-CV-814 (RA), 2015 WL 9077172, at *3 (S.D.N.Y. Dec. 15, 2015); *see also, e.g., Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (rejecting proposed FLSA settlement providing attorneys' fees equal to 39 percent of the total settlement fund); *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13-CV-6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (rejecting 37 percent fee award); *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181–82 (S.D.N.Y. 2015) (rejecting fee award between 40 or 43.6 percent).

Here, the proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method, particularly where it is pursuant to a previously negotiated retainer agreement. *See Garcia v. YSH Green Corp.*, No. 16-CV-532 (HBP), 2016 WL 6779630, at *3 (S.D.N.Y. Nov. 14, 2016); *see also Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13-CV-3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013). Moreover, the amount is reasonable when compared to what would be awarded under the lodestar method. *See, e.g., Escobar v. Fresno Gourmet Deli Corp.*, 16-CV-6816 (PAE), 2016 WL 7048714, at *4 (S.D.N.Y. Dec. 2, 2016) (approving a one-third fee award that represented a multiplier of approximately 1.03 of the lodestar amount). The lodestar amount is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," with the reasonable hourly rate defined as the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Hernandez v. JRPAC Inc.*, No. 14-CV-4176 (PAE), 2017 WL 66325, at *2 (S.D.N.Y. Jan. 6, 2017) (citations omitted). When the lodestar calculation is greater than the attorneys' fee award, the Court "[o]rdinarily" will

approve the fee, at least so long as the percentage of the award is reasonable. *See, e.g., Run Guo Zhang*, 2015 WL 5122530, at *4. It would be difficult to determine precisely how many hours counsel spent adjudicating specifically Plaintiffs Zhang's and Shen's claims that arose after April 2016. Regardless of counsel's precise number of hours or precise billable rates, however, Plaintiffs' counsel's invoice makes it clear that counsel has long since exceeded in billables the $2,833.33 they are receiving as part of this settlement. *See* Attorney Invoice (Dkt. 154-2) (detailing nearly three years' worth of billables, which counsel calculates to equal $47,849.33). The amount of the fee is therefore reasonable both as a percentage of the net award and based on the lodestar method.

### III. Remaining Defendants

None of the remaining Defendants have appeared or participated in this case for quite some time, and Plaintiffs have stated their intent to move for default judgment against them. Plaintiffs have not, however, begun the process of doing so. If Plaintiffs still intend to seek default judgment against the remaining Defendants, they must do so in accordance with Local Civil Rule 55.1 ("Certificate of Default") and Attachment A to this Court's Individual Rules and Practices in Civil Cases. **Their requests for Certificates of Default shall be filed no later than July 16, 2018, and their motion for default judgment shall be filed no later than 14 days after the Clerk enters Certificates of Default as to all remaining Defendants.**

Plaintiffs' counsel are further warned that, if they fail to abide by this Court's deadlines and orders going forward, the Court may consider imposing sanctions under its inherent authority "to police the conduct of attorneys as officers of the court, and to sanction attorneys for conduct not inherent to client representation, such as, violations of court orders or other conduct which interferes with the court's power to manage its calendar and the courtroom." *United States v.*

*Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000). This Court can order such sanctions—potentially including monetary sanctions or, if Plaintiffs' failure to prosecute this case persists, dismissal of the remainder of the action with or without prejudice under Federal Rule of Civil Procedure 41(b)—even "without a finding of bad faith." *See generally id.*

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement. The Clerk of Court is instructed to, pursuant to Federal Rule of Civil Procedure 68, enter judgment in favor of Plaintiffs Yaqiang Zhang and Youmin Shen and against Defendants Aidi JC LLC, Aidi Xu, Jian Chen, and Yong Ming Chen in the amount of $8,500. Of that amount, Plaintiffs' counsel will receive $2,833.33, Plaintiff Yaqiang Zhang will receive $2,359.60, and Plaintiff Youmin Shen will receive $3,307.07.

Once the Clerk of Court enters judgment pursuant to the above instructions, this Court will sign and enter the stipulation of voluntary dismissal without prejudice submitted by Plaintiffs at Dkt. 147-2. At that point, all claims as to the Aidi Defendants shall be resolved and they shall be dismissed from the case. As for the remaining Defendants, Plaintiffs shall follow the above deadlines for requesting Certificates of Default and filing their motion for default judgment.

Finally, the Clerk of Court is directed to terminate Mr. Costo's appearance as to Defendant Cheng Chen for the reasons stated in footnote 1 of this Memorandum Opinion.

SO ORDERED.

Dated: July 2, 2018
       New York, New York

Ronnie Abrams
United States District Judge