USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/29/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YUNJIAN LIN, YOUNG JUN LI, WEIWEI
DING, YAQIANG ZHANG, LI WENG, WEI
TING ZHAO, YUHAI ZHU, YOUMIN
SHEN, and MIAO WANG, *on their own
behalf and on behalf of others similarly
situated*,

                Plaintiffs,

v.

GRAND SICHUAN 74 ST INC. *d/b/a*
GRAND SICHUAN 74, GRAND SICHUAN
75 ST. INC. *d/b/a* GRAND SICHUAN 74,
GRAND SICHUAN NY INC. *d/b/a* GRAND
SICHUAN NY, GUANG JUN LI, YONG
SHU LI, LI JIANG, YONG LI LI, GUANG
LI LI, CHENG CHEN,

                Defendants.

No. 15-CV-2950 (RA)

MEMORANDUM OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiffs are former employees of a restaurant named Grand Sichuan 74. They commenced this action against the restaurant's purported owners, operators, or managers, seeking damages from them for alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs also assert claims for breach of an implied contract for the reimbursement of certain expenses, as well as claims for alleged fraudulent filings of IRS returns, pursuant to 26 U.S.C. § 7434, and for deceptive business practices under N.Y. Gen. Bus. Law § 349. Before the Court is Plaintiffs' motion for default judgment.[1] For the following reasons, the

---

[1] Plaintiff Yaqiang Zhang is the only plaintiff that did not file a motion for default judgment. The Court presumes this is because Zhang is the plaintiff who counsel had been "unable to reach," as explained in Plaintiffs' counsel's letter of September 4, 2018 (Dkt. 162). Pursuant to the Court's September 5, 2018 order any plaintiff who failed to submit a timely motion for default judgment would be dismissed for failure to prosecute under Fed. R. Civ.

motion is granted, except as to Plaintiffs' claims under 26 U.S.C. § 7434, and N.Y. GBL § 349, which are dismissed. By separate order, this case will be referred to Magistrate Judge Fox for an inquest into damages.

## I. Background

Familiarity with the long and complex procedural history of this case is presumed. The Court nonetheless sets forth the basic facts that are relevant to resolving the instant motion.

Plaintiff Yunjian Lin alleges that he was employed by Defendants as a cook from October 2010 to March 2014, Compl. ¶ 8; the remaining Plaintiffs allege that they were employed by Defendants as deliverymen at various times between 2011 and 2014. *Id.* ¶¶ 9–10, 13–15; Shen Aff. ¶¶ 3–4 (Dkt. 166-25); Wang Aff. ¶¶ 3–4 (Dkt. 166-26); Zhu Aff. ¶¶ 3–4 (Dkt. 166-27).[2] Each of them principally attests that: (1) they regularly worked in excess of forty hours per week, but were not compensated with overtime wages for those excess hours; (2) they were not paid spread-of-hours pay for all days that they worked in excess of ten hours; (3) Defendants did not accurately record the total number of hours they worked each week and the payments they received; (4) they did not receive a "time of hire notice" in English and Chinese when they began their employment; (5) Defendants did not provide them with any written information about New York state or federal minimum wage and overtime laws; and (6) they did not see any labor posters at the restaurant that informed them about their rights to minimum, overtime, and spread-of-hour wages. *See* Pls' Affs., Troy Decl., Exs. 20–27 (Dkt. 166).

---

P. 41(b). Since the date of that order, Plaintiffs' counsel has appeared before the Court on multiple occasions and he has never indicated that Zhang still intends to prosecute this case. Plaintiff Zhang is, accordingly, dismissed from this action. The term "Plaintiffs" as used in this memorandum opinion includes all named Plaintiffs other than Zhang.

[2] The allegations with respect to Plaintiffs Shen, Wang, and Zhu, are included only in their affidavits in support of their default motion, and not in the operative Second Amended Complaint ("Complaint"), because they opted into this action after the Complaint was filed. *See* Dkts. 102, 111, 113.

In addition, four Plaintiffs—Jun Li, Weng, Zhao, and Wang—allege that they had formed an implied contract with Defendants pursuant to which they would incur the expenses of purchasing and maintaining electric bicycles used to complete food deliveries, in exchange for reimbursement from Defendants, which never occurred. Compl. ¶¶ 110, 172, 187; Wang Aff. ¶ 15 (Dkt. 166-26). And five Plaintiffs—Jun Li, Ding, Weng, Zhao, and Zhu—further allege that they were not given meal breaks as required by NYLL § 162. Compl. ¶¶ 86, 115, 163, 177; Zhu Aff. ¶ 8.

Plaintiffs filed the operative Second Amended Complaint ("Complaint") against Defendants on September 30, 2016, asserting claims under the FLSA and NYLL, among others, arising from the foregoing allegations. Certain Defendants—who allegedly took over the restaurant on April 30, 2016, and who are no longer part of the case—offered to settle the claims of Plaintiff Youmin Shen and former Plaintiff Yiaqiang Zhang.[3] On July 2, 2018, the Court approved the settlement agreement between those Plaintiffs and the former Defendants, and authorized Plaintiffs to move for default judgment as against the remaining Defendants. Plaintiffs so moved on October 4, 2018, and the Court held an order to show cause hearing on Plaintiffs' motions on January 10, 2019.

## II. Service

At the order to show cause hearing, the Court advised Plaintiffs that they had not properly served the Summons and Complaint on Defendants Guang Jun Li, Yong Shu Li, and Cheng Chen under Rule 4; and that they also had not properly served Defendants with the Court's November 29, 2018 order to show cause and default papers listed therein, pursuant to Rule 4, as that order

---

[3] Plaintiffs Shen and Zhang were the only Plaintiffs to have worked at Grand Sichuan 74 on or after April 30, 2016, and were thus the only Plaintiffs with claims against the former Defendants. *See Lin v. Grand Sichuan 74 St Inc.*, No. 15-CV-2590(RA), 2018 WL 3222519, at *1–2 (S.D.N.Y. July 2, 2018).

3

had required. Although the Court invited Plaintiffs to file a letter explaining any disagreement with the Court's ruling as to service, they did not do so. The Court, accordingly, ordered Plaintiffs to serve the Summons and Complaint and default papers on the relevant defendants, in compliance with Rule 4, by February 11, 2019. After February 11th came and went—with no word from Plaintiffs—the Court ordered them to serve Defendants by March 10, 2019. *See* Feb. 26, 2019 Order (Dkt. 180). Plaintiffs then attempted to fix the service issues by (1) re-filing on March 4th their prior affidavits of their December 14, 2018 attempts at service that the Court had already ruled did not comply with Rule 4; and (2) filing on March 8th proof of service on Defendants of the Court's February 26, 2019 order by mail. As explained on the record during a telephone conference on April 11, 2019, those attempts to address Plaintiffs' service issues still did not suffice under Rule 4.

Nevertheless, at long last, Plaintiffs have now successfully served Defendants under Rule 4. Specifically, Plaintiffs served the corporate defendants with the relevant default papers on April 24, 2019, through delivery to an agent of the Secretary of State, in accordance with N.Y. Bus. Corp. Law § 306, as authorized by Rule 4(e)(1). And Plaintiffs served Defendants Cheng Chen, Guang Jun Li, Guang Li Li, Yong Li Li, and Li Jiang, with the Summons and Complaint, and default papers, on April 29th and 30th, by leaving the documents with a person of suitable age and discretion at their homes, *see* Rule 4(e)(2), or at their actual places of business followed by delivery there via first class mail, *see* C.P.L.R. § 308(2).

Whether service was proper as to Defendant Yong Shu Li, however, is a closer question, but the Court concludes that it was. Unlike the other Defendants, Plaintiffs served Yong Shu Li by "nail-and-mail"; that is, by affixing a copy of the documents to his door and sending him another copy by mail. Pursuant to N.Y. C.P.L.R. § 308(4) "nail-and-mail" service is proper where

the process-server could not affect service with "due diligence" under the first two prongs of § 308. *See* C.P.L.R. § 308(1) (personal service); *id.* § 308(2) (service upon a person of suitable age and discretion at defendant's actual place of business, dwelling place, or usual place of abode).[4] Plaintiffs' most recent affidavit of service with respect to Defendant Shu Li indicates that the process-server attempted to serve him at his "dwelling place" or "usual place of bode" on three occasions. *See* Lewis Aff. (Dkt. 208) (noting previous attempts of service on April 17th at 7:40 a.m.; April 19th at 9:05 p.m.; and April 30th at 5:50 p.m.).

It is true that, as the Court previously explained to Plaintiffs' counsel, "[t]here is substantial authority for the proposition that three attempts at residential service do not satisfy the 'due diligence' requirement where the process-server made no attempt to serve the defendant at his actual place of business, in particular where the place of business was known." *Sartor v. Toussaint*, 70 Fed. App'x 11, 14 (2d Cir. 2002). It is also true that Plaintiffs here do not purport to have served Defendant Shu Li at his place of business. It is not clear, however, whether Shu Li's place of business is known to Plaintiffs, given that he and the other Defendants no longer operate Grand Sichuan 74. Moreover, in 2016, Plaintiffs also served Yong Shu Li by nail-and-mail—after having attempted an additional three times to serve him at his residence. *See* Morant Aff. (Dkt. 86). Considering that Plaintiffs have now attempted to serve Yong Shu Li with the Summons and Complaint six times personally, and by nail-and-mail twice, the Court is satisfied that Plaintiffs have fulfilled the due diligence requirement of C.P.L.R. § 308(4).[5] Defendant Yong Shu Li, like the other Defendants, has therefore been properly served under Rule 4.

---

[4] Service pursuant to the New York's Civil Practice Law Rules is, of course, authorized by Rule 4(e)(1). *See* Fed. R. Civ. P. 4(e)(1) (permitting service by "following state law for serving a summons . . . in the state where the district court is located or where service is made.").

[5] The Second Circuit also noted in *Sartor* that "New York case law is not . . . wholly consistent" as to whether three attempts at residential service constitutes "due diligence" under C.P.L.R. § 803(4). 70 Fed. App'x at 14 (citing cases finding three attempts at residential service did, in fact, fulfill the "due diligence" requirement).

**III. Liability**

By virtue of Defendants' default, they have admitted Plaintiffs' factual allegations in the Complaint. *See* Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013). The Court must still determine, however, "whether those allegations establish a sound legal basis for liability." *Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18-CV-4193 (JPO), 2019 WL 2324567, at *1 (S.D.N.Y. May 30, 2019).

**A. Plaintiffs' FLSA and NYLL Claims**

To state a claim under the FLSA, Plaintiffs must first establish that: "(1) the defendant[s] [are] an enterprise participating in commerce or the production of goods for the purpose of commerce; (2) [] plaintiff[s] [are] 'employee[s]' within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA." *Pelgrift v. 335 W. 41st Tavern Inc.*, No. 14-CV-8934 (AJN), 2017 WL 4712482, at *1 (S.D.N.Y. Sept. 28, 2017). With respect to minimum wage and overtime claims, specifically, Plaintiffs must also establish that (1) they were not paid the minimum wage for the first 40 hours that they worked in a given work week; and (2) that for hours exceeding 40 per week, they were not paid at a rate of one and one-half times their regular rate. 29 U.S.C. §§ 206(a), 207(a)(1).

Here, Plaintiffs have adequately alleged these elements. The Complaint asserts that Defendants have "engaged in interstate commerce" and that the corporate defendants had gross sales of "not less than $500,000," Compl. ¶¶ 16–27, as the FLSA requires, *see* 29 U.S.C. §§ 203(s)(1)(A)(ii), § 206(a). Plaintiffs also allege that they are employees under FLSA who performed non-exempt work for Defendants. Plaintiffs have further attested to the number of hours they worked—including the number of overtime hours, and the amount for which they were compensated—which is sufficient to establish Defendants' liability for the FLSA minimum wage and

6

overtime claims. *See Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). These allegations are also sufficient to establish Defendants' liability for Plaintiffs' NYLL claims—namely, their minimum wage and overtime claims, *see Pelgrift*, 2017 WL 4712482, at *8, and their claims with respect to spread of hours, meal periods, wage notices and payroll records, *see Y Café Ave B Inc.*, 2019 WL 2324567, at *1. Plaintiffs' motion for default judgment as to their FLSA and NYLL claims is thus granted.

### B. Plaintiffs' Claims for Breach of Implied Contract for Reimbursement

Under New York law, '[a] contract implied in fact may result as an inference from the facts and circumstances of the case, although not formally stated in words, and is derived from the 'presumed' intention of the parties as indicated by their conduct.'" *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 506–07 (2d Cir.2009) (brackets in original) (quoting *Jemzura v. Jemzura*, 36 N.Y.2d 496, 503–04 (1975)). The Complaint and Plaintiffs' affidavits together allege that Plaintiffs Jun Li, Weng, Zhao, and Wang, purchased, maintained, and/or repaired their delivery vehicles, to complete delivery orders for Defendants; that Defendants' implied consent to that conduct created an implied-in-fact contract; and that Defendants breached the contract by failing to reimburse Plaintiffs for their services. Those allegations are sufficient to state a claim for breach of an implied-in-fact contract. *See Beth Israel Medical Ctr. v. Blue Cross*, 448 F.3d 573, 582 (2d Cir. 2006).[6] Plaintiffs' motion for default judgment as to their breach of contract claim is, therefore, granted.

---

[6] Although the section of the Complaint addressing this cause of action refers to all Plaintiffs, generally, only the four Plaintiffs named above have adequately alleged a claim for breach of an implied-in-contract based on Defendants' failure to reimburse them for delivery vehicle expenses. The remaining Plaintiffs do not specifically allege that they incurred any expenses with respect to delivery vehicles. And although Plaintiff Shen attests in his affidavit that he was "required to bear the cost of cab trips," Shen Aff. ¶ 14, his submissions do not allege how that fact supports a breach of contract claim for reimbursement of those expenses. Nor does Shen allege any further facts that could establish a claim for recovery of the cost of the cab trips under the theory that the cab constituted a "tool[] of the trade" under 29 C.F.R. § 531.35. *Cf. Rodriguez v. Solares Corp.*, No. 16-CV-3922 (CBA) (SMG), 2018 WL 7252949, at *8 (E.D.N.Y. Aug. 14, 2018), *report and recommendation adopted*, 2019 WL 486883 (E.D.N.Y. Feb. 7, 2019).

### C. Plaintiffs' Claims under 26 U.S.C. § 7434 and N.Y. Gen. Bus. Law § 349

Plaintiffs, however, fail to sufficiently allege a claim for the fraudulent filing of IRS returns under 26 U.S.C. § 7434, and for deceptive business practices under N.Y. GBL § 349.

Section 26 U.S.C. 7434(a) provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." "A number of district courts" have held that, to state a claim under this provision, a plaintiff must allege facts to support that: "(1) the defendant issued an information return; (2) the information return was fraudulent; and (3) the defendant willfully issued the fraudulent information return." *Czerw v. Lafayette Storage & Moving Corp.*, No. 16-CV-6701-FPG, 2018 WL 5859525, at *2 (W.D.N.Y. Nov. 9, 2018). Plaintiffs allege no such facts. Instead, they merely include the language of § 7434(a) and summarily state that they are entitled to damages. The Court, accordingly, dismisses their claims under § 7434(a).

Plaintiffs' deceptive business practices claim is also defective. To establish a claim under N.Y. GBL § 349, a plaintiff must prove "first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." Plaintiffs again do not allege any facts in support of these elements; rather, in the section of their Complaint addressing § 349, they merely (and presumably, mistakenly) re-quote the language of § 7434(a). Their § 349 claim is, therefore, dismissed.

### CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment is GRANTED with respect to the following claims: Counts I through IV, for Defendants' violation of the minimum wage and overtime provisions of the FLSA and NYLL, with respect to all remaining Plaintiffs;

Count V, for Defendants' failure to provide spread-of-hours pay, with respect to all remaining Plaintiffs; Count VI, for Defendants' failure to provide meal periods, with respect to Plaintiffs Young Jun Li, Weiwei Ding, Li Weng, Weiting Zhao, and Yuhai Zhu; Counts VII through IX, for Defendants' failure to provide wage notices, maintain payroll records, and provide pay stubs, with respect to all remaining Plaintiffs; and Count X, for breach of an implied contract, with respect to Plaintiffs Young Jun Li, Li Weng, Weiting Zhao, and Miao Wang. Counts XI and XII, for fraudulent filing of IRS returns and deceptive business practices, are DISMISSED without prejudice.

By separate order, this matter will be referred to Magistrate Judge Fox for an inquest into damages. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 165.

SO ORDERED.

Dated: July 29, 2019
New York, New York

Ronnie Abrams
United States District Judge