UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
YUNJIAN LIN, YOUNG JUN LI, WEI WEI          :
DING, LI WENG, WEI TING ZHAO, YUHAI
ZHU, YOUMIN SHEN and MIAO WANG,             :
on their own behalf and on behalf of others
similarly situated,                         :

                          Plaintiffs,          :

                -against-            : **REPORT AND RECOMMENDATION**

GRAND SICHUAN 74 ST INC d/b/a GRAND         :        15-CV-2950 (RA) (KNF)
SICHUAN 74, GRAND SICHUAN 75 ST INC.
d/b/a GRAND SICHUAN 74, GRAND SICHUAN       :
NY INC. d/b/a GRAND SICHUAN NY, GUANG
JUN LI, YONG SHU LI, LI JIANG, YONG LI LI,  :
GUANG LI LI and CHENG CHEN,

                                        :
                Defendants.
-------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RONNIE ABRAMS, UNITED STATES DISTRICT JUDGE

## BACKGROUND

Plaintiffs commenced this action seeking damages pursuant to the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. §§ 201-219, and New York Labor Law ("NYLL") to recover: (1)

unpaid minimum wages under FLSA and NYLL; (2) unpaid overtime compensation under FLSA

and NYLL; (3) unpaid spread-of-hours compensation under NYLL; (4) damages for failing to

provide meal periods under NYLL; (5) damages for failing to comply with record-keeping and

wage notice requirements under NYLL; (6) damages for "breach of implied contract for

reimbursement of all costs and expenses of electric delivery vehicle, including depreciation,

insurance, maintenance and repairs"; (7) damages for "fraudulent filing of IRS returns under 26

U.S.C. § 7434"; and (8) damages for deceptive acts and practices under New York General

Business Law § 349.  On July 29, 2019, your Honor granted a judgment by default, except as to claims under 26 U.S.C. § 7434 and New York General Business Law § 349, which were dismissed.  See Docket Entry No. 210.  The matter was referred to the undersigned for an inquest on damages.

By an order dated August 7, 2019, the Court directed the plaintiffs to file "proposed findings of fact and conclusions of law, accompanied by supporting affidavits and exhibits, setting forth proof of damages."  Docket Entry No. 212.  On October 15, 2019, the Court noted that the plaintiffs failed to comply with its August 7, 2019 order, because they had not made the requisite filings, and provided another opportunity for the plaintiffs to file "their proposed findings of fact and conclusions of law along with supporting affidavits and exhibits."  Docket Entry No. 226.  Thereafter, the Court noted that the plaintiffs failed twice to submit their inquest materials timely and granted the plaintiffs an extension of time until November 15, 2019, to file inquest materials, warning the plaintiffs that no additional application from the plaintiffs "of this ilk" will be entertained by the Court.  Docket Entry No. 228.  On November 15, 2019, the plaintiffs submitted a document styled "Plaintiffs' Proposed Findings of Fact and Conclusions of Law" to which were attached various exhibits, including "Exhibit 01 Damage Calculation," "Exhibit 02. Invoice" and the plaintiffs' affidavits.

## LEGAL STANDARD

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true.  The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citation omitted).  Establishing the appropriate amount of damages involves two steps: (1)

"determining the proper rule for calculating damages on . . . a claim"; and (2) "assessing

plaintiff's evidence supporting the damages to be determined under this rule." Id.  When

assessing damages, a court cannot "just accept [the plaintiff's] statement of the damages"; rather,

damages must be established "with reasonable certainty."  Transatlantic Marine Claims Agency,

Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997).

### APPLICATION OF THE LEGAL STANDARD

No affidavit of the plaintiffs' attorney was submitted identifying any of the exhibits

attached to the "Plaintiffs' Proposed Findings of Fact and Conclusions of Law" or explaining

who prepared the exhibits that are not the plaintiffs' affidavits or their content.  The plaintiffs'

exhibits are improperly attached to the "Plaintiffs' Proposed Findings of Fact and Conclusions of

Law."  Although the plaintiffs appear to request damages in the "Plaintiffs' Proposed Findings of

Fact and Conclusions of Law," nowhere in the "Plaintiffs' Proposed Findings of Fact and

Conclusions of Law" do the plaintiffs identify any amount(s) of damages requested for each

plaintiff or the amount of attorney's fees they seek, save for the amount of damages for notice

and record-keeping violations, namely, $10,000 for each plaintiff, under NYLL §§ 195.1, 195.3,

198 (1-b) and (1-d).

Moreover, none of the plaintiffs' affidavits contains any amount(s) of damages.

Although each plaintiff stated in his affidavit the number of hours worked during certain periods

of time, none of the plaintiffs identified the number of days each worked during which violations

of the notice and record requirements under NYLL occurred.  The plaintiffs failed to support

their damages requests with any affidavit by a person who prepared and calculated the plaintiffs'

damages identifying the calculation method(s) used, the reasons for the calculation method(s)

used and explaining each step undertaken in performance of the calculations.  No affidavit by

any person accompanies a document labeled "Exhibit 01. Damage Calculation," explaining who prepared it and its content.  Similarly, no affidavit by any person accompanies a document labeled "Exhibit 02. Invoice," explaining who prepared it and its content.  The plaintiffs are represented by counsel and had multiple opportunities to comply with the clear and unambiguous orders of the Court providing additional time and directing them to submit affidavits and exhibits setting forth proof of their damages.  Except for submitting the plaintiffs' affidavits, none of which states any amount of damages requested, the plaintiffs failed to support their requests for damages.

## RECOMMENDATION

For the foregoing reasons, I recommend that no damages be awarded.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Ronnie Abrams, 40 Centre Street, Room 2203, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007.  Any requests for an extension of time for filing objections must be directed to Judge Abrams.  *Failure to file objections within fourteen (14) days will result in a waiver of objections and will*

***preclude appellate review.*** See <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466 (1985); <u>Cephas v.</u>

<u>Nash</u>, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York             Respectfully submitted,
        May 12, 2020

                                        *Kevin Nathaniel Fox*
                                         KEVIN NATHANIEL FOX
                                         UNITED STATES MAGISTRATE JUDGE