UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 6/10/2020
```

YUNJIAN LIN, YOUNG JUN LI, WEIWEI DING, LI WENG, WEI TING ZHAO, YUHAI ZHU, YOUMIN SHEN, and MIAO WANG, *on their own behalf and on behalf of others similarly situated*,

                Plaintiffs,

v.

GRAND SICHUAN 74 ST INC. *d/b/a* GRAND SICHUAN 74, GRAND SICHUAN 75 ST. INC. *d/b/a* GRAND SICHUAN 74, GRAND SICHUAN NY INC. *d/b/a* GRAND SICHUAN NY, GUANG JUN LI, YONG SHU LI, LI JIANG, YONG LI LI, GUANG LI LI, CHENG CHEN,

                Defendants.

No. 15-CV-2950 (RA)

ORDER ADOPTING REPORT AND
RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

    Plaintiffs, former employees of a restaurant named Grand Sichuan 74, commenced this action against the restaurant's purported owners, operators, or managers, seeking damages for alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), among other claims.[1] On July 29, 2019, the Court granted Plaintiffs' motion for default judgment with respect to the majority of their claims, and referred the matter to Magistrate Judge Fox for an inquest into damages. *See* Dkts. 210, 211. On August 8, 2019, Judge Fox issued an order directing Plaintiffs to file "proposed findings of fact and conclusions of law, accompanied by supporting affidavits and exhibits, setting forth proof of damages," by September 4th, and directing

---

[1] Plaintiffs initially filed this action on April 15, 2015, Dkt. 1, and filed the operative Second Amended Complaint on September 30, 2016, Dkt. 79. Familiarity with the long and complex procedural history of this case is presumed.

Defendants to file "any opposing affidavits and exhibits, as well as alternative findings of fact and conclusions of law," by September 25th. Dkt. 212. On October 16, 2019, having not received any submissions from the parties, Judge Fox again ordered Plaintiffs to file "proposed findings of fact and conclusions of law along with supporting affidavits and exhibits" by October 25th, and ordered Defendants to file any opposing materials by November 15th. After requesting and receiving a further extension of time to submit the relevant materials, *see* Dkts. 227, 228, Plaintiffs filed their Proposed Findings of Fact and Conclusions of Law ("Proposed Findings") on November 15, 2019, along with four exhibits and affidavits from the eight remaining plaintiffs.[2] Defendants did not file any opposing materials.

On May 12, 2020, Judge Fox issued a report and recommendation (the "Report"), recommending that the Court award no damages to Plaintiffs. *See* Dkt. 239. Judge Fox noted that Plaintiffs' exhibits were "improperly attached" to the Proposed Findings, and that Plaintiffs' counsel failed to submit an affidavit "identifying any of the exhibits attached to the []Plaintiffs' [Proposed Findings] or explaining who prepared the exhibits that are not the plaintiffs' affidavits or their content." Report at 3. This includes Exhibit 1, a document labeled "Exhibit 01. Damage Calculation," and Exhibit 2, a document labeled "Exhibit 02. Invoice," which were each filed with "[n]o affidavit by any person . . . explaining who prepared it and its content." *Id.* at 3-4. Judge Fox also determined that Plaintiffs had failed to identify, either in their Proposed Findings or in the individual plaintiffs' affidavits, "any amount(s) of damages." *Id.* at 3. In particular, Judge Fox

---

[2] Aside from affidavits from the eight plaintiffs, *see* Dkts. 238-3 to 238-10, Plaintiffs also filed as exhibits: (1) a spreadsheet entitled "Damages Calculation," which bears the heading "For Settlement Purposes Only and W[i]thout Prejudice," and appears to have been created by Plaintiffs' counsel, *see* Dkt. 238-1; (2) an invoice from Troy Law, PLLC, Plaintiffs' counsel's law firm, *see* Dkt. 238-2; (3) "Entity Information" for Grand Sichuan 75 St, Inc. from the New York State Department of State, *see* Dkt. 238-11; and (4) a compilation of early documents filed in this action, including the original complaint and various documents related to requests for default, *see* Dkt. 238-12. Plaintiffs did not include an affidavit or declaration identifying or explaining any of these exhibits.

2

found that "[a]lthough the plaintiffs appear to request damages" in their Proposed Findings, "nowhere" in that document "do the plaintiffs identify any amount(s) of damages requested for each plaintiff or the amount of attorney's fees they seek, save for the amount of damages for notice and record-keeping violations, namely, $10,000 for each plaintiff, under NYLL §§ 195.1, 195.3, 198(1-b) and (1-d)." *Id.* And "[a]lthough each plaintiff stated in his affidavit the number of hours worked during certain periods of time," Judge Fox found further that "none of the plaintiffs identified the number of days each worked during which violations of the notice and record requirements under NYLL occurred." *Id.* As to Plaintiffs' specific damages requests, Judge Fox explained that Plaintiffs "failed to support [those] requests with any affidavit by a person who prepared and calculated [their] damages," including by identifying and explaining "the calculation method(s) used," "the reasons for the calculation method(s) used," and "each step undertaken in performance of the calculations." *Id.* Judge Fox ultimately concluded that "[e]xcept for submitting the plaintiffs' affidavits, none of which states any amount of damages requested," Plaintiffs had "failed to support their requests for damages." *Id.* at 4. This was so particularly in light of the fact that Plaintiffs "are represented by counsel and had multiple opportunities to comply with the clear and unambiguous orders of the Court providing additional time and directing them to submit affidavits and exhibits setting forth proof of their damages." *Id.* No party filed any objections to the Report.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* Report at 4-5 (advising parties of deadline to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)).

"When the parties make no objections to the Report, the Court may adopt the Report if 'there is no clear error on the face of the record.'" *Smith v. Corizon Health Servs.*, No. 14-CV-8839 (GBD) (SN), 2015 WL 6123563, at *1 (S.D.N.Y. Oct. 16, 2015) (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)). "Furthermore, if as here . . . the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009) (citations omitted).

As no objections to the Report were filed, the Court has reviewed it for clear error. "Although a default judgment establishes legal liability, courts must still 'ascertain the amount of damages with reasonable certainty,' . . . accepting as true all factual allegations in the complaint except those relating to damages." *Hernandez Gomez v. 4 Runners, Inc.*, 769 F. App'x 1, 2 (2d Cir. 2019) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999), and citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). "On an inquest for damages following a default, plaintiff bears the burden of proof and must introduce sufficient evidence to establish the amount of damages with reasonable certainty." *RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l.*, No. 12 Civ. 1369 (LGS) (AJP), 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013), *report and recommendation adopted,* 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013); *see also Chuk On Chan v. Good Chows Inc.*, No. 16-CV-02794 (RJS) (SN), 2017 WL 9538901, at *1 (S.D.N.Y. Mar. 3, 2017), *report and recommendation adopted,* 2017 WL 6550689 (S.D.N.Y. Dec. 21, 2017) ("The plaintiff, however, must still substantiate her claim for damages with admissible evidence to prove the extent of damages."). Moreover, "[a] court has the discretion to decline to award any damages where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, even though liability has been established

through default." *Chuk On Chan*, 2017 WL 9538901, at *2 (collecting cases); *see also Polit v. Glob. Foods Int'l Corp.*, No. 14-CV-07360 (SN), 2017 WL 1373907, at *2 (S.D.N.Y. Apr. 13, 2017). Having reviewed the Report, the Court cannot conclude that it contains clear error. The Court thus adopts the Report and declines to award Plaintiffs damages at this time. Nonetheless, the Second Circuit has recently cautioned that, where a plaintiff submits admissible evidence of his or her damages, and such submissions contain minor deficiencies, it is appropriate to give the plaintiff "an opportunity to address the minor problems [or inconsistencies] in [those materials] that the magistrate judge identified" before declining to award any damages. *See Hernandez Gomez*, 769 F. App'x at 3-5. Accordingly, the Court will give Plaintiffs one more opportunity to cure the deficiencies identified in Judge Fox's Report, and to resubmit revised Proposed Findings of Fact and Conclusions of Law, as well as accompanying exhibits and affidavits. Plaintiffs shall do so no later than July 1, 2020. If Plaintiffs fail to properly submit revised Proposed Findings of Fact and Conclusions of Law and accompanying materials by July 1, 2020, the Court will dismiss this action, including for failure to prosecute pursuant to Federal Rule of Procedure 41(b).

SO ORDERED.

Dated:   June 10, 2020
         New York, New York

                                             Ronnie Abrams
                                             United States District Judge