J4BJLINC                          Teleconference

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    YUNJIAN LIN, et al.,

4                    Plaintiffs,

5              v.                            15 Civ. 2950 RA

6    GRAND SICHUAN 74th St., INC., et al.,

7                    Defendants.

8    ------------------------------x

9

10                                          April 11, 2019
                                            3:00 p.m.
11

12

13

14   Before:

15                        HON. RONNIE ABRAMS,

16                                          District Judge

17

18                             APPEARANCES

19

20

21   AARON SCHWEITZER,   (Telephonically)
         Attorney for plaintiffs
22

23

24

25

J4BJLINC                           Teleconference

1                (Teleconference in Chambers)

2                THE COURT:  Mr. Schweitzer?

3                MR. SCHWEITZER:  Yes, Judge.

4                THE COURT:  Hi.  Good afternoon.

5                MR. SCHWEITZER:  Good afternoon.

6                THE COURT:  All right.  So I wanted to discuss the

7        outstanding issue with respect to service of the Second Amended

8        Complaint and plaintiffs' motion for default judgment, all

9        right?

10

11               MR. SCHWEITZER:  Yes, Judge.

12               THE COURT:  Let's start with the Second Amended

13       Complaint.  At the order to show cause hearing on January 10, I

14       first addressed why service of the Second Amended Complaint was

15       not proper as to defendants Guang Jun Li, Yong Shu Li and Cheng

16       Chen, and I explained at the conference these defendants must

17       be served under Rule 4 of the Federal Rules of Civil Procedure.

18               You had previously filed affidavits of service

19       attesting these defendants were served on December 27, 2016

20       through "nail and mail" at each of their purported dwellings,

21       after two previous unsuccessful attempts.

22               On January 9th, just before the order to show cause

23       hearing, you filed affidavits of service attesting that your

24       motion for default and supporting papers, which included a copy

25       of the Second Amended Complaint, were served on these

1   defendants via mail only, on December 14th.

2            It appears you were trying to serve these defendants

3   under New York State Law, which is, of course, authorized by

4   Rule 4.  But as I explained at the conference, the Second

5   Circuit has recognized there is substantial authority for the

6   proposition that three attempts at residential service do not

7   satisfy the due diligence requirement, where the process server

8   made no attempt to serve the defendant at his actual place of

9   business, in particular where the place of business was known.

10           That is a quote from the Sartor versus Toussaint case,

11  70 at F.App'x 11, 14.  The affidavits of service do not

12  indicate you mailed the documents to defendants' place of

13  business even though the complaint establishes that you're

14  aware of the place of business of these defendants, and so that

15  is why I directed you to re-serve.

16           On March 4th, you filed the same affidavits of service

17  that you filed before the order to show cause hearing.  On

18  March 8th, you filed affidavits of service attesting that you

19  served a copy of my February 26th order on all defendants but

20  only by mail.

21           So in short, you still haven't properly served those

22  three defendants with the Second Amended Complaint, and to

23  serve these defendants in accordance with New York State Law

24  pursuant to CPLR 308(4), you also need to file proofs of

25  service on the docket within 20 days of fixing or mailing the

J4BJLINC                        Teleconference

1    Second Amended Complaint, which you haven't done here, either.

2              Turning to the service of the motion for default with

3    regard to the remaining defendants, my November 29th, 2018

4    order directed you to serve defendants with a copy of that

5    order and your motion for default and supporting papers in

6    compliance with Rule 4.

7              As I have noted today and at the January conference,

8    you served those papers on December 14th by mail only, which

9    again does not comply with Rule 4.  After directing you to

10   serve those papers again on January 22nd and February 26th, you

11   still have not done so.

12             So in my February 26th order I warned you that if you

13   did not properly serve defendants, I would dismiss the case

14   without prejudice.  I am going to give you one more chance to

15   get this right, so please carefully consult CPLR 308 if that is

16   the rule you're going to follow with service.

17             If you're going to serve defendants through nail and

18   mail, you first need to attempt "with due diligence" to serve

19   the defendants by delivering the papers in person; or with

20   suitable and age and discretion, at defendants' actual place of

21   business, dwelling place or usual place of abode, and by mail

22   at their last known residence or by first class mail to their

23   actual place of business.  Then you need to file proof of

24   service within 20 days thereafter.

25             I am going to issue an order giving you until April

J4BJLINC                        Teleconference

```
 1   26th to properly serve defendants with, and until May 3rd,

 2   2019, to file proof of service on the docket.  If you fail to

 3   do so, I am going to dismiss the case.  If you do comply with

 4   it and properly serve in that time period, then defendants Yong

 5   Shu Li, Cheng Chen and Guang Jun Li, must answer the Second

 6   Amended Complaint, and the court would issue a separate order

 7   to show cause as to the remaining defendants.  So I am going to

 8   issue that order today, but I just wanted to make that clear

 9   for the record.  All right?

10            MR. SCHWEITZER:  Yes, your Honor.  May I ask a

11   question?

12            THE COURT:  Sure.

13            MR. SCHWEITZER:  The place of business is no longer

14   the defendants' actual place of business.  It hasn't been for

15   some time.  Therefore, it wouldn't be efficacious to attempt

16   service there, and we don't know any further addresses for the

17   defendants other than the abodes that we served as of December

18   of 2016.  That being the case, I can only foresee that service

19   will ultimately end up being by mail and nail at the last known

20   addresses where they resided pursuant to CPLR 308-4.

21            THE COURT:  Look, I think I have laid out the law

22   pretty clearly a couple of times now.  Consult the law, review

23   the provisions, and then once you serve, lay all of that out in

24   your affidavit of service as to what you did and why, okay?

25            MR. SCHWEITZER:  Yes, your Honor.
```

J4BJLINC                      Teleconference

```
1              THE COURT:  Thank you.

2              (Court adjourned)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```