UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC-SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC#:                            │
│ DATE FILED:  02/11/2021          │
└─────────────────────────────────┘
```

YUNJIAN LIN, YOUNG JUN LI, WEI WEI
DING, LI WENG, WEI TING ZHAO,
YUHAI ZHU, YOUMIN SHEN and MIAO
WANG, *on their own behalf and on behalf of
others similarly situated*,

Plaintiffs,

v.

GRAND SICHUAN 74 ST INC d/b/a
GRAND SICHUAN 74, GRAND SICHUAN
75 ST INC. d/b/a GRAND SICHUAN 74,
GRAND SICHUAN NY INC. d/b/a GRAND
SICHUAN NY, GUANG JUN LI, YONG
SHU LI, LI JIANG, YONG LI LI, GUANG
LI LI and CHENG CHEN,

Defendants.

No. 15-CV-2950 (RA)

ORDER ADOPTING REPORT
AND RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

Plaintiffs, former employees of a restaurant named Grand Sichuan 74, brought this action

in 2015 against the restaurant's purported owners, operators, or managers, alleging violations of

the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), among other

claims. The Court granted Plaintiffs' motion for default judgment in July 2019 and referred the

matter to Magistrate Judge Fox for an inquest into damages. *See* Dkts. 210, 211. In June 2020,

the Court adopted a report and recommendation from Judge Fox, which recommended that the

Court award no damages to Plaintiffs, but gave Plaintiffs an opportunity to cure the deficiencies

identified by Judge Fox. The Plaintiffs took that opportunity, and now before the Court is a

second report and recommendation from Judge Fox ("the Report"), which recommends an award of damages, attorneys' fees, and costs, *see* Dkt. 248, as well as Defendants' objections to the Report, *see* Dkt. 258, and Plaintiffs' responses to the objections, *see* Dkt. 259. For the reasons that follow, the Court adopts the Report, with one modification as set forth below.

## BACKGROUND

The Court presumes the parties' familiarity with the facts and procedural history of this action, and mentions only the developments that bear on Plaintiffs' request for an award of damages, fees, and costs.

On July 29, 2019, the Court granted Plaintiffs' motion for default judgment with respect to the majority of their claims, and referred the matter to Magistrate Judge Fox for an inquest into damages. *See* Dkts. 210, 211. On May 12, 2020, Judge Fox issued a first report and recommendation recommending that the Court award no damages to Plaintiffs on the basis of multiple deficiencies in Plaintiffs' Proposed Findings of Fact and Conclusions of Law. *See* Dkt. 239. The Court adopted that report and declined to award damages to Plaintiffs, but gave them "one more opportunity" to cure the deficiencies identified in Judge Fox's report. *See* Dkt. 240. Plaintiffs then submitted revised proposed findings of fact and conclusions of law, as well as accompanying exhibits and affidavits, *see* Dkts. 241–242, and moved for an award of attorneys' fees and costs, *see* Dkt. 243.

Judge Fox issued the Report on August 13, 2020, recommending that the Court award Plaintiff $53,681 in attorneys' fees and $2,368.80 in costs, and award damages to Plaintiffs in the following amounts: (1) $191,635.80 for Lin; (2) $81,504.69 for Li; (3) $57,781.74 for Ding; (4) $53,438.81 for Weng; (5) $28,835.20 for Zhao; (6) $58,553.34 for Shen; (7) $23,344.64 for Wang; (8) $81,076.72 for Zhu. Report at 13. The Report states:

Upon review of the plaintiffs' revised submissions, the Court finds that the plaintiffs have cured the deficiencies found in their original inquest submissions and provided detailed and accurate explanations of the applicable law and evidence of their damages, including the damages calculation, as well as information pertaining to their attorneys' fees and costs request, consisting of detailed descriptions of the various attorneys' experiences, the work performed and a summary of the contemporaneously kept time records. Based on the evidence in the plaintiffs' revised inquest submissions, the Court finds that the hourly rates requested in the plaintiffs' motion for attorneys' fees, and the hours requested are reasonable. Accordingly, awarding the plaintiffs the requested damages and attorneys' fees and costs is warranted.

On August 25, 2020, counsel appeared on behalf of Defendants Yong Li Li, Yong Shu Li, and Li Jiang ("Defendants"), and filed a letter seeking an extension of time in which to object to the Report. *See* Dkt. 250. The letter also referenced "alarming discoveries" that, in Defendants' view, provide a basis for vacatur of the default judgment. The letter alleges that the three Defendants were unaware that the matter had still been pending against them, and indeed that they had not been served with any documents since the withdrawal of their prior counsel, Yuan Zheng, in 2016. According to the letter, the documents had all been sent to Ms. Zheng's office rather than to the individual defendants. Although the letter argues that "well-grounded reasons exist for vacating the entirety of the Default Judgment in this matter," they have not yet moved to vacate the judgment. *Id*. The Court granted Defendants an extension of time to file objections to the Report. Dkt. 251.

Defendants submitted objections to the Report on September 16, 2020. *See* Dkt. 258 ("Objections"). The Objections first reiterated Defendants' arguments about the validity of the default judgment from their August 25, 2020 letter, but "[r]ecogniz[ed] that" that letter was submitted "following the issuance of the R&R" and accordingly limited their submission to "objections to the R&R." *Id*. at 1. The Objections noted Defendants' intent to file a separate motion to vacate the default judgment "within the next few days," which they have not filed. *Id*. The Objections raised five specific challenges to Judge Fox's Report concerning damages and

attorneys' fees, each of which is discussed below. *Id.* at 2–4. Plaintiffs responded to the Objections on September 30, 2020, urging the Court to adopt the Report in its entirety. *See* Dkt. 259.

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition," Fed. R. Civ. P. 72(b)(2), or within 17 days when service is made by mail, *see* Fed. R. Civ. P. 6(d). A court will review *de novo* those portions of a report to which the parties file "timely and specific" objections. *Parks v. Commissioner of Social Security*, No. 15-CV-6470 (ER), 2017 WL 3016946, at *3 (S.D.N.Y. July 17, 2017) (citing *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also* 28 U.S.C. § 636(b)(1)(C). "When the parties make no objections to the Report," however, "the Court may adopt the Report if 'there is no clear error on the face of the record.'" *Smith v. Corizon Health Servs.*, No. 14-CV-8839 (GBD) (SN), 2015 WL 6123563, at *1 (S.D.N.Y. Oct. 16, 2015) (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)). Moreover, "to the extent that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Alam v. HSBC Bank USA, N.A.*, No. 07-CV-3540 (LTS) (JCF), 2009 WL 3096293, at *1 (S.D.N.Y. Sept. 28, 2009).

## DISCUSSION

Upon consideration of the parties' submissions, the Court overrules all but one of Defendants' objections and adopts the Report, with a reduction in the award of attorneys' fees as set forth below.

The Court first notes that, although Defendants argue that there is a basis for vacating the default judgment entered against them, *see* Dkt. 250, and indicated roughly five months ago that they intended move to vacate the judgment "within the next few days," *see* Dkt. 258, they have not done so. Plaintiffs are thus correct that "Defendants' default is law of the case." *See* Dkt. 259 at 3. Accordingly, the Court limits its analysis here to Defendants' objections to the Report's conclusions regarding the calculation of damages and attorneys' fees.

Defendants also note five objections to the Report itself, which all fail with one exception. First, they argue that the Report erred in awarding attorneys' fees accrued in the period between May 23, 2018 (when Plaintiffs and another set of Defendants submitted a motion for settlement approval) and July 2, 2018 (when that settlement was approved by the Court). *See* Dkts. 153, 155. As Judge Fox noted, however, Plaintiffs are currently requesting reimbursement "for costs incurred subsequent to the [May 23, 2018] [m]otion" seeking approval of the settlement under *Cheeks v. Freeport Pancake House*, Inc., 796 F. 3d 199 (2d Cir. 2015), Report at 5, and Plaintiffs assert that they "have not sought to double-dip" by attempting to recoup any costs previously invoiced as part of the 2018 settlement agreement. Dkt. 259 at 2. Defendants have not explained why it would be inappropriate to award costs incurred after the submission of the motion for settlement approval but prior to the Court's approval of the settlement, nor have they provided any basis to conclude that the costs incurred between May 23, 2018 and July 2, 2018 were previously accounted for. In assessing this conclusory objection, the Court discerns no error—clear or otherwise—in the decision to award attorneys' fees for that period.

Second, Defendants argue that Plaintiffs should not be permitted to recover attorneys' fees for any time subsequent to the October 2018 filing of the motion for default judgment. But they provide no authority for the principle that Plaintiffs cannot obtain fees for work performed

in seeking to obtain a default judgment beyond the initial filing of the motion papers, such as

attending show-cause hearings or completing service. The Court therefore reviews this

recommendation of the Report for clear error, and finds none. *See Mario v. P & C Food Markets,*

*Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("bare statement . . . unsupported by legal authority" was

not an adequate objection under Rule 72). Defendants also argue that "multiple entries [in

Plaintiffs' damages submissions] pertain to settlement of the Aidi Defendants and should not

have been included in its submitted invoice." Objections at 2. Although Defendants purport to

identify several entries that pertain to the settlement with the other set of defendants, they

provide no basis for concluding that they do so pertain. Plaintiffs, meanwhile, attest that all the

entries "pertain to this application for default against these Defendants." Dkt. 2. Having been

given no reason to doubt that assertion or the Report's finding, the Court considers this objection

to be perfunctory and conclusory. Reviewing this aspect of the attorneys' fees award for clear

error, the second objection is overruled.

Third, Defendants assert that the Report improperly recommended an award of attorneys'

fees to Plaintiffs' attorneys for time spent "fixing, reviewing, or addressing their own errors in

preparing, serving, filing and processing their own motions, or their own work in repairing

service errors, missed deadlines, and improper submissions." Objections at 3. It is true that

"[c]ourts in this circuit have consistently found that time expended by an attorney in remedying

his own errors is not compensable." *Mister Sprout, Inc. v. Williams Farms Produce Sales, Inc.*,

881 F. Supp. 2d 482, 491 (S.D.N.Y. 2012). Defendants' objections, however, are not particularly

helpful in that they largely fail to identify which entries in Plaintiffs' counsel's submissions

might pertain to time spent correcting his own errors. Defendants instead argue in a general and

conclusory manner that "Counsel's invoices are rife with these charges and should be wholly excluded." Objections at 3.

Defendants point only to two specific offending entries: an entry for 0.3 hours on May 23, 2018 ($115.50) and an entry for 1 hour on September 6, 2018 ($550), each accounting for time in which Plaintiffs' counsel reviewed orders of the Court that noted his errors. The Court can also identify several other entries that appear to constitute time spent addressing the deficiencies identified by Judge Fox in his May 2020 report, which was adopted by the Court in June 2020. *See* Dkts. 239, 240. Namely, the entries on June 10, June 24, June 25, June 26, June 29, June 30, and July 1 of 2020—which together account for $5,838.50—appear to all relate to time spent revising affidavits and submissions in connection with the second proposed findings of fact and conclusions of law. *See* Dkt. 244-1 at 12-13. Plaintiffs acknowledge that their initial submission to Judge Fox relating to the inquest for damages was "deficient in the first instance." Dkt. 259 at 3. The Court will accordingly reduce the recommended award of attorneys' fees by $6,504 to a total of $47,177.

Fourth, Defendants assert that statements in several affidavits submitted in support of the motion for default judgment are inaccurate, and that this "should be weighed in respect of Plaintiffs' request for attorneys' fees." *See* Objections at 3–4. Defendants frame this objection solely with respect to attorneys' fees (as opposed to liability or damages), arguing that the time Plaintiffs' counsel billed for preparing the default judgment motion should be "significantly reduced as most of the documents for which work was charged are blind cut-and-paste efforts." *Id*. at 3. Once again, however, Defendants' allegations of sloppy work and cut-and-paste efforts are perfunctory. Defendants cite two purportedly inaccurate affidavits, but do not cite to anything in the record showing those affidavits to be inaccurate and, more to the point, do not provide any

basis whatsoever for the Court to conclude that any alleged errors were the result of Plaintiffs' counsel's carelessness. Accordingly, the Court considers this objection to be conclusory and finds that it reveals no clear error in the Report.

Finally, Defendants note that, in granting the default judgment, the Court dismissed two of the causes of action in the complaint, and that Plaintiffs' attorneys' fees should therefore be deducted for litigating claims that were dismissed. But Defendants do not identify time entries that refer to work spent on those claims, nor do they propose any method by which the Court can reasonably identify what time was spent on those claims. Plaintiffs assert, moreover, that "[t]he amount of time spent on those claims was minimal," as the claims were "pleaded and not pursued thereafter." Dkt. 259 at 3. Judge Fox therefore did not err—clearly or otherwise—in declining to deduct fees for those causes of action, and the Court overrules this objection.

The Court has reviewed the remainder of the report, including the rates charged for each attorney, for clear error. *See Adee Motor Cars,* 388 F. Supp. 2d at 253. Having found none, the Court adopts the remainder of the Report. Accordingly, Plaintiffs' motion for attorneys' fees, *see* Dkt. 243, is granted, except that the award of attorneys' fees shall be $47,177. Plaintiffs are awarded $2,368.80 in costs. Damages are assessed as follows: (1) $191,635.80 for Lin; (2) $81,504.69 for Li; (3) $57,781.74 for Ding; (4) $53,438.81 for Weng; (5) $28,835.20 for Zhao; (6) $58,553.34 for Shen; (7) $23,344.64 for Wang; (8) $81,076.72 for Zhu.

## CONCLUSION

For the reasons stated, Judge Fox's Report is adopted, with the modification to the amount of attorneys' fees mentioned above. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 243, to enter judgment against the remaining Defendants, and to close this case.

SO ORDERED.

Dated:          February 11, 2021
                New York, New York

_____
Ronnie Abrams
United States District Judge