UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC-SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC#:                            │
│ DATE FILED:  09/21/2021          │
└─────────────────────────────────┘
```

YUNJIAN LIN, YOUNG JUN LI, WEI WEI
DING, LI WENG, WEI TING ZHAO,
YUHAI ZHU, YOUMIN SHEN, and MIAO
WANG, *on their own behalf and on behalf of
others similarly situated*,

                              Plaintiffs,

                v.

GRAND SICHUAN 74 ST INC. *d/b/a*
GRAND SICHUAN 74, GRAND SICHUAN
75 ST. INC. *d/b/a* GRAND SICHUAN 74,
GRAND SICHUAN NY INC. *d/b/a* GRAND
SICHUAN NY, GUANG JUN LI, YONG
SHU LI, LI JIANG, YONG LI LI, GUANG
LI LI, CHENG CHEN,

                              Defendants.

No. 15-CV-2950 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Defendants Yong Shu Li, Li Jiang, and Yong Li Li move pursuant to Fed. R. Civ. P. 60

to vacate the default judgment that was entered against them on February 12, 2021. *See* Dkts.

265, 266. For the reasons that follow, the motion is granted, and Plaintiffs' request for an award

of attorneys' fees, Dkt. 270, is denied.

## BACKGROUND

The Court assumes the parties' familiarity with the history of this litigation—an

unusually long and complex history given how little progress has been made in testing the merit

of Plaintiffs' allegations—and recounts only what is necessary to explain the Court's decision on

the instant motions.[1] In April 2015, Plaintiffs, former employees of a restaurant named Grand

Sichuan 74, commenced this action against the restaurant's purported owners, operators, or

managers, seeking damages for alleged violations of the Fair Labor Standards Act ("FLSA") and

New York Labor Law ("NYLL"), among other claims. The operative Second Amended

Complaint was filed in September 2016. Dkt. 79.

On July 29, 2019, the Court granted Plaintiffs' motion for default judgment with respect

to the majority of their claims, and referred the matter to Magistrate Judge Fox for an inquest

into damages. *See* Dkts. 210, 211. Judge Fox initially recommended that no damages be awarded

due to deficiencies in Plaintiffs' inquest submissions, and the Court adopted that

recommendation but gave Plaintiffs an opportunity to cure. *See* Dkts. 239, 240. Plaintiffs took

that opportunity, and Judge Fox subsequently recommended an award of damages and attorneys'

fees in an August 13, 2020 report and recommendation. Dkt. 248 ("the Report").

According to the three moving Defendants, Yong Li Li, Yong Shu Li, and Li Jiang, it

was only then—in August 2020—that they learned that a default judgment had been awarded

against them, in particular when Yong Shu Li attempted to sell her home. *See* Affidavit of Yong

Shu Li, Dkt. 267-3 ("Yong Shu Li Aff."), ¶¶ 48-49. They then claim to have "appeared in [the]

---

[1] The background of this case has been documented previously by the Court and by Magistrate Judge Fox. *See Lin v. Grand Sichuan 74 St. Inc.*, 2019 WL 3409892 (S.D.N.Y. July 29, 2019) (the Court's opinion at Dkt. 210 granting Plaintiffs' motion for default judgment and referring the action to Judge Fox for an inquest into damages); *Lin v. Grand Sichuan 74 St Inc.*, 2020 WL 5238601 (S.D.N.Y. May 12, 2020) (Judge Fox's first report and recommendation at Dkt. 239 recommending that no damages be awarded); *Lin v. Grand Sichuan 74 St Inc.*, 2020 WL 3072290 (S.D.N.Y. June 10, 2020) (order at Dkt. 240 adopting Judge Fox's recommendation that no damages be awarded); *Lin v. Grand Sichuan 74 St Inc.*, 2020 WL 8733762 (S.D.N.Y. Aug. 13, 2020) (Judge Fox's second report and recommendation at Dkt. 248 recommending an award of damages and attorneys' fees); *Lin v. Grand Sichuan 74 St Inc.*, 2021 WL 509901 (S.D.N.Y. Feb. 11, 2021) (order at Dkt. 265 adopting Judge Fox's report and recommendation regarding damages, and entering judgment for Plaintiffs).

home office" of Attorney Eric Stern. *See* Declaration of Eric R. Stern, Dkt. 268 ("Stern Decl."), ¶ 3. On August 25, 2020, Mr. Stern entered a notice of appearance on behalf of those three Defendants, and filed a letter seeking an extension of time in which to object to the Report. *See* Dkt. 250. The letter also referenced "alarming discoveries" that, in those Defendants' view, provided a basis for vacatur of the default judgment. The letter alleged that the three Defendants were unaware that the matter had still been pending against them, and that they had not in fact been served with any documents since the withdrawal of Defendants' prior counsel, Yuan Zheng, in October 2016. Although the letter argued that "well-grounded reasons exist[ed] for vacating the entirety of the Default Judgment in this matter," they did not move at the time to vacate the judgment. *Id.* The Court granted the three Defendants an extension of time to file objections to the Report. Dkt. 251. When the Defendants did object to the Report, they limited their submission to several specific objections to the R&R's calculation of damages and attorneys' fees, while stating that they would be filing a separate motion to vacate the default judgment "within the next few days." *See* Dkt. 258. "The next few days" came and went—after filing their specific objections to the damages calculations in September 2020, the three Defendants filed nothing for the next five months, despite their pledge to file a motion to vacate the default judgment.

On February 11, 2021, the Court adopted Judge Fox's August 2020 report (with one modification) and entered judgment for Plaintiffs. The Court "note[d] that, although Defendants [had] argue[d] that there [was] a basis for vacating the default judgment entered against them, and [had] indicated roughly five months ago that they intended move to vacate the judgment 'within the next few days,' they [had] not done so." *See* Dkt. 265. The Court accordingly "limit[ed] its analysis . . . to Defendants' objections to the Report's conclusions regarding the

3

calculation of damages and attorneys' fees," and largely adopted the Report. *Id*. The case was closed and judgment was entered for Plaintiffs.

Just days later, the three moving Defendants filed the instant motion to vacate. In an accompanying declaration, Mr. Stern asserts that when first entering his notice of appearance in August 2020, he had in fact intended to move expeditiously to set aside the default judgment within days, but needed additional time to perform a "comprehensive review of the docket," including by ordering the transcripts of years-old conferences. *See* Stern Decl. ¶ 4. Having done so, Defendants now contend that the default should be vacated due to service errors over the last five years that prevented the three Defendants from receiving notice that the action was still pending against them or that Plaintiffs had moved for default judgment. *See* Memorandum of Law in Support of Defendants' Motion to Vacate Default Judgment, Dkt. 269 ("Def. Mem."). The contentions of Yong Li Li and Li Jiang, on the one hand, and Yong Shu Li on the other are somewhat different, so the Court will address the service issues with each in turn.

*Yong Li Li and Li Jiang*

Defendants Yong Li Li and Li Jiang maintain that all service to them since October 2016 was defective as it was directed to the office of their former counsel, Ms. Yuan Zheng, whose motion to withdraw as counsel was granted by Judge Fox orally on September 29, 2016, *see* Dkt. 260 (transcript), and in a docketed order on October 3, 2016, *see* Dkt. 80. In the written order granting Ms. Zheng's withdrawal, Judge Fox ordered Defendants to "engage new counsel to represent them in this action and have their new counsel file a notice of appearance . . . expeditiously." *Id*. Judge Fox ordered Ms. Zheng to serve a copy of his order on each Defendant and to file proof of service on the docket. *Id*. Ms. Zheng subsequently certified that she had caused Judge Fox's order to be served "via personal delivery" on both Yong Li Li and Li Jiang at

4

the following address: 136-56 39th Avenue, Suite 307, Flushing, NY 11354. (She served the

other defendants by mail.) *See* Dkt. 81.

This is where the problem arose: the 136-56 39th Avenue address—where Yong Li Li and

Li Jiang were purportedly served via personal delivery with notice of Ms. Zheng's withdrawal as

counsel—was Ms. Zheng's law firm address. It was not a business or personal address for either

Defendant. Indeed, the two are not related and have never lived together, *see* Affidavit of Li

Jiang, Dkt. 267-1 ("Li Jiang Aff."), ¶ 56. Nonetheless, apparently on the basis of that

certification by Ms. Zheng, Plaintiffs subsequently made *all* service in this case to that address.

*See* Dkts. 94, 158-1, 172, 184, 193, 209, 220, 235 (Li Jiang); Dkts. 94, 158-1, 175, 187, 196,

207, 219, 236 (Yong Li Li). As a result, Li Jiang and Yong Li Li claim that they did not receive a

single "order, notice, letter, motion or any other filing in this matter" between October 2016 and

August 2020. *See* Li Jiang Aff. ¶¶ 61-64.[2]

Of particular relevance to this motion to vacate, there is no evidence that Yong Li Li and

Li Jiang received notice of the 2018 motion for default judgment that resulted in the judgment

they now seek to vacate. *See* Dkts. 184, 187, 207, 209 (indicating that Yong Li Li and Li Jiang

were served the default judgment application papers only at Ms. Zheng's address on 39th

Avenue). The April 30, 2019 "affidavits of service" at Dkts. 207 and 209 themselves reveal that

service was unsuccessful: the process server wrote on the affidavit "Lawyers office states they no

longer represent Yong Li Li" (Dkt. 207) and "Lawyers office states they no longer represent Li

---

[2] Li Jiang and Yong Li Li further assert that they never received service of the Second Amended
Complaint, because it was filed via ECF on September 30, 2016—the day after Judge Fox orally
granted Ms. Zheng's motion to withdraw as counsel, but several days before the October 3, 2016
order formally terminating Ms. Zheng as counsel of record. *See* Li Jiang Decl. ¶ 59. Subsequent
affidavits of service of the Second Amended Complaint all use the 39th Avenue address. *See id*.
¶¶ 68-70.

Jiang" (Dkt. 209). Photographs appended to the affidavits of service clearly show that the papers were served at "Yuan Zheng & Associates." *Id*. Although the affidavits purport to demonstrate that Yong Li Li and Li Jiang were served at their "actual place of business," a closer examination of the affidavits reveals that not to have been the case.

Regrettably, and in the Court's view inexcusably, these details were not brought to the Court's attention by Plaintiffs' counsel. After Plaintiffs filed the affidavits of service without any accompanying submission, the Court proceeded to grant the motion for default judgment on July 29, 2019. In granting the motion, the Court discussed a string of improper service attempts but then stated that "at long last" Plaintiffs had served Defendants (including Yong Li Li and Li Jiang) "with the Summons and Complaint, and default papers, on April 29th and 30th [2019], by leaving the documents with a person of suitable age and discretion at their homes, *see* Rule 4(e)(2), or at their actual places of business followed by delivery there via first class mail, *see* C.P.L.R. § 308(2)." *See* Dkt. 210 at 4. It is now clear, however, that the Court was mistaken about this fact with respect to Yong Li Li and Li Jiang—they were "served" only at their former counsel's address, which was not their home or actual place of business.

In opposing the instant motion to vacate, Plaintiffs do not dispute that Li Jiang and Yong Li Li were served the default judgment papers only at the 39th Avenue address—what Plaintiffs' counsel describes as their "last-known address in the care of Yuan Zheng." *See* Declaration of John Troy in Opposition to Defendants' Motion to Vacate Default Judgment, Dkt. 271 ("Troy Decl."), ¶¶ 31-32. They instead argue that any problems that stemmed from such service are attributable to Ms. Zheng's "willful certification that her office is the proper office where subsequent service should be effectuated" and is in any event the fault of Defendants, who "fail[ed] to abide by the court order to 'engage new counsel to represent them.'" *See*

6

Memorandum of Law in Opposition to Motion to Vacate, Dkt. 272 ("Pl. Mem."), at 3.

     *Yong Shu Li*

     For her part, Yong Shu Li contends that she was never served with the Second Amended Complaint, which was the first complaint to name her as a defendant. *See* Yong Shu Li Aff. ¶¶ 21-23; *see also* Li Jiang Aff. ¶ 49. Although the Court concluded otherwise in its order entering default judgment, Dkt. 210, it now appears to the Court that proper service of process was never made.

     As noted earlier, the operative Second Amended Complaint was filed on September 30, 2016. Dkt. 79. Following Plaintiffs' October 2018 motion for default judgment, Dkt. 165, the Court scheduled a show-cause hearing for January 10, 2019, *see* Dkt. 168. At the January 10, 2019 hearing, the Court noted that for the Defendants who were sued for the first time in the Second Amended Complaint—a group that includes Yong Shu Li—service was required to "meet the stricter requirements of Rule 4 [of the Federal Rules of Civil Procedure] as opposed to Rule 5." *See* Dkt. 268-1 at 4. The Court stated that "in [its] view, service as to Defendants Guang Jun Li, Yong Shu Li, and Cheng Chen was not proper." *Id.* at 6. *See also* Yong Shu Li Aff. ¶ 24. The Court subsequently ordered Plaintiffs to serve the Second Amended Complaint on Yong Shu Li by February 11, 2019, Dkt. 179, and when Plaintiffs did not respond to that order, directed them to do so again by March 3, 2019, warning that absent proof of service the Court would dismiss the case against those Defendants, Dkt. 180. Plaintiffs then filed an affidavit of service stating that they had previously served Yong Shu Li in December 2018, *see* Dkt. 186, which was inadequate in light of the Court's already expressed views that service up until that date had not been adequate. *See* Dkt. 254 at 3 ("On March 4th, [2019] you filed the same affidavits of service that you filed before the order to show cause hearing."). The Court convened a conference on

April 11, 2019 in which it informed Plaintiffs that they "still [had not] properly served [Yong Shu Li] with the Second Amended Complaint," *id*. at 3; *see also* Dkt. 200 (April 11, 2019 Order confirming the Court's view that "Plaintiffs have not established that they have properly served . . . the Second Amended Complaint on Defendant[] . . . Yong Shu Li," and warning that the action would be dismissed for failure to prosecute if service was not completed by May 3, 2019).

On May 3, 2019, Plaintiffs filed an affidavit of service stating that they had served Yong Shu Li on April 30, 2019. Dkt. 208. Contrary to the Court's instructions, however, the affidavit makes clear that it was not the complaint and summons that was served on Yong Shu Li on that date, but rather the "Notice of Motion for Default Judgment." *Id*. Plaintiffs filed no accompanying explanation or filing along with that affidavit.

The Court subsequently granted Plaintiffs' motion for default judgment on July 29, 2019. *See* Dkt. 210. In doing so, the Court appears to have relied on the assumption that the affidavit of service as to Yong Shu Li filed at Dkt. 208 was—in accordance with its clear and oft-repeated directions to Plaintiffs' counsel—an affidavit of service *of the complaint and summons*. In concluding that "Defendant Yong Shu Li . . . has . . . been properly served under Rule 4," the Court wrote that "Plaintiffs' most recent affidavit of service with respect to Defendant [Yong] Shu Li indicates that the process-server attempted to serve him at his 'dwelling place' or 'usual place of bode' on three occasions." *See* Dkt. 210 at 5 (citing the affidavit of service at Dkt. 208). But as has now been pointed out by Defendants' counsel, the April 30, 2019 affidavit of service at Dkt. 208 that led the Court to conclude that Yong Shu Li was properly served was not service of the summons and complaint but of the default judgment papers. *See* Yong Shu Li Aff. ¶¶ 35-39.

Accordingly, the Court appears to have been mistaken in concluding that Yong Shu Li was properly served with the Second Amended Complaint, the first complaint to name her as a defendant. Although Plaintiffs' counsel now asserts, in his affidavit opposing the instant motion, that Yong Shu Li was served with the summons and complaint on December 27, 2016, *see* Troy Decl. ¶ 23, the Court has already made clear multiple times, as recently as April 11, 2019, that Yong Shu Li had not yet been properly served with the summons and complaint prior to that date. *See* Dkt. 200, 254. The only attempt at service made after that date was the one described at Dkt. 208—namely, service of the default judgment papers.

## LEGAL STANDARDS[3]

Rule 60(b) of the Federal Rules of Civil Procedure authorizes a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

"When a district court decides a motion to vacate a default judgment pursuant to the provisions of Rule 60(b), the court's determination must be guided by three principal factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *New York v. Green*, 420 F.3d 99, 108 (2d Cir. 2005). This standard reflects the Second Circuit's "strong preference for resolving disputes on the merits." *Id*. at 104. "Since default judgments are generally disfavored and are reserved for rare occasions, the criteria for vacating a default judgment pursuant to Rule 60 should be construed generously." *Byrnes v. Yeats Constr. Mgmt., Inc.*, No. 12-CV-05355 (NSR), 2017 WL 4045484, at *2 (S.D.N.Y. Sept. 11, 2017).

Additionally, when a party has not been properly served with process, the default judgment is considered void and must be set aside pursuant to Rule 60(b)(4). *See Tuqui Tuqui Dominicana, S.R.L. v. Castillo*, No. 19 CIV. 108 (NRB), 2020 WL 1689763, at *2 (S.D.N.Y. Apr. 7, 2020) ("Because effective service of process is a prerequisite for the Court's exercise of personal jurisdiction over defendant Castillo, a default judgment entered against him should be vacated as void under Rule 60(b)(4) if service on him was defective.").

## DISCUSSION

Having reviewed the parties' submissions, the Court concludes that the default judgment made final in February 2021 must now be vacated and the case reopened. It does so reluctantly—this action was filed more than six years ago, with very little to show for it. On both sides of this litigation, frequent and unexplained delays, sloppy work, and failure to comply with court orders have prevented Plaintiffs' claims from being heard on the merits in an expeditious manner. Largely due to failures of service, the Court is compelled to find that the three moving

Defendants' defaults are either void (and therefore must be set aside pursuant to Rule 60(b)(4))

or otherwise deserving of being set aside pursuant to the familiar Rule 60(b) standard.[4]

## I.   The Default Judgment Against Yong Shu Li is Void, and the Claims Against Her Are Dismissed

The Court first concludes that Yong Shu Li was never properly served with the complaint

and summons, and therefore that the judgment against her is "void *ab initio* and must be set aside

as a matter of law." *Howard Johnson Int'l, Inc. v. Wang*, 7 F. Supp. 2d 336, 339 (S.D.N.Y.

1998), *aff'd*, 181 F.3d 82 (2d Cir. 1999). "Plaintiff has the burden of demonstrating that service

was proper." *Id*. As described above, when Plaintiffs moved for default judgment, the Court

initially found on several occasions that Yong Shu Li had not been properly served with the

Second Amended Complaint, which was the first complaint to assert claims against her. *See* Dkt.

200 ("For the reasons provided on the record at the telephone conference on April 11, 2019,

Plaintiffs have not established that they have properly served . . . the Second Amended

Complaint on . . .  Yong Shu Li."); Dkt. 180 (finding the same on February 26, 2019); Dkt. 179

(finding the same on January 22, 2019); Dkt. 268-1 at 6 (finding the same on January 10, 2019).

On April 11, 2019, the Court gave Plaintiffs a final opportunity to serve Yong Shu Li in

compliance with Fed. R. Civ. P. 4 and to file proof of such service on the docket, and warned

that failure to do so would result in dismissal for failure to prosecute pursuant to Fed. R. Civ. P.

---

[4] The judgment may also be set aside pursuant to Rule 60(b)(1) on account of "a material mistake that changed the outcome of the court's judgment." *Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y. 1999). Such mistake can be the court's own mistake of law or fact in entering judgment. *In re 310 Assocs*., 346 F.3d 31, 35 (2d Cir. 2003). In hindsight, the Court would not have granted Plaintiffs' motion for default judgment had it not made the erroneous assumption that the affidavit of service at Dkt. 208 established proper service of the complaint and summons as to Yong Shu Li, and had Plaintiffs drawn the Court's attention to the language in the affidavits of service at 207 and 209 which made clear that Yong Li Li and Li Jiang were served only at their former lawyer's office. The default judgment may also accordingly be set aside pursuant to Rule 60(b)(1).

41(b). Dkt. 200. Plaintiffs did not do so. Taking the subsequent affidavit of service at face value, *see* Dkt. 208, Plaintiffs on April 30, 2019 proceeded to serve Yong Shu Li *not* with the complaint and summons as ordered by the Court, but instead with the Notice of Motion for Default Judgment. As far as the Court is concerned, then, despite its earlier conclusion to the contrary, *see* Dkt. 210, there is no evidence that Yong Shu Li was ever properly served with the complaint and summons pursuant to Fed. R. Civ. P. 4(m).

"Because effective service of process is a prerequisite for the Court's exercise of personal jurisdiction over [a] defendant," *Tuqui Tuqui*, 2020 WL 1689763, at *2, "a default judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law." *NextEra Energy Mktg., LLC v. E. Coast Power & Gas, LLC*, No. 20-CV-7075 (JPO), 2021 WL 3173173, at *2 (S.D.N.Y. July 26, 2021); *see also Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.*, No. 17 CIV. 5553 (LGS), 2020 WL 7093592, at *3 (S.D.N.Y. Dec. 4, 2020) ("A default judgment entered against a defendant should be vacated as void under Rule 60(b)(4) if service on defendant was defective."); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 132 (2d Cir. 2011) ("A default judgment may be considered void if the judgment has been entered in a manner inconsistent with due process of law."). Because the Court finds that adequate service of process was never established as to Yong Shu Li, the default judgment against her is void, and the Court hereby sets it aside pursuant to Fed. R. Civ. P. 60(b)(4). "Because the judgment is set aside as void pursuant to Rule 60(b)(4), it is unnecessary to examine the discretionary factors applicable to motions for relief under Rules 60(b)(1) and 60(b)(6)." *China Mariners Assur. Corp. v. M.T. W.M. Vacy Ash*, No. 96 CIV. 9553 (PKL), 1999 WL 126921, at *8 (S.D.N.Y. Mar. 9, 1999).

Defendants also argue that the claims against Yong Shu Li should be dismissed for failure to timely effectuate service. The Court agrees.

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed R. Civ. P. 4(c)(1). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

Here, the Second Amended Complaint was filed in October 2016. The Court first noted problems with the service of Yong Shu Li on January 10, 2019. The Court gave Plaintiffs multiple opportunities to correct those errors: on January 22, 2019; on February 26, 2019; and finally on April 11, 2019. Despite multiple warnings and clear instructions from the Court, Plaintiffs continued to fail to serve Yong Shu Li. Although the Court relied on the affidavit of service at Dkt. 208 as establishing the propriety of service, it is now clear that the affidavit establishes only that the default judgment papers were served. Although the Court on multiple occasions "order[ed] that service be made within a specified time," Fed. R. Civ. P. 4(m), and warned of the possibility of dismissal, proper service of process was not made. Because Plaintiffs have failed to "advance some colorable excuse for [their] neglect," *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012), the claims against Yong Shu Li are now dismissed without prejudice.

## II.     The Default Judgment Against Yong Li Li and Li Jiang is Set Aside

The Court next concludes that the default judgment against Yong Li Li and Li Jiang, assuming it was not *per se* void for improper service, should be set aside pursuant to Rule 60(b).

First, the record does not establish that Defendants' defaults were willful, particularly in light of the many failures of service outlined above. It is true, as Plaintiffs argue, that these Defendants were to some extent on notice about the existence of the lawsuit. Li Jiang and Yong Li Li should have acted more diligently to obtain new counsel when Ms. Zheng withdrew. And Mr. Stern should have moved to vacate the default judgment more expeditiously, rather than wait until after the Court adopted Judge Fox's August 2020 Report and entered final judgment for Plaintiffs. But the Court is unwilling to sustain a default judgment—"the most severe sanction which the court may apply," *Green*, 420 F.3d at 104—when the record demonstrates that Li Jiang and Yong Li Li received no notice of any filings in this action, including the motions for default judgment, from October 2016 to August 2020. The Court is particularly unwilling to do so when Plaintiffs' counsel either knew or should have known, based on the affidavits of service that they themselves filed, that the 39th Avenue address where Li Jiang and Yong Li Li were being delivered papers was their former lawyer's address. *See* Dkt. 207  ("Lawyers office states they no longer represent Yong Li Li"); Dkt. 209 ("Lawyers office states they no longer represent Li Jiang"); *see id*. (showing that the location where the service was made was the office of "Yuan Zheng & Associates"). "Willfulness in the context of a judgment by default requires something more than mere negligence, such as egregious or deliberate conduct." *Green*, 420 F.3d at 108. Because the record is devoid of evidence of such conduct, and because the mix-up involving Ms. Zheng's withdrawal and the subsequent service to her address provide a plausible explanation for Yong Li Li and Li Jiang's failure to litigate in this case, the Court finds that their default was not willful.

Second, Defendants have adequately shown that they can raise a meritorious defense. "To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at

this stage. A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. All. Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 61 (2d Cir. 1996) (district court erred in requiring "conclusive evidence" from party seeking to vacate default judgment). Li Jiang and Yong Li Li have attested under oath that they maintained accurate time-keeping records for all employees, paid Plaintiffs proper minimum wage and overtime wages and that they are prepared to produce such records in defending against Plaintiffs' claims. *See* Li Jiang Aff. ¶ 4; Yong Li Li Aff. ¶ 10. Nothing more is required of them at this stage. *See S.E.C. v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998) ("In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense.").

Finally, the Court finds that Plaintiffs would not be unduly prejudiced by having to litigate the claims against Yong Li Li and Li Jiang on the merits. Delay on its own is insufficient to establish prejudice; rather, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). There is no indication that any of those factors apply here. Although Plaintiffs assert that they would be prejudiced if the defaults were set aside because "Defendants state that their business is failing," Pl. Mem. at 4, the Court sees Plaintiffs' own errors as at least partially responsible for the long delays in adjudicating their claims. Indeed, based on the affidavits of service at Dkts. 207 and 209, the Court is of the view that Plaintiffs' counsel either was or should have been aware of the fact that service of papers to Li Jiang and Yong Li Li was for several years being directed to their former lawyer's address. But Plaintiffs did not draw the Court's attention to that fact. That omission, among

others, is in part to blame for the Court's erroneous entry of the default judgment in the first instance. The Court accordingly concludes that vacatur of default would not be unduly prejudicial to Plaintiffs.[5] The entries of judgment as to Yong Li Li and Li Jiang are accordingly set aside pursuant to Rule 60(b).

### III.    Status of the Other Defendants

Only Yong Shu Li, Yong Li Li, and Li Jiang have moved to vacate the default judgments against them, and for the reasons detailed above, that motion is granted. In addition, the Court is inclined to take two steps, *sua sponte*, with respect to the other Defendants. As explained below, however, it will give Plaintiffs the opportunity to be heard before effectuating these *sua sponte* next steps.

First, the Court is inclined to treat the claims against Defendants Guang Jun Li and Cheng Chen in the same manner as it has treated the claims against Yong Shu Li—namely to vacate the default judgments against them and to dismiss the claims without prejudice pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b). As detailed above, the Court is vacating the default judgment against Yong Shu Li as void for lack of proper service of the complaint and summons, based on (1) the Court's repeated findings in January through April of 2019 that Yong Shu Li had still not been served with the Second Amended Complaint, which was the first complaint to name her as a defendant, *see* Dkt. 268-1 at 6 (January 10, 2019), Dkt. 179 (January 22, 2019),

---

[5] For similar reasons, Plaintiffs' request for an award of attorneys' fees is denied. Although "a district court has inherent power to impose a reasonable condition on the vacatur [of a default judgment] in order to avoid undue prejudice to the opposing party," *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 515 (2d Cir. 2001), the Court does not find that Plaintiffs will be "undu[ly] prejudice[d]" by vacatur in light of the fact that their own litigation conduct is in significant part responsible for creating the present situation. The Court thus declines to exercise its discretion to condition vacatur on Plaintiffs' recovery of attorneys' fees. *See id*. ("Not every case will warrant conditioning vacatur.").

Dkt. 180 (February 26, 2019), Dkt. 200 (April 11, 2019); and (2) the fact that the affidavit of service filed in April 2019 (Dkt. 208), on which the Court relied in later concluding that service was proper (Dkt. 210 at 5), was not in fact an affidavit of service as to the Second Amended Complaint but only as to the default judgment motion. The same exact things could be said for Guang Jun Li and Cheng Chen. As with Yong Shu Li, the Court made clear its view in January, February, and April 2019 that Plaintiffs had not established proper service of the Second Amended Complaint as to Guang Jun Li and Cheng Chen, who were also named as Defendants for the first time in that complaint. *See* Dkt. 268-1 at 6 (January 10, 2019), Dkt. 179 (January 22, 2019), Dkt. 180 (February 26, 2019), Dkt. 200 (April 11, 2019). Similarly, the April 2019 affidavits of service (Dkts. 204, 205) upon which the Court relied in concluding that Guang Jun Li and Cheng Chen had been properly served (Dkt. 210 at 4) also documented service only of the default judgment motion and not the Second Amended Complaint. It appears to the Court, then, that despite multiple warnings and clear directions, Guang Jun Li and Cheng Chen were never served with process. As with Yong Shu Li, the Court is inclined to find the default judgments as to Guang Jun Li and Cheng Chen to be void, to vacate them, and to dismiss the claims against them without prejudice for failure to timely effectuate service or to prosecute the action. *See Cambria Co., LLC v. Pental Granite & Marble, Inc.*, No. CIV. 12-228 JRT/AJB, 2013 WL 1249216, at *9 (D. Minn. Mar. 27, 2013) ("Insufficient service is a proper basis for voiding an entry of default *sua sponte* because it deprives a court of proper jurisdiction.").

Second, the Court is inclined to *sua sponte* vacate the entirety of its February 11, 2021 entry of final judgment as to all Defendants. If it did so, it would continue to adhere to its finding that the remaining non-appearing Defendants, with the exception of Guang Jun Li and Cheng Chen as explained in the previous paragraph, are in default and therefore have admitted liability

as set forth in in its July 29, 2019 order granting Plaintiffs' motion for default judgment. *See Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."). But because of the risk of inconsistent judgments and awards of damages, the Court is disposed to take the view that the entry of final judgment as to the defaulting Defendants will have to await the entry of final judgment with respect to the appearing Defendants, and that the judgments should thus be vacated. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("A final decree on the merits against [a] defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.").

To begin with, Rule 54(b) of the Federal Rules of Civil Procedure provides that when an action involves multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (emphasis added). A district court's authority to enter final judgment for some defendants but not others should "be exercised sparingly" so as not to undermine the general policy against piecemeal appeals, and any such decision must be accompanied by a reasoned explanation. *O'Bert ex rel. Est. of O'Bert v. Vargo*, 331 F.3d 29, 41 (2d Cir. 2003).

Moreover, in the specific context of default judgments, "as a general rule . . . , when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered

against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *See* Wright & Miller, Default Judgments in Actions Involving Several Defendants, 10A Fed. Prac. & Proc. Civ. § 2690 (4th ed.). "More than 125 years ago, the Supreme Court held [in *Frow v. De La Vega*] that when," as here, "a defendant defaults in an action asserting joint liability, judgment should not be entered against the defaulting defendant until the matter has been resolved against the other defendants." *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 414 (S.D.N.Y. 2009), *aff'd*, 387 F. App'x 72 (2d Cir. 2010) (citing *Frow*, 82 U.S. at 554). Although the Second Circuit has not clarified exactly how the adoption of Rule 54(b) affected the *Frow* precedent, *Frow* continues to "'control[] in situations where the liability of one defendant necessarily depends upon the liability of the others,' *i.e.,* where liability is joint." *Id*. (quoting *Int'l Controls Corp. v. Vesco,* 535 F.2d 742, 746 n.4 (2d Cir.1976). The rule of *Frow* also "probably can be extended to situations in which joint liability is not at issue but several defendants have closely related defenses." Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2690 (4th ed.). *See also Diarama Trading Co. Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 CIV. 2950 (DAB), 2002 WL 31545845, at *4 (S.D.N.Y. Nov. 13, 2002) (declining to enter final judgment only against the defaulting defendants but not the appearing defendants when "the liability of one defendant is . . . likely to depend upon whether others are ultimately found to be liable"); *Farberware v. Groben,* No. 89-CV-6240 (PKL), 1991 WL 123964, at *3 n.4 (S.D.N.Y. Jul. 3, 1991) (endorsing, as "sound policy," extension of the *Frow* rule to cases "even when defendants are similarly situated, but not jointly liable").

   This is a case in which joint and several liability is alleged, and in particular a case in which each of the appearing Defendants is alleged to be jointly and severally liable with at least one of the defaulting Defendants. *See* Compl. ¶¶ 31, 34, 36, 39, 42, 44. The parties would also

likely assert closely related defenses. "While the full extent of the relationship between and among Defendants is not yet clear to the Court, it is apparent that the Defaulting and Appearing Defendants are similarly situated and their cases closely related." *Diarama Trading*, 2002 WL 31545845, at *4. It thus may be inappropriate for the Court to allow the final judgment to stand against the defaulting Defendants while "the potential liability of the Appearing Defendants is still unresolved." *Id*.

Accordingly, the Court is inclined to vacate its February 11, 2021 order entering final judgment against all the parties. Because a default constitutes admission as to liability, the Court's July 29, 2019 order granting Plaintiffs' motion for default judgment would remain valid as to the *liability* of the defaulting Defendants. But if the Court takes this step as intended, the Court's entry of final judgment and its award of damages to the defaulting Defendants would be vacated pursuant to *Frow* and its progeny. *See Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (where "some but not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments"). As Judge Motley noted in *Montcalm*, allowing the final award of damages to stand as against the defaulting Defendants could "risk the possibility of disparate damage judgments, since," having vacated the judgment as against Yong Shu Li, Yong Li Li, and Li Jiang, "the court may not presently address the issue of damages as to" those three Defendants. *See id*. at 978 (noting that "the proper procedure is to consolidate the inquest to determine the level of damages as to the Defaulting Defendants with the damages aspect of the trial against the non-defaulting defendants").

No later than ten days from the date of this order, Plaintiffs are directed to show cause by letter brief why the Court should not take the above two steps, namely (1) to vacate the default judgments and to further dismiss the claims against Guang Jun Li and Cheng Chen without prejudice for lack of service; and (2) to vacate the order entering final judgment as to all defendants pursuant to *Frow* and its progeny. The appearing Defendants may be heard on this question as well.

## CONCLUSION

For the foregoing reasons, Defendants' motion to vacate the default judgment is granted as to Defendants Yong Shu Li, Yong Li Li, and Li Jiang, and the claims against Yong Shu Li are further dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b). Plaintiffs' request for a conditional grant of attorneys' fees is denied.

No later than ten days from today, Plaintiffs shall show cause by written submission as to why the Court should not take the two *sua sponte* steps it has said it is inclined to take. The Court will subsequently decide the status of the non-appearing Defendants and direct the parties to confer and propose a plan for the expeditious resumption of the litigation against the appearing Defendants.

Accordingly, the Clerk of Court is respectfully directed to (1) reopen this case; (2) vacate the entry of judgment only as to Defendants Yong Shu Li, Yong Li Li, and Li Jiang; (3) terminate Defendant Yong Shu Li; and (4) terminate the motions pending at Dkts. 267 and 270.

SO ORDERED.
Dated:     September 21, 2021
               New York, New York

Ronnie Abrams
United States District Judge