UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YUNJIAN LIN, YOUNG JUN LI, WEI WEI
DING, LI WENG, WEI TING ZHAO,
YUHAI ZHU, YOUMIN SHEN, and MIAO
WANG, *on their own behalf and on behalf of
others similarly situated*,

                    Plaintiffs,

              v.

GRAND SICHUAN 74 ST. INC. *d/b/a*
GRAND SICHUAN 74, GRAND SICHUAN
75 ST. INC. *d/b/a* GRAND SICHUAN 74,
GRAND SICHUAN NY INC. *d/b/a* GRAND
SICHUAN NY, GUANG JUN LI, LI JIANG,
YONG LI LI, GUANG LI LI, CHENG
CHEN,

                    Defendants.

---

No. 15-CV-2950 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

In its September 21, 2021 opinion granting certain Defendants' motion to vacate default

judgment, the Court separately ordered Plaintiffs to show cause why it should not *sua sponte* (1)

vacate the default judgments against Defendants Guang Jun Li and Cheng Chen and dismiss the

claims against them without prejudice for lack of service; and (2) vacate the order entering final

judgment as to all Defendants pursuant to *Frow v. De La Vega*, 82 U.S. 552 (1872) and its

progeny.  Dkt. 276.  Plaintiffs filed their response to the Court's order to show cause on October

1, 2021.  Dkt. 277.  For the reasons that follow, the default judgments against Guang Jun Li and

Cheng Chen are set aside and the entry of final judgment with respect to all Defendants is

vacated.

## BACKGROUND

The Court assumes the parties' familiarity with the long and complex history of this litigation and recounts only what is necessary to explain its instant decision.

Plaintiffs, former employees of two restaurants named Grand Sichuan and Grand Sichuan 74, commenced this action in April 2015 against the restaurants' purported owners and operators, alleging violations of the Fair Labor Standards Act and New York Labor Law, among other claims. The operative Second Amended Complaint was filed in September 2016. Dkt. 79 ("SAC").

Four former Defendants[1] who allegedly took over Grand Sichuan 74 on April 30, 2015, SAC ¶ 67, settled the claims against them in July 2018. Dkt. 155. The Court then authorized Plaintiffs to move for default judgment against the nine remaining Defendants.[2] They did so on October 4, 2018. Dkt. 165. On July 29, 2019, the Court granted Plaintiffs' motion for default judgment with respect to the majority of their claims, and referred the matter to Magistrate Judge Fox for an inquest into damages. Dkts. 210, 211. Judge Fox ultimately recommended an award of damages and attorneys' fees in his August 13, 2020 report and recommendation. Dkt. 248. On February 11, 2021, the Court adopted Judge Fox's report (with one modification), entered judgment for Plaintiffs, and closed the case. Dkt. 265.

A few days later, Defendants Yong Shu Li, Yong Li Li, and Li Jiang moved to vacate the default judgments that had just been entered against them. Dkt. 267. They contended that vacatur was warranted due to service errors over the last five years that prevented them from receiving notice that the action was still pending against them or that Plaintiffs had moved for

---

[1] Aidi JC LLC, Aidi Xu, Jian Chen, and Yong Ming Chen.
[2] Three corporate Defendants: Grand Sichuan 74 St. Inc., Grand Sichuan 75 St. Inc., Grand Sichuan NY Inc.; and six individual Defendants: Li Jiang, Yong Li Li, Yong Shu Li, Guang Li Li, Guang Jun Li, and Cheng Chen.

default judgment.  On September 21, 2021, the Court granted their motion and set aside the default judgments against Yong Shu Li, Yong Li Li, and Li Jiang under Federal Rule of Civil Procedure 60(b) and further dismissed Yong Shu Li from the action.  Dkt. 276.  At the same time, the Court also indicated that it was "inclined to take two steps, *sua sponte*, with respect to the other Defendants" in light of its discovery that Guang Jun Li and Cheng Chen, like Yong Shu Li, may not have been properly served with the complaint and summons pursuant to Federal Rule of Civil Procedure 4(m).  *Id.* at 16.  Specifically, the Court noted that it was inclined to "(1) vacate the default judgments and to further dismiss the claims against Guang Jun Li and Cheng Chen without prejudice for lack of service; and (2) to vacate the order entering final judgment as to all Defendants pursuant to *Frow* and its progeny."  *Id.* at 21.  Before doing so, however, the Court gave Plaintiffs an opportunity to be heard, and on October 1, 2021, Plaintiffs' counsel submitted a letter articulating his position that the Court should not take those two steps.  The Court has considered Plaintiffs' submission in reaching its decision here.

*History of Service Errors*

As noted earlier, the operative Second Amended Complaint was filed on September 30, 2016.  Dkt. 79.  Following Plaintiffs' October 2018 motion for default judgment, Dkt. 165, the Court scheduled a show-cause hearing for January 10, 2019, Dkt. 168.  At the January 10, 2019 hearing, the Court noted that for the Defendants who were sued for the first time in the Second Amended Complaint—Guang Jun Li, Yong Shu Li and Cheng Chen—service was required to "meet the stricter requirements of Rule 4 [of the Federal Rules of Civil Procedure] as opposed to Rule 5."  Dkt. 268-1 (transcript) at 3.  Plaintiffs contended that these three Defendants were served on December 27, 2016 through "nail and mail" at their purported dwelling places after two prior unsuccessful attempts at service.  *Id.*; *see* Dkts. 86-88.  The Court explained that while

3

"nail and mail" service is indeed authorized by Rule 4(e)(1) when service through other methods "cannot be made with due diligence," CPLR 308, there is "substantial authority for the proposition that three attempts at residential service don't satisfy the due diligence requirement of New York law where the process server made no attempt to serve the defendant at his actual place of business; in particular, where the place of business was known." Dkt. 268-1 at 4; *see Sartor v. Toussaint*, 70 F. App'x 11, 14 (2d Cir. 2002) (citing cases). When the Court asked Plaintiffs' counsel to confirm that he "didn't mail the documents to defendants' place of business even though the complaint establishes that plaintiffs were aware of the place of business of the defendants," Plaintiffs' counsel responded: "I don't have the proofs of service in front of me. To my recollection, that is right." Dkt. 268-1 at 5. The Court thus stated that "in [its] view, service as to Defendants Guang Jun Li, Yong Shu Li and Cheng Chen was not proper," but nevertheless gave Plaintiffs' counsel an opportunity to write the Court a letter to persuade it otherwise. *Id.* ("If you want to write me a letter because you don't have the information in front of you, you can do that, if you think I'm wrong with respect to service here of the second amended complaint, you'll let me know."). Notably, Plaintiffs' counsel did not submit any letter.

The Court subsequently ordered Plaintiffs to serve the Second Amended Complaint on Guang Jun Li, Yong Shu Li, and Cheng Chen by February 11, 2019, Dkt. 179, and when Plaintiffs did not respond to that order, directed them to do so again by March 3, 2019, warning that absent proof of service the Court would dismiss the case against those Defendants, Dkt. 180. Plaintiffs then filed affidavits of service—duplicates of those already filed at Dkts. 173, 174, and 176 prior to the show-cause hearing—stating that they had previously served those Defendants in December 2018. *See* Dkts. 185, 186, 189. These affidavits were inadequate in light of the Court's prior determination that service up until the show-cause hearing had not been proper.

*See* Dkt. 254 (transcript) at 3 ("On March 4th, [2019] you filed the same affidavits of service that you filed before the order to show cause hearing.").

The Court convened a conference on April 11, 2019 during which it informed Plaintiffs that they "still [had not] properly served [Guang Jun Li, Yong Shu Li, and Cheng Chen] with the Second Amended Complaint" and warned that the action would be dismissed for failure to prosecute if service was not completed by April 26, 2019. *Id.* at 3-5. It was then that Plaintiffs' counsel asserted for the first time that Defendants' place of business was not actually known to Plaintiffs. *See id.* at 5 ("The place of business is no longer the defendants' actual place of business . . . That being the case, I can only foresee that service will ultimately end up being by mail and nail at the last known addresses where they resided pursuant to CPLR 308-4."). Given this, the Court directed Plaintiffs to "[c]onsult the law, review the provisions, and then once you serve, lay all of that out in your affidavit of service as to what you did and why." *Id.*; *see also* Dkt. 200 ("No later than April 26, 2019, Plaintiffs shall either: (1) file a letter articulating the legal basis on which they think they have already properly served Defendants; or (2) serve Defendants in compliance with Fed. R. Civ. P. 4, and file proof of such service on the docket by May 3, 2019."). Again, no letter was filed.

On May 3, 2019, Plaintiffs filed affidavits of service stating that they had served Guang Jun Li, Yong Shu Li, and Cheng Chen with their "Notice of Motion for Default Judgment" on April 30, 2019. Dkts. 204, 205, 208. But contrary to the Court's instructions, they did not file proofs of service of the Second Amended Complaint on the three Defendants. And no accompanying explanation was contained in or filed alongside those affidavits. *See id.*

The Court subsequently granted Plaintiffs' motion for default judgment on July 29, 2019. Dkt. 210. In doing so, the Court appears to have relied on the mistaken assumption that the

affidavits of service filed at Dkts. 204, 205, and 208 were affidavits attesting to service of the

complaint and summons—*in addition to* the default judgment papers—on Guang Jun Li, Cheng

Chen, and Yong Shu Li.  *See* Dkt. 210 at 4 ("Plaintiffs served Defendants Cheng Chen [and]

Guang Jun Li . . . with the Summons and Complaint, and default papers, on April 29th and 30th,

by leaving the documents with a person of suitable age and discretion at their homes . . . or at

their actual places of business followed by delivery there via first class mail"); *id.* at 5

("Plaintiffs' most recent affidavit of service with respect to Defendant [Yong] Shu Li indicates

that the process server attempted to serve [her] at [her] 'dwelling place' or 'usual place of bode'

on three occasions . . . Moreover, in 2016, Plaintiffs also served Yong Shu Li by nail-and-mail—

after having attempted an additional three times to serve [her] at [her] residence." (citing Dkts.

86, 208)).

      In her motion to vacate default judgment, Yong Shu Li brought to the Court's attention

that the filing at Dkt. 208 was not in fact an affidavit of service of the complaint and summons,

but rather, of the default judgment papers.  Dkt. 269.  Because the Court found that Yong Shu Li

had thus never been properly served with the Second Amended Complaint, the first complaint to

name her as a defendant., it vacated the entry of default judgment against her and dismissed her

from the case without prejudice.  Dkt. 276.  It further indicated that it was inclined to do the

same with Guang Jun Li and Cheng Chen on the exact same bases: (1) the Court's repeated

findings in January through April of 2019 that they had still not been served with the Second

Amended Complaint, which was the first complaint to name them as defendants, *see* Dkt. 268-1

at 6 (January 10, 2019), Dkt. 179 (January 22, 2019), Dkt. 180 (February 26, 2019), Dkt. 200

(April 11, 2019); and (2) the fact that the affidavits filed in May 2019, on which the Court later

relied to conclude that service was proper, were not in fact proofs of service as to the Second

Amended Complaint but only as to the default judgment motion, Dkts. 204, 205.

In Plaintiffs' response to the Court's order to show cause, Plaintiffs' counsel asserts—just

as he did with Yong Shu Li—that service as to Guang Jun Li and Cheng Chen was proper as of

December 27, 2016. *See* Dkt. 277 at 1-2. Specifically, Plaintiffs argue that (1) "the process

server demonstrated diligence" with respect to Guang Jun Li because "[Guang Jun Li's] actual

place of employment at the time of service could not be found"; and (2) "Cheng Chen would

have received the same notice [Aidi JC LLC] did" in December 2016 since he "kept working at

[Grand Sichuan 74] until at least April 2016." *Id.* at 2. However, the Court has already made

clear multiple times, as recently as April 11, 2019, that Guang Jun Li and Cheng Chen had not

yet been properly served with the summons and complaint prior to the show-cause hearing. *See*

Dkts. 200, 254 (transcript). The only attempt at service made after the show-cause hearing was

the one described at Dkts. 204 and 205—namely, service of the default judgment papers.

## LEGAL STANDARDS[3]

Rule 60(b) authorizes a district court to "relieve a party or its legal representative from a

final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been
discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and
alterations.

judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b).  "When a district court decides a motion to vacate a default judgment pursuant to the provisions of Rule 60(b), the court's determination must be guided by three principal factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *New York v. Green*, 420 F.3d 99, 108 (2d Cir. 2005). This standard reflects the Second Circuit's "strong preference for resolving disputes on the merits." *Id*. at 104.  "Since default judgments are generally disfavored and are reserved for rare occasions, the criteria for vacating a default judgment pursuant to Rule 60 should be construed generously." *Byrnes v. Yeats Constr. Mgmt., Inc.*, No. 12-CV-05355 (NSR), 2017 WL 4045484, at *2 (S.D.N.Y. Sept. 11, 2017).  When a party has not been properly served with process, the default judgment is considered void and must be set aside pursuant to Rule 60(b)(4).  *See Tuqui Tuqui Dominicana, S.R.L. v. Castillo*, No. 19 CIV. 108 (NRB), 2020 WL 1689763, at *2 (S.D.N.Y. Apr. 7, 2020) ("Because effective service of process is a prerequisite for the Court's exercise of personal jurisdiction over defendant Castillo, a default judgment entered against him should be vacated as void under Rule 60(b)(4) if service on him was defective.").

In *Frow v. De La Vega*, the Supreme Court held that when "a defendant defaults in an action asserting joint liability, judgment should not be entered against the defaulting defendant until the matter has been resolved against the other defendants." *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 414 (S.D.N.Y. 2009), *aff'd*, 387 F. App'x 72 (2d Cir. 2010) (citing *Frow*, 82 U.S. at 554).  However, the Second Circuit has cast some doubt on *Frow*'s continued applicability in light of the adoption of Federal Rule of Civil Procedure 54(b).  *See Int'l Controls*

*Corp. v. Vesco*, 535 F.2d 742, 746 n. 4 (2d Cir. 1976) ("We think it is most unlikely that *Frow* retains any force subsequent to the adoption of Rule 54(b).").  Rule 54(b) provides that when an action involves multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b) (emphasis added).

## DISCUSSION

Having reviewed Plaintiffs' order to show cause submission, the Court nevertheless concludes that it must vacate the default judgments against Guang Jun Li and Cheng Chen; it will, however, give Plaintiffs one more opportunity to serve Li and Chen before dismissing them from the case.  Additionally, the order entering final judgment as to all Defendants must be vacated as well.

### I.   The Default Judgments Against Guang Jun Li and Cheng Chen Are Void

*Vacatur*

The Court first concludes that Guang Jun Li and Cheng Chen were never properly served with the complaint and summons, and therefore that the judgment against them is "void *ab initio* and must be set aside as a matter of law."  *Howard Johnson Int'l, Inc. v. Wang*, 7 F. Supp. 2d 336, 339 (S.D.N.Y. 1998), *aff'd*, 181 F.3d 82 (2d Cir. 1999).  "Plaintiff has the burden of demonstrating that service was proper."  *Id*.  As described above, after Plaintiffs moved for default judgment, the Court pointed out to Plaintiffs on four separate occasions that Guang Jun Li and Cheng Chen had never been properly served with the Second Amended Complaint, which

9

was the first complaint to assert claims against them.  *See* Dkt. 200 ("For the reasons provided on the record at the telephone conference on April 11, 2019, Plaintiffs have not established that they have properly served . . . the Second Amended Complaint on . . . Defendants Guang Jun Li . . . and Cheng Chen."); Dkt. 180 (finding the same on February 26, 2019); Dkt. 179 (finding the same on January 22, 2019); Dkt. 268-1 (finding the same on January 10, 2019).

On April 11, 2019, the Court gave Plaintiffs a final opportunity to serve Guang Jun Li and Cheng Chen in compliance with Rule 4 and to file proof of such service on the docket, and warned that failure to do so would result in dismissal for failure to prosecute pursuant to Rule 41(b).  Dkt. 200.  Plaintiffs did not do so.  Instead, on April 30, 2019, Plaintiffs served Guang Jun Li and Cheng Chen *not* with the complaint and summons as ordered by the Court, but instead with the Notice of Motion for Default Judgment.  *See* Dkts. 204, 205.  As far as the Court is concerned, then, despite its earlier (mistaken) conclusion to the contrary, *see* Dkt. 210, there is no evidence that these two Defendants were ever properly served with the complaint and summons pursuant to Rule 4(m).

Plaintiffs argue now that Guang Jun Li and Cheng Chen were properly served as of December 27, 2016 through "nail and mail."  *See* Dkt. 277 at 1-2.  But the Court made clear its view that "nail and mail" service upon these two Defendants was not proper because the requisite due diligence standard was not met "where the process-server made no attempt to serve the defendant at his actual place of business, in particular where the place of business was known."  *Sartor*, 70 F. App'x at 14.  Indeed, at the show-cause hearing, Plaintiffs' counsel even agreed with the Court's assessment.  Dkt. 268-1 at 5 ("To my recollection, that is right.").  Moreover, Plaintiffs were given at least two chances, in January and April 2019, to formally make the argument they make now—that Defendants' place of business was not known at the

10

time of service because Grand Sichuan was no longer in business.  Dkt. 277 at 2.  Both times, Plaintiffs were invited to write a letter to the Court justifying their view that service on December 27, 2016 was indeed proper.  They took neither of those opportunities and cannot now assert, for the first time in writing, that service on Guang Jun Li and Cheng Chen in December 2016 was proper by virtue of a fact that has been known or should have been known to Plaintiffs for years—namely, that Grand Sichuan NY was "dissolved on September 19, 2016."  *Id.*

As to Defendant Cheng Chen, Plaintiffs make the additional argument that because former Defendant Aidi JC LLC appeared in the action after being served at 307 Amsterdam Avenue on December 22, 2016, and because "Cheng Chen kept working there until at least April 2016," he "would have received the same notice the corporation did."  *Id.*  Plaintiffs do not explain the basis of their belief that Cheng Chen would have necessarily received notice of this action at his former place of work, eight months *after* he stopped working at the restaurant, and the Court does not discern any basis to so infer.  Moreover, "[a]ctual notice does not cure a defect in service or confer personal jurisdiction on the court."  *Kaszovitz v. Weiszman*, 493 N.Y.S.2d 335, 338 (N.Y. App. Div. 1985).  In *Raschel v. Rish*, the New York Court of Appeals rejected the argument that both a hospital and doctor were properly served when the process server left a single copy of the complaint with a hospital administrator who could have conceivably acted as a representative to both defendants.  *See* 69 N.Y.2d 694, 697 (1986).  It clarified that "[w]hen the requirements for service of process have not been met, it is irrelevant that [the] defendant may have actually received the documents."  *Id*.  The Court similarly finds here that there is no basis to conclude that Cheng Chen received proper service of process in December 2016 at 307 Amsterdam Avenue just because former Defendant Aidi JC LLC was successfully served there.

"Because effective service of process is a prerequisite for the Court's exercise of personal jurisdiction over [a] defendant," *Tuqui Tuqui*, 2020 WL 1689763, at \*2, "a default judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law." *NextEra Energy Mktg., LLC v. E. Coast Power & Gas, LLC*, No. 20-CV-7075 (JPO), 2021 WL 3173173, at \*2 (S.D.N.Y. July 26, 2021); *see also Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.*, No. 17 CIV. 5553 (LGS), 2020 WL 7093592, at \*3 (S.D.N.Y. Dec. 4, 2020) ("A default judgment entered against a defendant should be vacated as void under Rule 60(b)(4) if service on defendant was defective."); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 132 (2d Cir. 2011) ("A default judgment may be considered void if the judgment has been entered in a manner inconsistent with due process of law."). Because the Court finds that adequate service of process was never established as to Guang Jun Li and Cheng Chen, the default judgments against them are void, and the Court sets them aside pursuant to Rule 60(b)(4). When a default judgment is "set aside as void pursuant to Rule 60(b)(4), it is unnecessary to examine the discretionary factors applicable to motions for relief under Rules 60(b)(1) and 60(b)(6)." *China Mariners Assur. Corp. v. M.T. W.M. Vacy Ash*, No. 96 CIV. 9553 (PKL), 1999 WL 126921, at \*8 (S.D.N.Y. Mar. 9, 1999).

*Dismissal*

The Court also indicated that it was inclined to *sua sponte* dismiss Guang Jun Li and Cheng Chen from the action. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P.

12

41(b).  Plaintiffs urge the Court not to exercise its discretion to dismiss Guang Jun Li and Cheng Chen from the case, although—beyond asserting that service upon them was proper in the first place—they do not explain why.

To be clear, the Court is of the view that it has every right to dismiss Guang Jun Li and Cheng Chen from the action at this time, given Plaintiffs' repeated failures to effect proper service under Rule 4(m) and to comply with court orders under Rule 41(b).  The record is replete with examples of the Court providing Plaintiffs with opportunity after opportunity to address their service deficiencies or to "advance some colorable excuse for [their] neglect."  *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012).  That said, in recognition of the Court's own error in granting default judgment on the assumption that service was complete, and particularly in light of potential statute of limitations issues, the Court offers Plaintiffs one last opportunity to serve Guang Jun Li and Cheng Chen in accordance with Rule 4.  If Plaintiffs do not properly serve Li and Chen within 30 days from the date of this order, the claims against them will be dismissed without prejudice.

## II.    The Default Judgment Against All Defendants Is Set Aside

At the time of the Court's entry of default judgment on February 11, 2021, there remained no active litigants in the action.  That, however, is no longer the case.  Defendants Li Jiang and Yong Li Li have since appeared and indicated that they intend to defend against Plaintiffs' claims on the merits.  Under these circumstances, the Court concludes that its February 11, 2021 entry of default judgment against all Defendants should be set aside pursuant to Rule 54(b).  In doing so, it continues to adhere to its finding, as set forth in its July 29, 2019 order granting Plaintiffs' motion for default judgment, that the four remaining non-appearing

13

Defendants[4] are in default and therefore have admitted *liability*.  *See Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.").  But due to the risk of inconsistent judgments and damages awards, the Court finds that the entry of final judgment as to the defaulting Defendants will have to await the entry of final judgment with respect to the appearing Defendants,[5] and that the judgments should thus be vacated.  *See Frow*, 82 U.S. at 554 ("A final decree on the merits against [a] defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.").

"More than 125 years ago, the Supreme Court held [in *Frow*] that when," as here, "a defendant defaults in an action asserting joint liability, judgment should not be entered against the defaulting defendant until the matter has been resolved against the other defendants." *RSM Prod. Corp.*, 643 F. Supp. 2d at 414 (citing *Frow*, 82 U.S. at 554).  Additionally, Rule 54(b) provides that when an action involves multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*."  Fed. R. Civ. P. 54(b) (emphasis added).  A district court's authority to enter final judgment for some defendants but not others should "be exercised sparingly" so as not to undermine the general policy against piecemeal appeals, and any such decision must be accompanied by a reasoned explanation.  *O'Bert ex rel. Est. of O'Bert v. Vargo*, 331 F.3d 29, 41 (2d Cir. 2003).

Plaintiffs argue that the Court should not vacate the default judgments against the non-appearing Defendants because Plaintiffs allege a theory of joint and several, as opposed to pure

---

[4] Grand Sichuan 74 St. Inc., Grand Sichuan 75 St. Inc., Grand Sichuan NY Inc., and Guang Li Li.
[5] Li Jiang and Yong Li Li.

joint, liability.  *See* Dkt. 277 at 3.  The Second Circuit has not definitively ruled on how the

adoption of Rule 54(b) affects the *Frow* principle and in particular, whether *Frow* applies in

cases of joint and several liability.  In *Int'l Controls Corp. v. Vesco*, it took the position that "'at

most, *Frow* controls in situations where the liability of one defendant necessarily depends upon

the liability of the others,' *i.e.*, where liability is joint."  *RSM*, 643 F. Supp. 2d at 414 (citing

*Vesco*, 535 F.2d at 746 n.4).  Some district courts have held that the rule of *Frow* also "probably

can be extended to situations in which joint liability is not at issue but several defendants have

closely related defenses."  Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2690 (4th ed.); *see*

*Diarama Trading Co. Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 CIV. 2950 (DAB), 2002

WL 31545845, at *4 (S.D.N.Y. Nov. 13, 2002) ("Decisions in this Circuit subsequent to *Vesco*

support extension of *Frow* to cases in which defendants are merely 'similarly situated.'").

Others have held that "if the liability sought to be imposed is joint and several rather than joint

. . . the rationale of *Frow* does not directly apply, since it would not be inconsistent to hold some

but not all defendants liable."  *Lite-Up Corp. v. Sony Music Ent., Inc.*, No. 97 CIV. 1546 (KTD)

(MHD), 1999 WL 436563, at *2 (S.D.N.Y. June 24, 1999).

    Regardless of whether or not *Frow* directly applies to cases asserting joint and several

liability, at the very least, courts have been "near-uniform" in holding that "where Plaintiffs'

theory is at least joint and several liability (if not true joint liability), a court should not enter

final judgment as to damages until after conclusion of the merits-phase of the proceedings

against the actively litigating defendants."  *Knowles-Carter v. Feyonce, Inc.*, No. 16-CV-2532

(AJN), 2017 WL 11567528, at *5 (S.D.N.Y. Sept. 23, 2017) (citing cases); *Lite-Up Corp.*, 1999

WL 436563, at *2 ("Nonetheless, even if the liability is joint and several and thus a default

judgment may be entered, it is appropriate to enter judgment solely as to liability and not as to

the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments.").  The Court finds that the risk of inconsistent damages awards presents a "just reason" to delay the entry of final judgment in this case as to the defaulting Defendants.

Accordingly, the Court vacates its February 11, 2021 order entering final judgment against all the Defendants.  Because a default constitutes an admission as to liability, the Court's July 29, 2019 order granting Plaintiffs' motion for default judgment remains valid as to the *liability* of the defaulting Defendants.  But the entry of final judgment as to the non-appearing Defendants will have to await the entry of final judgment as to the appearing Defendants—Yong Li Li and Li Jiang—who are now actively litigating the case.  *See Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (noting that "the proper procedure is to consolidate the inquest to determine the level of damages as to the defaulting defendants with the damages aspect of the trial against the non-defaulting defendants").

## CONCLUSION

For the foregoing reasons, the default judgments against Defendants Guang Jun Li and Cheng Chen are vacated.  Plaintiffs are ordered to serve Guang Jun Li and Cheng Chen with the complaint and summons in compliance with Rule 4 within 30 days or else the claims against them will be dismissed without prejudice.  The Clerk of Court is respectfully directed to vacate the entry of final judgment as to all Defendants.

SO ORDERED.

Dated:     January 21, 2022
           New York, New York

_____
Ronnie Abrams
United States District Judge

16