UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LIN, et al,

                                Plaintiffs,

-against-

GRAND SICHUAN 74 ST INC., et al,

                                Defendants.
-----------------------------------------------------------------X

**ORDER**

**15-CV-2950 (RA) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On December 31, 2022, Plaintiffs filed a motion for conditional collective certification under the Fair Labor Standards Act ("FLSA") (the "Motion"). Dkt. Nos. 303–05. On January 9, 2023, Defendants Li Jiang and Li Yong Li ("Defendants") filed a letter requesting that the Court strike the Motion to relieve Defendants "from having to expend unnecessary costs and expenses to defend Plaintiffs' Counsel's improper motion." Dkt. No. 306 at 1. For the reasons stated below, the Court denies the Motion without prejudice.

First, the Court's Individual Practices require that Plaintiffs request a pre-motion conference before Judge Willis before filing a motion for conditional collective certification. See Individual Practice II(A). However, Plaintiffs filed the Motion without requesting a pre-motion conference. Second, Plaintiffs' Motion is barred by the statute of limitations. Even if the Court applied the FLSA's three-year willful statute of limitations, such time period has surely run and does not cover the proposed collective, which concerns Defendants' employees between November 19, 2012 and April 30, 2016. Dkt. No. 304-2 at 2. The Motion also provides no argument

to support equitable tolling that would ameliorate the statute of limitations problem. See Dkt. No. 305 at 15–16.

Third, the Motion was filed after the June 30, 2022 deadline to join parties reflected in the parties' Case Management Plan and Report of Rule 26(f) Meeting (the "Case Management Plan"). See Dkt. No. 295. Conditional collective certification is the joinder of parties. See Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 70 n.1 (2013) (characterizing Section 216(b) of FLSA as a "joinder process"); Martinenko v. 212 Steakhouse Inc., No. 22-CV-518 (LJL), 2022 WL 1227140, at *4 (S.D.N.Y. Apr. 26, 2022) ("[I]t is precisely to inform potentially similarly situated employees that their rights have been violated and that there is a legal action they might join that FLSA permits conditional certification and the authorization of notice."); Canelas v. A'Mangiare, Inc., No. 13-CV-3630 (PED), 2016 WL 11700887, at *1 n.1 (S.D.N.Y. Aug. 5, 2016) (stating that opt-in plaintiffs "joined" the collective after defendants stipulated to a conditional certification); Anjum v. J.C. Penney Co., No. 13-CV-0460 (RJD) (RER), 2014 WL 5090018, at *8 (E.D.N.Y. Oct. 9, 2014) (§ 216(b) "is properly viewed as a rule of joinder under which only the individual opt-in plaintiffs have legal status, not the aggregate class of aggrieved employees"); Agudelo v. E & D LLC, No. 12-CV-960 (HB), 2013 WL 1401887, at *1 (S.D.N.Y. Apr. 4, 2013) (stating that plaintiffs "joined" the action after the Court granted plaintiffs' motion for conditional certification); Seward v. Int'l Bus. Machine Corp., No. 08-CV-3976 (VB), 2012 WL 860363, at *1 (S.D.N.Y. Mar. 9, 2012) (same); Winfield v. Citibank, N.A., 843 F. Supp. 2d 397, 401 (S.D.N.Y. 2012) (describing notice attached to conditional certification

motion as a consent to joinder); Lee v. ABC Carpet & Home, 236 F.R.D. 193, 196 (S.D.N.Y. 2006) ("In this way, Section 216(b) creates a device less like a Rule 23 class action and more like permissive joinder, allowing all employees similarly situated to join their cases in one action.") (internal citations omitted).  Plaintiffs anticipated filing a conditional collective certification motion in their Case Management Plan and neither filed the Motion by the joinder deadline nor addressed their tardiness in the Motion.  See Dkt. Nos. 295 ¶ 12; 305.

Accordingly, the Court denies the Motion without prejudice.  The Clerk of Court is directed to close docket number 307, which is denied as moot.

SO ORDERED.

DATED:   New York, New York
         January 11, 2023

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge