UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LIN, *et al.*,

                                Plaintiffs,

                  -against-

GRAND SICHUAN 74 ST INC., *et al.*,

                                Defendants.
------------------------------------------------------------------X

**ORDER**

**15-CV-2950 (JGLC) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

## BACKGROUND

On May 12th, the Court extended discovery to June 30, 2023. Dkt. No. 322. On the 30th, the Plaintiffs filed a Motion to Compel and a request to extend the deadline to file dispositive motions. Dkt. No. 323. The Defendants oppose. Dkt. No. 326.

In their letter, Plaintiffs assert that "Plaintiffs' post-deposition document production request is merely documents that were discussed at the defendant's deposition..." Dkt. No. 323. Defendants counter that "[t]here is no basis to extend the time for Plaintiffs to file motions for summary judgment since their document requests are repetitive of prior requests and there are no additional documents in response to these requests…Defendants do not have in their possession, custody or control any additional responsive documents than what has been produced." Dkt. No. 326.

Plaintiffs' post-deposition discovery request seeks employee records, lease agreements, and tax documents from the corporate defendants. Dkt. No. 327.

## LEGAL STANDARD

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1).

Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." In re LIBOR-Based Fin. Instruments Antitrust Litig., No. 11 MDL 2262 (NRB), 2023 WL 2871090, at *5 (S.D.N.Y. Apr. 10, 2023); Vaigasi v. Solow Mgmt. Corp., No. 11-CV-5088 (RMB)(HBP), 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016)("Information is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

As of the most recent amendments in 2015, "the scope of discovery is now defined to consist of information that is relevant to the parties' *claims and defenses*." Holland v. Lions Gate Ent. & Films, No. 21-CV-2944(AT)(JLC), 2023 WL 3554832, at *1 (S.D.N.Y. Apr. 13, 2023)(emphasis added).

The moving party "bears the initial burden of demonstrating relevance and proportionality." Butler v. Suria, No. 17-CV-3077 (KPF), 2018 WL 4278338, at *2 (S.D.N.Y. June 27, 2018). Once that showing has been made, "it is up to the responding party to justify curtailing discovery." Id.

## ANALYSIS

Here, Plaintiffs have certainly carried their burden and have successfully shown that the requested employee records are relevant to their Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims. See NYLL §

195(3) ("Every employer shall...furnish each employee with a statement with every payment of wages…").

Lease agreements are similarly relevant to the FLSA claims as the lease can assist in determining which entity was the Plaintiffs' functional employer. See Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, 72 (2d Cir. 2003) (describing a six-factor economic reality test for determining whether one is an "employer" under the FLSA, "whether a putative joint employer's premises and equipment are used by its putative joint employees is relevant because the shared use of premises and equipment may support the inference that a putative joint employer has functional control over the plaintiffs' work.").

Tax documents are also relevant. The Defendants have asserted an affirmative defense claiming a lack of enterprise coverage under the FLSA. See Defendants' Answer, Dkt. No. 297 at 28 ("Plaintiffs' Complaint is barred, in whole or in part, by Plaintiffs' failure to satisfy conditions precedent, and lack of jurisdiction, including but not limited to lack of enterprise or individual FLSA coverage."). Enterprise coverage "applies when an employer… is an enterprise whose annual gross volume of sales made or business done is not less than $500,000…" Salustio v. 106 Columbia Deli Corp., 264 F. Supp. 3d 540, 551 (S.D.N.Y. 2017) (Gorenstein, MJ).  Therefore, the Defendants' revenues are certainly relevant to an enterprise coverage defense. Tax documents reflecting revenues are thus clearly discoverable.

During the deposition of Defendant Li Jiang, the Counsel for Plaintiffs asked Ms. Jiang if she had located tax returns, payroll records, and other revenue records.[1]

---

[1] See Dkt. No. 327-4: Q. Did you attempt to locate the tax returns, though? A. I don't remember. Q. When you say "I don't remember," do you mean that you don't remember having looked for it? A.Well, because no one ever mentioned about wanting those types of documents. So, I was unaware, and I didn't know. Q. How about specifically Form 722,

Ms. Jiang seemed to say that that she could not remember looking for these documents, but at other points indicated she had already turned over everything to her attorney.[2]

In their letter, the Defendants asserted that "Defendants do not have in their possession, custody or control any additional responsive documents than what has been produced." Dkt. No. 326.

Therefore, **by October 6th**, the Defendants shall file a letter informing the Court if it has, in fact, already searched for and produced all the requested employee records, lease agreements, and tax documents in its possession. If not, the Defendant shall inform the Court and then shall have **until October 20th** to produce all such documents to the Plaintiffs.

Plaintiffs claim they "find it hard to believe" that these documents are not in the Defendants' possession. Dkt. No. 323.

But for the Court to conduct proceedings properly, "it must be able to rely upon representations made on the record by attorneys licensed to practice before it." Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., 328 F.R.D. 100, 118 (S.D.N.Y. 2018)(Aaron, MJ) *quoting* Younes v. 7-Eleven, Inc., 312 F.R.D. 692, 709 (D.N.J. 2015) ("the discovery provisions of the Federal Rules are meant to function without the need for constant judicial intervention, and ... [the] Rules rely on the honesty and good faith of counsel in dealing with adversaries.").

---

1096's or 1099's for your company or corporation, Grand Sichuan 74 St, Inc.?...A. No one informed me to look for those documents, so I was not aware, so I didn't do anything…Q. How about the payroll tax returns for your company? …A. No one ever mentioned about that, and I don't know where they are. Q. How about documents used in the preparation of taxes, regarding Grand Sichuan's gross volume of sales? A. No one ever mentioned anything to me about that, and I don't know where they are now.

[2] Q. Did you ever attempt to locate the data showing the name, position, title, compensation, earnings and contact information for the employees of Grand Sichuan 74 St, Inc.? A. I handed over all the information, everything, to the attorney.

If the Plaintiffs come across any evidence that the Defendants' representations were not truthful or were made in bad faith, the Plaintiff may move for leave to seek sanctions pursuant to Rule 37(b). But in the absence of demonstrable sanctionable conduct, the Court will take Counsel's representations at face value.

Next, the Defendant has also claimed, "Plaintiffs have produced zero documents even though required to pursuant to the requirements of Initial Disclosures." Dkt. No. 329. Thus, **Plaintiff has until October 6th** to provide all the initial disclosures required by Rule 26(a)(1).

The original case management plan from June 2022 did not include a deadline to file summary judgment motions. Dkt. No. 295. That case management plan further stated that the Parties intended to engage in mediation and settlement talks only "after discovery ends." Dkt. No. 295.

Therefore, given that the request for an extension of discovery was made prior to the close of discovery, the request to extend discovery is GRANTED. **The new fact discovery deadline is October 31, 2023**.

With further discovery required, the Parties must be permitted time to file dispositive motions. Thus, the request to extend the deadline to file dispositive motions is also GRANTED. **The Parties shall have until December 1st to file any dispositive motions**.

Additionally, for the purposes of completion and clarity, Defendants' letter motion "requesting that the Court reconsider a prior ruling that previously denied Defendants' informal request to remove Miao Wang and Youmin Shen from the

docket where they purport to be Plaintiffs…" is DENIED as untimely. [3] See SDNY Local Rule 6.3 ("a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion.").

Finally, **by November 3rd**, the Parties shall inform the Court via a joint letter if they are interested in a settlement conference or a referral to mediation.

**The Clerk of the Court is respectfully requested to close Dkt. Nos. 323 and 327.**

SO ORDERED.

DATED:   New York, New York
         October 2, 2023

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge

---

[3] The letter motion seeking reconsideration was filed on April 19, 2023. Dkt. No. 318. The Order it challenges was issued on January 25, 2023. Dkt. No. 315.