UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LIN *et al.*,

                                       Plaintiffs,

                    -against-

GRAND SICHUAN 74 ST INC. *et al.*,

                                       Defendants.
-----------------------------------------------------------------X

**ORDER**

**15-CV-2950 (JGLC) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

In October 2023, this Court issued an Order resolving various discovery matters. Dkt. No. 330. In that Order, the Court stated that despite the fact Plaintiffs claimed they "find it hard to believe" that Defendants did not have the requested documents in their possession, "in the absence of demonstrable sanctionable conduct, the Court will take Counsel's representations at face value." Dkt. No. 330. Nevertheless, in that Order, the Court gave the Defendant until October 6th to "file a letter informing the Court if it has, in fact, already searched for and produced all the requested employee records, lease agreements, and tax documents in its possession." Dkt. No. 330.

The Defendants did not file any letter with the Court. Then, at the end of October, Plaintiffs filed a Motion to Compel the requested documents and a follow-up letter asking the Court to deem Plaintiffs' letter unopposed. Dkt. Nos. 331 and 332.

In November, the Defendants filed a letter apologizing to the Court for failing to file the letter, complaining of Plaintiffs failure to meet and confer, and reiterating

that "Defendants have communicated to Plaintiffs counsel that it has produced all documents in its possession, custody in control." Dkt. No. 333.

Recently, in February 2024, this Court issued another Order directing the Parties to "meet and confer and provide a joint letter updating the Court on any outstanding discovery matters." Dkt. No. 330. Plaintiffs responded that "the only thing that remains outstanding is that Plaintiffs would like an affidavit from both Defendants regarding the efforts they made to make sure they have served all the documents in their possession." Dkt. No. 335. Defendants countered that "Whatever my clients had in their possession, custody, and control were turned over." Dkt. No. 335.

First, the Court notes that it previously ordered the Defendants to file a letter confirming it "already searched for and produced all the requested employee records, lease agreements, and tax documents in its possession," but that the Defendants never filed such a letter. Dkt. No. 330. The Court reiterates that if any evidence comes to light that such documents have not been searched for or are within Defendant's possession or control but have been withheld, the Court will consider harsh sanctions.

Second, in October, the Court already decided that Defendants are not required to submit affidavits regarding their search efforts. Dkt. No. 330. Therefore, Defendants are not required to submit an affidavit, and Plaintiffs' request for an affidavit is DENIED. Therefore, discovery is now closed.

The Parties shall have **until April 1st** to file any dispositive motions. Oppositions to any filed motions will be due by **April 22nd**, and any replies shall be due on **May 6th**.

**The Clerk of the Court is respectfully requested to close Dkt. Nos. 331, 332, 333, and 335.**

2

SO ORDERED.

DATED:    New York, New York
          February 22, 2024

*Jennifer E. Willis*
_____
JENNIFER E. WILLIS
United States Magistrate Judge

3