# TROY LAW, PLLC

### ATTORNEYS / COUNSELORS AT LAW

Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355

November 8, 2024

<u>Via ECF</u>
Hon. Jessica G. L. Clarke, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> **Re:**   **Plaintiffs' Response to Order to Show Cause**
> *Lin et al v. Grand Sichuan 74 St, Inc. et al*, No. 15-cv-02950 (JGLC) (JW), (S.D.N.Y.)

Your Honor,

We represent the Plaintiffs in the above-referenced matter. We write respectfully, in response to the Court's Order of November 6, 2024, to "show cause as to why Plaintiffs have standing to bring [claims under the New York Labor Law ("NYLL") for alleged wage notice and statements violations in light of *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300 (2d Cir. 2024)]," and additionally to "inform the Court of whether they wish to proceed with the[ir] Fair Labor Standard[s] Act ("FLSA") claims."

## WTPA Claims

Plaintiff can show an injury-in-fact due to nonprovision of notices, and thus standing to bring claims under the Wage Theft Prevention Act ("WTPA," N.Y. Lab. L. § 195), if he can "show some causal connection between the lack of accurate notices and the downstream harm. The legislature may have intended to empower employees to advocate for themselves, but unless the plaintiff-employee can show that he or she would have undertaken such advocacy and plausibly would have avoided some actual harm or obtained some actual benefit if accurate notices had been provided." *Guthrie*, 113 F.4th at 308.

Here, Plaintiffs Yong Jun Li, Wei Wei Ding, Li Weng, and Wei Ting Zhao allege a direct causal connection between their being denied "full and accurate paystubs" which ought to have contained their hours worked [1] and their affixing their signatures to "work schedules that [inaccurately] state[d] the number of work hours worked as forty (40) hours," which in turn yielded the harm of their "not [being] paid for all hours worked," because they were only paid according to the hours they had signed off on and not their hours worked. *See* Dkt. No. 79 ¶¶ 83, 87, 95 (Yong Jun Li); *id.* ¶¶ 96, 101, 109 (same); *id.* ¶¶ 112, 116, 123 (Wei Wei Ding); *id.* ¶¶ 160, 171 (Li Weng); *id.* ¶¶ 174, 178, 186 (Wei Ting Zhao). Had they been provided accurate paystubs to cross-check against the documents they were being asked to sign, they would have either refused

---

[1] *See* 12 N.Y.C.R.R. § 146-2.3.

Hon. Jessica G. L. Clarke, U.S.D.J.
November 8, 2024
*Lin et al v. Grand Sichuan 74 St, Inc. et al*, No. 15-cv-02950 (JGLC) (JW), (S.D.N.Y.)
Page 2 of 3

to sign the inaccurate work schedules unless and until they were made accurate. It was the denial of accurate information that induced them to sign off on inaccurate information.

Likewise, Plaintiffs allege that they were "not informed of [their] hourly pay rate," which induced them to take employment at wage rates that, it would turn out, would variously deny them pay for work beyond the fortieth hour of work due to being a salary[2] or would deny them minimum wage due to application of a tip credit about which they were supposed to be informed but were not,[3] or would use the food service worker tip credit for service employees.[4] *See* Dkt. No. 79 ¶¶ 78, 87, 90, 101, 104, 116, 118, 166, 178, 181.

Even if these allegations were not in the Complaint, "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." *See* Fed. R. Civ. P. 15(b)(2). Defendants never raised the issue of standing, even when asked by the Court at the November 4, 2024 pretrial conference whether they were raising it. Under these circumstances, and considering that the operative Complaint was filed six years before *TransUnion*, *see* Dkt. No. 79 (Sep. 30, 2016), the Court should permit the amendment of the Complaint to conform to evidence of downstream harm received at trial.

**FLSA Claims**

"[G]iven the overlap of [Plaintiffs' Fair Labor Standards Act ("FLSA") claims] with the[ir] NYLL claims, the prohibition on double recovery under both the FLSA and the NYLL, and Defendants' assertion at the November 4, 2024 conference that Defendants intend to litigate whether FLSA coverage applies," Plaintiffs would not object to dismissal of their FLSA claims *if and only if* the Court exercised its discretion to retain supplemental jurisdiction over the Plaintiffs' NYLL claims.

Under Section 1367(c) of Title 28 of the United States Code, a District Court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—… (3) the district court has dismissed all claims over which it has original jurisdiction…." 28 U.S.C. § 1367(c). However, even when this is true, the court is not required to dismiss the claims over which it has supplemental jurisdiction. *See Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018). Rather, "'[a] district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in [*United Mine Workers of America v.* ]*Gibbs*[, 383 U.S. 715, 726 (1966)]: economy, convenience, fairness, and comity.'" *Id.* (quoting *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004).

Here, declining supplemental jurisdiction would not promote the values articulated in *Gibbs* because this case is at an advanced stage of the litigation, with trial immanent and a jury

---

[2] *See* 12 N.Y.C.R.R. § 3.5(b).
[3] *See* 12 N.Y.C.R.R. § 146-2.2(d)
[4] *C.f.* 12 N.Y.C.R.R. §§ 146-1.3(a), 146-1.3(b); *see also id.* §§ 146-3.3, 146-3.4.

Hon. Jessica G. L. Clarke, U.S.D.J.
November 8, 2024
*Lin et al v. Grand Sichuan 74 St, Inc. et al*, No. 15-cv-02950 (JGLC) (JW), (S.D.N.Y.)
Page 3 of 3

pool called up, and with this Court well familiar with the issues in the case even prior to trial. Given the posture of this case, there would be considerable hardship and inconvenience to all parties should Plaintiffs be forced to refile in state court. Dismissal here would not promote judicial economy and dismissal would not advance comity between state and federal courts, as this is a wage-and-hour case of the type that is tried in federal courts every day. *See Catzin*, 899 F.3d at 86.

We thank the Court for its attention to and consideration of this matter.

Respectfully submitted,
TROY LAW, PLLC


 /s/ John Troy
John Troy
*Attorney for Plaintiffs*


cc: via ECF
    all counsel of record
    /asb