UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YUNJIAN LIN, et al.,<br><br>        Plaintiffs,<br><br>-against-<br><br>GRAND SICHUAN 74 ST INC., et al,<br><br>        Defendants. | 15-CV-2950 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

  The Court has reviewed Plaintiffs' response to the Order to Show Cause issued at ECF No. 351. Examining the issue of standing under a 12(b)(1) standard, *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992), the Court determines the following.

  First, Plaintiffs Yong Jun Li, Wei Wei Ding, Li Weng, and Wei Ting Zhao have sufficiently established standing at this stage for their wage statements claims under the New York Labor Law and may litigate this issue at trial. Plaintiffs allege that they were required to sign inaccurate wage statements that understated their actual hours, which determined the amount they were paid. *See* ECF No. 79 ¶¶ 83, 87, 95 (Yong Jun Li); *id.* ¶¶ 96, 101, 109 (same); *id.* ¶¶ 112, 116, 123 (Wei Wei Ding); *id.* ¶¶ 160, 171 (Li Weng); *id.* ¶¶ 174, 178, 186 (Wei Ting Zhao). They, therefore, plausibly allege that the failure to provide adequate wage statements caused downstream harm to these Plaintiffs. *See Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 308–09 (2d Cir. 2024). To the extent Plaintiffs have not expressly alleged this harm, the Court permits Plaintiffs to present evidence of downstream harm at trial and "to amend the pleadings to confirm them to [that] evidence." Fed. R. Civ. P. 15(b)(2). Defendants have not objected to this evidence being presented at trial, having not contested the issue of standing at all, and as such, they would not be prejudiced as a result. Accordingly, Plaintiffs Yong Jun Li, Wei Wei Ding, Li Weng, and Wei Ting Zhao are permitted to present this claim and present evidence of downstream harm at trial. Wage statement claims brought by all other Plaintiffs are dismissed without prejudice for lack of subject matter jurisdiction.

Second, Plaintiffs have failed to demonstrate, at this stage of the litigation, that they have standing to pursue their wage notice claims, and as such, those claims are dismissed for lack of subject matter jurisdiction. The Complaint does not sufficiently allege that Plaintiffs suffered any downstream harm from the lack of adequate wage notices. In Plaintiffs' response to the Court's Order to Show Cause on standing, Plaintiffs argue that they were harmed because they were "induced to take employment at wage rates that…would variously deny them pay for work beyond the fortieth hour of work due to being a salary or would deny them minimum wage due to application of a tip credit about which they were supposed to be informed but were not, or would use the food service worker tip credit for service employees." But Plaintiffs' argument does not explain how they would have acted differently if they had been provided adequate wage notices, and merely amounts to allegations of "informational injury" insufficient to establish standing. *See Guthrie*, 113 F.4th at 307–08; *Gao v. Savour Sichuan Inc.*, No. 19-CV-2515 (JPC), 2024 WL 664718, at *25 (S.D.N.Y. Feb. 16, 2024). All wage notice claims are dismissed without prejudice for lack of standing.

Finally, Plaintiffs do not object to the dismissal of their Fair Labor Standards Act claims if the Court exercises supplemental jurisdiction over the Plaintiffs' New York Labor Law claims. As the state law claims arise from the same controversy as the federal claims, the Court will exercise supplemental jurisdiction over the New York Labor Law claims. As such, all claims under the Fair Labor Standards Act are dismissed.

Dated:  November 11, 2024
        New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge