

ERIC R. STERN, ESQ.
Founding Partner
Cell (917) 741-3025
EStern@SternLawGroup.com

November 16, 2024

**BY ECF**
Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

　　　　Re:　　*Lin v. Grand Sichuan 74*, Case Number 15-cv-2950 (JGLC)

Dear Judge Clarke,

　　On behalf of Defendants Li Jiang, Yong Li Li, Grand Sichuan 74, and Grand Sichuan 75 ("*Defendants*"), we respectfully submit this letter to supplement our prior application and highlight conduct by Plaintiffs' Counsel that is directly relevant to resolving the claims of Plaintiffs Wei Wei Ding, Wei Ting Zhao, and Yuhai Zhu.

　　Despite their failure to appear at trial or present any testimony or evidence, the Court's current rulings require Defendants to defend against these Plaintiffs' claims before the jury. Plaintiffs' Counsel has provided no explanation for their absence, disregarded prior representations that they would testify, and continues to argue that unrelated pay records might suffice to support their claims. This leaves Defendants unfairly tasked with addressing claims for which no supporting evidence has been introduced.

　　In researching how to address this unprecedented scenario, we discovered a troubling precedent involving Plaintiffs' Counsel, which prompted us to write this letter and request reconsideration.

　　In *Chen v. Hunan Manor Enterprise, Inc.*, 17-cv-00802-GBD-GWG, Plaintiffs' Counsel similarly represented that certain Plaintiffs would testify, only for them to fail to appear at trial without notice. Judge Daniels dismissed the absentee Plaintiffs' claims with prejudice, finding their absence fundamentally prejudicial to Defendants and rendering it impossible for the jury to fairly adjudicate their claims.

　　Given the parallels to this case and the significant prejudice caused to Defendants, we respectfully request that this Court dismiss the claims of Plaintiffs Ding, Zhao, and Zhu with prejudice before the case proceeds to the jury.



Honorable Jessica G. L. Clarke, U.S.D.J.
November 16, 2024

### 1. Plaintiffs' Failure to Appear Is Prejudicial and Highlights a Pattern of Mismanagement

On multiple occasions, Plaintiffs' Counsel, Aaron Schweitzer of Troy Law, assured the Court and Defendants—both verbally at the pre-trial conference and in writing—that all Plaintiffs would appear and testify. His assurances were so confident that during the pre-trial conference, the Court quipped, "We will need more chairs at Plaintiffs' table" to accommodate them. Despite these representations, Mr. Schweitzer abruptly rearranged the witness schedule on Day 1 of trial, citing purported work conflicts for certain witnesses. This excuse now appears implausible.

It was not until the third day of trial that Mr. Schweitzer disclosed to both the Court and Defendants that Plaintiffs Wei Wei Ding, Wei Ting Zhao, and Yuhai Zhu would not appear at all, claiming he was unable to locate them. This late notice severely prejudiced Defendants. Based on Mr. Schweitzer's earlier assurances, Defendants spent the evening preparing for cross-examination of these Plaintiffs rather than for the presentation of their own case. It was only upon arriving at court on Day 3 that Mr. Schweitzer revealed these Plaintiffs would not appear and that Plaintiffs would rest their case.

Although Mr. Schweitzer initially attributed their absence to work conflicts, no credible explanation or additional information has been provided in the five days since that disclosure.

More troubling, this is not an isolated incident. During research, Defendants uncovered a similar pattern of conduct by Mr. Schweitzer in *Chen v. Hunan Manor Enterprise, Inc.*, 17-cv-00802-GBD-GWG. In that case, Judge Daniels dismissed absentee Plaintiffs' claims with prejudice, finding that their absence, procured by their own actions and without notice, prejudiced Defendants and undermined the integrity of the judicial process. See *Shin Ming Chen v. Hunan Manor Enter., Inc.*, 2023 WL 5574854, at *5 (S.D.N.Y. Aug. 29, 2023).

Similarly, in this case, Mr. Schweitzer's conduct undermines the judicial process, prejudices Defendants, and warrants the dismissal of these Plaintiffs' claims with prejudice.

### 2. Plaintiffs' Absence Precludes Proper Adjudication and Severely Prejudices Defendants

Under the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL), Plaintiffs bear the burden of proving, by a preponderance of the evidence, that they were inadequately compensated and of demonstrating the number of hours they worked. See *Hassoun v. Searls*, 968 F.3d 190, 202 (2d Cir. 2020); *Solis v. SCA Rest. Corp.*, 938 F. Supp. 2d 380, 392 (E.D.N.Y. 2013). This burden is typically met through credible evidence, often in the form of Plaintiffs' own testimony. See *Romero v. Rung Charoen Sub, Inc.*, 2017 WL 4480758, at *4 (E.D.N.Y. Sept. 30, 2017).



Honorable Jessica G. L. Clarke, U.S.D.J.
November 16, 2024

---

Here, the absence of Plaintiffs Wei Wei Ding, Wei Ting Zhao, and Yuhai Zhu deprives the jury of any testimony to support their claims. Without their testimony, there is no credible evidence regarding their employment, hours worked, or wages received. The jury cannot evaluate whether they were employed by Defendants, whether they worked the hours claimed, or whether they were underpaid.

Allowing the jury to consider claims from absent Plaintiffs based solely on wage and hour records is insufficient and severely prejudicial. Without corroborating testimony, these records cannot confirm whether the absent Plaintiffs are the individuals reflected in the documents or if the records pertain to work performed by them. This lack of verification undermines the integrity of the trial and deprives Defendants of any meaningful opportunity to defend against these claims.

### 3. Legal Precedent Mandates Dismissal of These Claims

The reasoning in *Chen v. Hunan Manor Enterprise, Inc.* is directly applicable here. In *Chen*, the Court dismissed the claims of absent Plaintiffs, holding that their failure to appear precluded meaningful adjudication of their claims and constituted abandonment. Similarly, Plaintiffs' Counsel's delayed disclosure and inability to produce Plaintiffs Ding, Zhao, and Zhu reflect a clear abandonment of their claims and a failure to prosecute.

---

### 4. Conclusion

The absence of Plaintiffs Wei Wei Ding, Wei Ting Zhao, and Yuhai Zhu from trial is not merely inconvenient; it is fatal to their claims. Their failure to appear has deprived Defendants of a fair opportunity to defend against their allegations and left the jury with no evidentiary basis to consider their claims.

Accordingly, Defendants respectfully request that the Court dismiss the claims of Plaintiffs Ding, Zhao, and Zhu with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and consistent with the reasoning in *Chen v. Hunan Manor*.

We remain available to provide further briefing or argument as needed. Thank you for your attention to this matter.

Respectfully submitted,

STERN LAW GROUP

*[signature]*

Eric R. Stern, Esq.