UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUNJIAN LIN, et al.,

                                        Plaintiffs,

                    -against-

                                                        15-CV-2950 (JGLC)

GRAND SICHUAN 74 ST, INC. d/b/a Grand
Sichuan 74, et al.,

                                        Defendants.

JESSICA G. L. CLARKE, United States District Judge:

After a jury trial, the jury returned a verdict in favor of some Plaintiffs on minimum wage

and spread-of-hours claims under the New York Labor Law. The Court Exhibits from the jury

trial are appended to this Order:

- Court Exhibit 1: Draft *Voir Dire* Questions

- Court Exhibit 2: Draft Preliminary Jury Instructions

- Court Exhibit 3: Draft Preliminary Instructions PowerPoint

- Court Exhibit 4: Final *Voir Dire* Questions

- Court Exhibit 5: Final Preliminary Jury Instructions

- Court Exhibit 6: Final Preliminary Instructions PowerPoint

- Court Exhibit 7: Stipulations

- Court Exhibit 8: Draft Final Jury Instructions

- Court Exhibit 9: Draft Verdict Form

- Court Exhibit 10: Draft Jury Instructions PowerPoint

- Court Exhibit 11: Final Verdict Form

- Court Exhibit 12: Final Annotated Jury Instructions

- Court Exhibit 13: Final Jury Instructions PowerPoint

- Court Exhibit 14: Final Unannotated Jury Instructions

- Court Exhibit 15: Jury Note of November 19, 2024 at 5:00 p.m.

- Court Exhibit 16: Completed Verdict Form

Dated:  November 27, 2024
        New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

**Court Exhibit 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YUNJIAN LIN, et al., | |
| Plaintiffs, | |
| -against- | 15-CV-2950 (JGLC) |
| GRAND SICHUAN 74 ST, INC. d/b/a Grand Sichuan 74, et al., | |
| Defendants. | |

JESSICA G. L. CLARKE, United States District Judge:

## QUESTIONS FOR JURORS

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question. If your answer to a question is "no," you need not do anything. Do not write your name or make any other marks on the questionnaire. The only marks you should make are circles around the questions for which the answer is "yes." If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

### A. General Questions

1. This trial is expected to end by next Tuesday, November 19. Do you have any commitments that would interfere with your serving as a juror at a trial?

2. Do you have any personal knowledge of the allegations in this case as I have described them?

3. Have you read or heard anything about this case through the media, the Internet or any other source?

4. Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

5. Do you have any doubt that you will be able to apply the law as I explain it to you, even if you disagree with the law or believe that it should be different?

6.  If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

**B.  <u>Knowledge of People or Places</u>**

7.  The plaintiffs in this case are Yunjian Lin, Yong Jun Li, Wei Wei Ding, Li Weng, Wei Ting Zhao, Yuhai Zhu, Youmin Shen, and Miao Wang. Do you know, or have you had any dealings, directly or indirectly, with any of them?

8.  The plaintiff will be represented at trial by attorneys Aaron Schweitzer and John Troy from the law firm Troy Law, PLLC. Do you know Mr. Schweitzer or Mr. Troy? Have you, or has anyone close to you, ever had dealings with Mr. Schweitzer or Mr. Troy or the law firm of Troy Law, PLLC?

9.  The defendants in this case are Li Jiang and Yong Li Li. Do you know, or have you had any dealings, with Li Jiang or Yong Li Li?

10. The defendants will be represented by Erin R. Stern of the Stern Law Group? Do you know Mr. Stern or his firm? Have you, or anyone close to you ever had any dealings with Mr. Stern or his firm?

11. Do you know me, Judge Clarke, or have you had any prior experience in a case that was before me?

12. The following individuals and entities may be mentioned during the trial, or may be witnesses in this case:

     a.  Yunjian Lin;

     b.  Yong Jun Li;

     c.  Wei Wei Ding; New York City Department of Correction

     d.  Li Weng;

     e.  Wei Ting Zhao;

     f.  Yuhai Zhu;

g.   Youmin Shen;

h.   Miao Wang;

i.   Li Jiang;

j.   Guang Li Li;

k.   Yong Li Li;

l.   Guang Jun Li;

m.  Grand Sichuan 74, 307 Amsterdam Avenue, New York, NY 10023;

n.   Grand Sichuan NY, 227 Lexington Avenue, New York, NY 10016;

o.   Grand Sichuan 74 St, Inc. doing business as Grand Sichuan 74;

p.   Grand Sichuan 75 St, Inc. doing business as Grand Sichuan 74; and

q.   Grand Sichuan NY Inc. doing business as Grand Sichuan NY.

Other than what you have disclosed in response to previous questions, do you know any of these individuals or entities? Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals or entities?

## C.  Personal Experiences and Opinions

13. Have you ever worked in a restaurant?

14. Have you ever owned your own business with employees?

15. Have you or anyone close to you ever had a dispute regarding overtime or minimum wage issues with an employer or employees?

16. Have you ever served as a juror in a civil case in any court?

17. Have you, or anyone close to you, ever been a party to a lawsuit, either as a plaintiff or defendant?

18. Do you have any strong views about lawsuits that you think may affect your ability to be impartial in this case?

19. Do you have any difficulty being fair and impartial in assessing the testimony of witnesses regardless of the witness's gender, race, national origin, religion, age, or disability?

20. Several witnesses will testify in Mandarin Chinese with the aid of a Mandarin-to-English interpreter. Will this impact your ability to render a fair and impartial verdict?

21. Do you have strong feelings about people living or working in the United States who do not speak English such that you could not render a fair and impartial verdict in this case?

**D. <u>Difficulties in Understanding or Serving</u>**

22. Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

23. Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

24. Do you have any difficulty in reading or understanding English?

25. Is there anything that I have not asked you about that would make you uncomfortable about sitting on this case, or that makes you feel like you cannot be a fair and impartial juror in this case?

**Court Exhibit 1**

### Questions for Individual Jurors

1. Please state your name, your county of residence, your borough if you live in one and your neighborhood. Have you lived in this county for more than five (5) years?

2. How old are you?

3. Do you rent or own your home?

4. How far did you go in school and what schools did you attend, beginning with high school? (If college, what was your field of study in college?)

5. Are you employed? If so, who is your employer and what are your general job duties? (If retired or unemployed, please identify your last employer and general job duties.)

6. How long have you been employed in your current position? If fewer than five (5) years, where else did you work in the last five (5) years?

7. Who are the members of your household and for whom do they work?

8. If you have grown children, for whom do they work? If any are college students, what is their field of study?

**Court Exhibit 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YUNJIAN LIN, et al., | |
| Plaintiffs, | |
| -against- | 15-CV-2950 (JGLC) |
| GRAND SICHUAN 74 ST, INC. d/b/a Grand Sichuan 74, et al., | |
| Defendants. | |

JESSICA G. L. CLARKE, United States District Judge:

<u>**Preliminary Instructions**</u>

## I.    DUTY OF THE JURY

Now that you have been sworn, let me give you some instructions about your duties as jurors and give you instructions that will help you understand what will be presented during trial. At the end of the trial, I will give you instructions again, and those instructions will control your deliberations.

At the end of the presentation of the evidence and after my final charge to you, it will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are and then apply those facts to the law, which I will give to you. That is how you will reach your verdict.

My duty is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them. On these legal issues, you must take the law as I give it to you, whether you agree with it or not. If any attorney states a legal principle different from any that I state to you in my instructions, it is my instruction that you must follow.

**Court Exhibit 2**

You must not take anything I may say or do during the trial as indicating what your verdict should be. I will not express or imply any opinions about which witnesses you should believe, what facts are established or what inferences should be drawn from the evidence.

You are the sole judges of all the questions of fact submitted to you. As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it.

## II.    EVIDENCE IN THIS CASE

You will decide what the facts are from the evidence that will be presented in court. That evidence will consist of the testimony of witnesses; documents and other things received into evidence as exhibits; and any facts that that the lawyers agree to or admit, or that I may instruct you to find.

There are two kinds of evidence: direct and circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which you can find another fact. You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both or to none; it is up to you to decide how much weight, if any, to give to any evidence.

There is no formula by which you should evaluate testimony or exhibits. I will, however, give you some guidelines for determining the credibility of witnesses at the end of the case. Right now, I will just say that you bring with you to this courtroom all of the experience and background of your lives. You do not have to leave your common sense outside the courtroom. The same types of tests that you use in your everyday dealings are the tests that you will apply in your deliberations.

**Court Exhibit 2**

It is essential, however, that you keep an open mind until you have heard all of the evidence in the case. A case can be presented only step by step, witness by witness. As you know from experience, you can hear one person give his or her version of an event and think it sounds very impressive or even compelling, and yet, upon hearing another person's version of the same event – or even the same person cross-examined with respect to the event – things may seem very different. In other words, there may be another side to any witness's story. You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances. Again, I cannot emphasize too strongly that you must keep an open mind until the trial is over. You should not reach any conclusions until you have all the evidence before you.

During the trial, I may sustain objections to questions asked. When that happens, I will not permit the witness to answer or, if the witness has already answered, I will instruct that the answer be stricken from the record and that you disregard it and dismiss it from your minds. In reaching your decision, you may not draw any inference from an unanswered question. Nor may you consider testimony that I have ordered stricken from the record.

You should not show any bias against an attorney or the attorney's client because the attorney objected to the admissibility of evidence or asked the Court for a ruling on the law.

### III.    WHAT IS NOT EVIDENCE

You should also understand what is not evidence. What the attorneys say in their opening statements, closing arguments, objections or questions is not evidence. Neither is the testimony that I instruct you to disregard. Moreover, anything that I say is not evidence.

The only oral testimony that is evidence comes from the witnesses. What the lawyers say in their arguments to you is not evidence. Their arguments are commentary to help you understand the evidence. For example, in opening statements, the lawyers will tell you what they

expect the evidence to show, but what they say is not evidence, and it is only what is actually

introduced into evidence that you may consider in reaching your verdict. If, in the course of your

deliberations, your recollection of the facts differs from the lawyers' arguments, it is your

recollection that controls.

### IV.    TIME LIMIT

I have imposed time limits on the parties to try their case. Each side has a fixed amount

of time for argument and for witness testimony.

### V.    BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Please remember, this is a civil case. Those of you who have sat on criminal cases will

have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case,

and you should put it entirely out of your mind. In civil cases, the burden is different, and it is

called proof by a preponderance of the evidence. A preponderance of the evidence means the

greater weight of the evidence. To prove something by a preponderance of the evidence means to

prove that a fact is more likely true than not true. I will instruct you fully on the burden of proof

at the conclusion of the trial.

### VI.    MULTIPLE CLAIMS AND MULTIPLE PARTIES

This claim has more than one Plaintiff, and more than one Defendant, as well as multiple

claims. Keep in mind that each Plaintiff's claims are to be considered separately, even if you

hear the plaintiffs being referred to collectively as "Plaintiffs." In the same vein, you must

consider the evidence against each Defendant separately. Each Defendant is entitled to a fair

consideration of the evidence relating to that Defendant, and is not to be prejudiced by any

finding you make for or against any other Defendant.

### VII.    SUMMARY OF THE PARTIES' CLAIMS

Court Exhibit 2

This is a labor law case. The Plaintiffs in this case are Yunjian Lin, Yong Jun Li, Wei

Wei Ding, Li Weng, Wei Ting Zhao, Yuhai Zhu, Youmin Shen, and Miao Wang. There are

several Defendants in this case, but you will only be considering the liability of Defendants Li

Jiang and Yong Li Li.

Plaintiffs each allege that they were employees of the Defendants. Plaintiffs have brought

five categories of claims against the Defendants: first, for failure to pay Plaintiffs the minimum

wage rate; second, for failure to pay Plaintiffs overtime wages; third, for failure to pay Plaintiffs

spread-of-hours wages; fourth, for failure to provide Plaintiffs written notices about wage

information; and fifth, for failure to provide Plaintiffs wage statements containing wage

information. Plaintiffs are seeking money damages from the Defendants. Defendants deny these

allegations and allege that the Plaintiffs were paid all the minimum wages and overtime they

were owed.

### **Substantive Jury Instructions**

## VIII.   INTRODUCTION

I'm now going to tell you about some of the law that you will have to apply to the facts as

you find them. These are only preliminary and summary instructions. They are to help you

evaluate the evidence in light of what you will be asked to do after you have heard all the

evidence. The final instructions that I give you at the end of the trial will contain more detail

about the applicable law. To the extent that that there are any differences between these

preliminary instructions and the final instructions at the end of trial, the final instructions will be

controlling, meaning that those final instructions are the ones you must follow in your

deliberations.

## IX.    SUBSTANTIVE LAW

Plaintiffs bring this action under the federal Fair Labor Standards Act, otherwise known as the "FLSA," and the New York State Labor Law. Before we get to the five claims, there are three initial matters that Plaintiffs will need to prove throughout today's trial.

First, the FLSA requires Plaintiffs to prove that the Defendants were an enterprise engaged in commerce, or the production of goods for commerce.

Second, the FLSA and the New York Labor Law require Plaintiffs to prove that they were employees of the Defendants.

Third, if the Plaintiffs were employees of the Defendants, they must then prove the duration of their employment.

Now I will tell you about the five claims. Keep in mind that you will only evaluate these claims for the Defendants that the Plaintiffs prove were their employers.

### A. Minimum Wage Claims

The first claim against the Defendants is for failure to pay the Plaintiffs the minimum wage rate. Both the FLSA and the New York Labor Law require that employees be paid at least a certain wage per hour. This is called the minimum wage rate. At the end of this trial, I will instruct you on how to determine what the minimum wage rate is under the FLSA and the New York Labor Law. Then it will be your job to calculate, based on the evidence today, whether each Plaintiff was paid that minimum wage rate.

In making those calculations, you will be asked to determine how many hours each Plaintiff worked each day, how many days he worked each week, and the number of hours he worked each week.

You should also keep in mind something called Tip Credit. The minimum wage rate may be lowered for employees who spend most of their work time performing service jobs that earn tip. Generally, to claim a Tip Credit, an employer must prove that the Plaintiff regularly received tips of $30 or more each month, that the employer notified the Plaintiff about the Tip Credit, and that the Plaintiff retained the tips received from customers. At the end of the trial, you will be asked to determine if a Tip Credit applies to each Plaintiff.

### B.  Overtime Claims

The second claim is for failure to pay Plaintiffs overtime wages. A Plaintiff is entitled to overtime pay if he works more than 40 hours in a week. Any hours that Plaintiff works in excess of 40 hours in a single week are called overtime hours. An employee must be paid at a rate of at least 1.5 times his regular pay rate or the minimum wage rate, whichever is greater, for any overtime hours. At the end of the trial, you will be asked to determine whether each Plaintiff worked overtime, and if so, whether they were adequately paid for overtime work.

### C.  Spread of Hours Claims

The third claim is for failure to pay Plaintiffs spread of hours wages. The "spread of hours" is the length of the interval between the beginning and the end of an employee's workday, including any breaks. An employee is entitled to an extra hour of pay at the minimum wage rate for any day that he works when his spread of hours exceeds ten hours. You will be asked to determine whether a Plaintiff's spread of hours ever exceeded ten hours, and if so, whether Plaintiff was appropriately compensated on those days.

### D.  Wage Notice Claims

The fourth claim is for failure to provide adequate wage notices. Employers are required to provide employees with a written wage notice within ten business days of their first day of

employment. This notice must be in English and in the language that the employee identifies as their primary language. This notice must include information such as the rate of pay and the basis for that rate, allowances claimed as a part of the minimum wage such as tip credit, the regular pay day, the name of the employer, any 'doing business as' names of the employer, the address of the employer, and the phone number of the employer. You will be asked to determine if the Defendants provided this notice to each Plaintiff.

Plaintiffs in federal court can only recover damages for the failure to provide adequate wage notices if they suffered actual harm. If you find that Defendants failed to provide this notice to a Plaintiff, you will also be asked to determine if that Plaintiff suffered any injury because of Defendants' failure to provide notice.

### E. Wage Statement Claims

The fifth claim is for failure to provide adequate wage statements. Employers are required to provide employees with a statement of wages with every payment of wages. These wage statements must include information such as the dates of work covered by the payment, the name, address, and phone number of the employer, the rate of pay and the basis for that rate, deductions, and allowances. For employees not exempt from overtime, the statement must also include overtime information such as overtime rate of pay and overtime hours worked. You will be asked to determine if the Defendants provided all, some, or none of these wage statements to each Plaintiff, as well as the period of time, if any, these wage statements were not provided with wage payments.

Like wage notices, Plaintiffs in federal court can only recover damages for the failure to provide adequate wage statements if they suffered actual harm. If you find that Defendants failed

to provide wage statements to a Plaintiff, you will also be asked to determine if that Plaintiff

suffered any injury because of Defendants' failure to provide the statements.

### F.  Good Faith

Finally, if you find that any of the Defendants failed to pay a Plaintiff the minimum

wage, pay overtime wages, pay spread of hour wages, provide a wage notice, or provide wage

statements, you will then need to determine if the Defendants nonetheless acted in good faith.

The law will lessen a Defendants' liability if they acted in good faith. To act in good faith is to

act with objectively reasonable grounds for believing that the acts or omissions at issue did not

violate the law. It is the Defendants' job to prove they acted in good faith.

### <u>Conduct of the Jury and Outline of the Trial</u>

This concludes our preliminary discussion of the law. I will now tell you about the

conduct of the jury and the outline of the trial.

### X.    INSTRUCTIONS ON NOTETAKING

Each of you has been provided a notebook and pen. You do not have to take notes, but

you may if you wish. Please be sure though that any notetaking does not interfere with your

listening to and considering all of the evidence. Also, if you do take notes, you must not show

them to, or discuss them with, any other juror or anyone else at any time, either before or during

your deliberations. Any notes you take are to be used solely to assist you, and your notes are not

to substitute for your recollection of the evidence. The fact that a particular juror takes notes

entitles that juror's views to no greater weight than those of any other juror. If, during your

deliberations, you have any doubt as to any of the testimony, you will be permitted to request

that the official transcript that is being made of these proceedings be read to you.

Ms. Tran, my Courtroom Deputy, will safeguard your notebooks during breaks at the end of each day and secure them. No one is permitted to review your notes. After the trial has concluded, the notebooks and your notes will be collected and destroyed. If you do plan to take notes, please write your juror number and name and initials on the cover so you will know the notebook is yours.

## XI.    General Instructions

I should also caution you about certain principles governing your conduct as jurors.

First, do not talk to each other about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror in a case but don't tell them anything else about it until after you have been discharged by me. No communicating about the case means absolutely no communicating about the case on Facebook, Twitter, blogs, on social media or anywhere online. Do not comment on social media about this case or the fact that you are a juror; do not update your status or any website to reflect that you are a juror.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately through Ms. Tran, my Courtroom Deputy. You should not, however, discuss with your fellow jurors either that fact or any other fact that you feel is necessary to bring to the attention of the Court.

Fourth, do not converse, whether in or out of the courtroom, with any of the parties or the attorneys or any witness. By this I mean, not only do not converse about the case, but do not

converse at all, even to ask the time of day. In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors. I have instructed the lawyers and the parties that they are not to speak to you or even acknowledge you with a "hello" or "good morning" outside the courtroom. So, do not hold it against them if they ignore you or leave an area that you are in. They are simply following my instructions. The reason for this rule is simple. Someone watching from a distance might not hear what is said between an attorney and a juror, and even a pleasantry could create a misimpression.

To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the courtroom or the jury room for the duration of the trial day. You should use the bathrooms in the jury room rather than the bathrooms on this or any other floor; as you were probably told already, you may not use the cafeteria. Given that our morning and afternoon breaks will be short, it is best that you remain in the jury room if you can.

Fifth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

Sixth, do not do any research or any investigation about the case on your own. You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case and the parties involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Do not visit any place you may hear described during the trial. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case has ended.

The parties are entitled to have you personally render a verdict in this case on the basis of your independent evaluation of the evidence presented here in the courtroom. Obviously, speaking to others about this case, including your family, before you deliberate or exposing yourself to evidence outside the courtroom would compromise your service and fairness to the parties.

Finally, I expect you to inform me immediately, through my Deputy, if you become aware of another juror's violation of these instructions.

## XII.    OUTLINE OF TRIAL

I would like to summarize the stages of the trial for you.

First, each side may, but doesn't have to, make an opening statement. An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, and it is offered to help you follow the evidence.

Next, you will hear from witnesses. Both parties question each witness. Many of the witnesses are being called by both parties, so you should not attach any significance to the order in which they are called. You may consider the relevant testimony of all witnesses, regardless of who may have called them.

After all the witnesses have testified, I will again give you instructions on the law. The parties will then make their closing arguments to summarize and give you their interpretation of

**Court Exhibit 2**

the evidence. Like opening statements, the closing arguments are not evidence. After the closing

arguments, you will retire to deliberate on your verdict.

Please do not make up your mind about what the verdict should be until the very end of

the trial – after I have instructed you on the law at the end of the case and you have gone to the

jury room and you and your fellow jurors have discussed the evidence. Keep an open mind until

then. The parties deserve, and the law requires, that you give them an opportunity to be fully

heard.

## XIII.   CONDUCT OF THE TRIAL

In general, you should be in the jury room by 9:45. Please allow time to get through

security. We will sit from 10:00 a.m. – 4:30 p.m. each day until we are finished. I expect the trial

will end by the end of the week.

There will be a one-hour lunch break around 12:30 p.m. and a 15-minute break mid-

morning and mid-afternoon. No other breaks. Please plan accordingly. Please be here early if

possible, and always be on time.

# *Yunjian Lin, et al.,*
# v.
# *Grand Sichuan 74 St., Inc., et al.*

15-CV-2950

United States District Court for the Southern District of New York

November 12, 2024

**Court Exhibit 3**

# Plaintiffs' Claims

- Minimum wage

- Overtime

- Spread of hours

- Wage notice

- Wage statement

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YUNJIAN LIN, et al.,<br><br>                  Plaintiffs,<br><br>        -against-<br><br>GRAND SICHUAN 74 ST, INC. d/b/a Grand<br>Sichuan 74, et al.,<br><br>                  Defendants. | 15-CV-2950 (JGLC) |

JESSICA G. L. CLARKE, United States District Judge:

## <u>QUESTIONS FOR JURORS</u>

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question. If your answer to a question is "no," you need not do anything. Do not write your name or make any other marks on the questionnaire. The only marks you should make are circles around the questions for which the answer is "yes." If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

### A. <u>General Questions</u>

1. This trial is expected to end by next Wednesday, November 20. Do you have any commitments that would interfere with your serving as a juror at a trial?

2. Do you have any personal knowledge of the allegations in this case as I have described them?

3. Have you read or heard anything about this case through the media, the Internet or any other source?

4. Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

5. Do you have any doubt that you will be able to apply the law as I explain it to you, even if you disagree with the law or believe that it should be different?

6. If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

**B. <u>Knowledge of People or Places</u>**

7. The plaintiffs in this case are Yunjian Lin, Yong Jun Li, Wei Wei Ding, Li Weng, Wei Ting Zhao, Yuhai Zhu, Youmin Shen, and Miao Wang. Do you know, or have you had any dealings, directly or indirectly, with any of them?

8. The plaintiff will be represented at trial by attorneys Aaron Schweitzer and John Troy from the law firm Troy Law, PLLC. Do you know Mr. Schweitzer or Mr. Troy? Have you, or has anyone close to you, ever had dealings with Mr. Schweitzer or Mr. Troy or the law firm of Troy Law, PLLC?

9. The defendants in this case are Li Jiang; Yong Li Li; Grand Sichuan 74 St, Inc. doing business as Grand Sichuan 74; and Grand Sichuan 75 St, Inc. doing business as Grand Sichuan 74. Do you know, or have you had any dealings, with any of these defendants?

10. The defendants will be represented by Eric R. Stern of the Stern Law Group. Do you know Mr. Stern or his firm? Have you, or anyone close to you ever had any dealings with Mr. Stern or his firm?

11. Do you know me, Judge Clarke, or have you had any prior experience in a case that was before me?

12. The following individuals and entities may be mentioned during the trial, or may be witnesses in this case:

     a.   Yunjian Lin;

     b.   Yong Jun Li;

     c.   Wei Wei Ding;

     d.   Li Weng;

     e.   Wei Ting Zhao;

f.   Yuhai Zhu;

g.   Youmin Shen;

h.   Miao Wang;

i.   Li Jiang;

j.   Guang Li Li;

k.   Yong Li Li;

l.   Guang Jun Li;

m.  Grand Sichuan 74, 307 Amsterdam Avenue, New York, NY 10023;

n.   Grand Sichuan NY, 227 Lexington Avenue, New York, NY 10016;

o.   Grand Sichuan 74 St, Inc. doing business as Grand Sichuan 74;

p.   Grand Sichuan 75 St, Inc. doing business as Grand Sichuan 74; and

q.   Grand Sichuan NY Inc. doing business as Grand Sichuan NY.

Other than what you have disclosed in response to previous questions, do you know any of these individuals or entities? Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals or entities?

## C. **Personal Experiences and Opinions**

13. Have you ever worked in a restaurant?

14. Have you ever owned your own business with employees?

15. Have you or anyone close to you ever had a dispute regarding overtime or minimum wage issues with an employer or employees?

16. Have you ever served as a juror in a civil case in any court?

17. Have you, or anyone close to you, ever been a party to a lawsuit, either as a plaintiff or defendant?

18. Do you have any strong views about lawsuits that you think may affect your ability to be impartial in this case?

19. Do you have any difficulty being fair and impartial in assessing the testimony of witnesses regardless of the witness's gender, race, national origin, religion, age, or disability?

20. Several witnesses will testify in Mandarin Chinese with the aid of a Mandarin-to-English interpreter. Will this impact your ability to render a fair and impartial verdict?

21. Do you have strong feelings about people living or working in the United States who do not speak English such that you could not render a fair and impartial verdict in this case?

**D.  <u>Difficulties in Understanding or Serving</u>**

22. Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

23. Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

24. Do you have any difficulty in reading or understanding English?

25. Is there anything that I have not asked you about that would make you uncomfortable about sitting on this case, or that makes you feel like you cannot be a fair and impartial juror in this case?

<u>**Questions for Individual Jurors**</u>

1. Please state your name, your county of residence, your borough if you live in one and your neighborhood. Have you lived in this county for more than five (5) years?

2. How old are you?

3. Do you rent or own your home?

4. How far did you go in school and what schools did you attend, beginning with high school? (If college, what was your field of study in college?)

5. Are you employed? If so, who is your employer and what are your general job duties? (If retired or unemployed, please identify your last employer and general job duties.)

6. How long have you been employed in your current position? If fewer than five (5) years, where else did you work in the last five (5) years?

7. Who are the members of your household and for whom do they work?

8. If you have grown children, for whom do they work? If any are college students, what is their field of study?

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YUNJIAN LIN, et al., | |
| Plaintiffs, | |
| -against- | 15-CV-2950 (JGLC) |
| GRAND SICHUAN 74 ST, INC. d/b/a Grand Sichuan 74, et al., | |
| Defendants. | |

JESSICA G. L. CLARKE, United States District Judge:

## Preliminary Instructions

### I.    DUTY OF THE JURY

Now that you have been sworn, let me give you some instructions about your duties as jurors and give you instructions that will help you understand what will be presented during trial. At the end of the trial, I will give you instructions again, and those instructions will control your deliberations.

At the end of the presentation of the evidence and after my final charge to you, it will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are and then apply those facts to the law, which I will give to you. That is how you will reach your verdict.

My duty is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them. On these legal issues, you must take the law as I give it to you, whether you agree with it or not. If any attorney states a legal principle different from any that I state to you in my instructions, it is my instruction that you must follow.

You must not take anything I may say or do during the trial as indicating what your verdict should be. I will not express or imply any opinions about which witnesses you should believe, what facts are established or what inferences should be drawn from the evidence.

You are the sole judges of all the questions of fact submitted to you. As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it.

## II.    EVIDENCE IN THIS CASE

You will decide what the facts are from the evidence that will be presented in court. That evidence will consist of the testimony of witnesses; documents and other things received into evidence as exhibits; and any facts that that the lawyers agree to or admit, or that I may instruct you to find.

There are two kinds of evidence: direct and circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which you can find another fact. You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both or to none; it is up to you to decide how much weight, if any, to give to any evidence.

There is no formula by which you should evaluate testimony or exhibits. I will, however, give you some guidelines for determining the credibility of witnesses at the end of the case. Right now, I will just say that you bring with you to this courtroom all of the experience and background of your lives. You do not have to leave your common sense outside the courtroom. The same types of tests that you use in your everyday dealings are the tests that you will apply in your deliberations.

It is essential, however, that you keep an open mind until you have heard all of the evidence in the case. A case can be presented only step by step, witness by witness. As you know from experience, you can hear one person give his or her version of an event and think it sounds very impressive or even compelling, and yet, upon hearing another person's version of the same event – or even the same person cross-examined with respect to the event – things may seem very different. In other words, there may be another side to any witness's story. You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances. Again, I cannot emphasize too strongly that you must keep an open mind until the trial is over. You should not reach any conclusions until you have all the evidence before you.

During the trial, I may sustain objections to questions asked. When that happens, I will not permit the witness to answer or, if the witness has already answered, I will instruct that the answer be stricken from the record and that you disregard it and dismiss it from your minds. In reaching your decision, you may not draw any inference from an unanswered question. Nor may you consider testimony that I have ordered stricken from the record.

You should not show any bias against an attorney or the attorney's client because the attorney objected to the admissibility of evidence or asked the Court for a ruling on the law.

## III.    WHAT IS NOT EVIDENCE

You should also understand what is not evidence. What the attorneys say in their opening statements, closing arguments, objections or questions is not evidence. Neither is the testimony that I instruct you to disregard. Moreover, anything that I say is not evidence.

The only oral testimony that is evidence comes from the witnesses. What the lawyers say in their arguments to you is not evidence. Their arguments are commentary to help you understand the evidence. For example, in opening statements, the lawyers will tell you what they

expect the evidence to show, but what they say is not evidence, and it is only what is actually introduced into evidence that you may consider in reaching your verdict. If, in the course of your deliberations, your recollection of the facts differs from the lawyers' arguments, it is your recollection that controls.

## IV.    TIME LIMIT

I have imposed time limits on the parties to try their case. Each side has a fixed amount of time for argument and for witness testimony.

## V.    BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Please remember, this is a civil case. Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case, and you should put it entirely out of your mind. In civil cases, the burden is different, and it is called proof by a preponderance of the evidence. A preponderance of the evidence means the greater weight of the evidence. To prove something by a preponderance of the evidence means to prove that a fact is more likely true than not true. I will instruct you fully on the burden of proof at the conclusion of the trial.

## VI.    MULTIPLE CLAIMS AND MULTIPLE PARTIES

This claim has more than one Plaintiff, and more than one Defendant, as well as multiple claims. Keep in mind that each Plaintiff's claims are to be considered separately, even if you hear the plaintiffs being referred to collectively as "Plaintiffs." In the same vein, you must consider the evidence against each Defendant separately. Each Defendant is entitled to a fair consideration of the evidence relating to that Defendant, and is not to be prejudiced by any finding you make for or against any other Defendant.

## VII.    SUMMARY OF THE PARTIES' CLAIMS

This is a labor law case. The Plaintiffs in this case are Yunjian Lin, Yong Jun Li, Wei Wei Ding, Li Weng, Wei Ting Zhao, Yuhai Zhu, Youmin Shen, and Miao Wang. There are several Defendants in this case, but you will only be considering the liability of Defendants Grand Sichuan 74 St, Inc. doing business as Grand Sichuan 74, Grand Sichuan 75 St, Inc. doing business as Grand Sichuan 74, Li Jiang, and Yong Li Li. You may hear or see references to Defendants Guang Li Li, Guang Jun Li, and Grand Sichuan NY Inc. doing business as Grand Sichuan NY. For legal reasons, you will not have to consider their liability of these Defendants. You should not concern yourself with why you do not have to consider the liability of these Defendants.

Plaintiffs each allege that they were employees of the Defendants. Plaintiffs have brought four categories of claims against the Defendants: first, for failure to pay Plaintiffs the minimum wage rate; second, for failure to pay Plaintiffs overtime wages; third, for failure to pay Plaintiffs spread-of-hours wages; and fourth, for failure to provide Plaintiffs wage statements containing wage information. Plaintiffs are seeking money damages from the Defendants. Defendants deny these allegations and allege that the Plaintiffs were paid all the minimum wages and overtime they were owed.

**Substantive Jury Instructions**

## VIII.    INTRODUCTION

I'm now going to tell you about some of the law that you will have to apply to the facts as you find them. These are only preliminary and summary instructions. They are to help you evaluate the evidence in light of what you will be asked to do after you have heard all the evidence. The final instructions that I give you at the end of the trial will contain more detail

about the applicable law. To the extent that that there are any differences between these preliminary instructions and the final instructions at the end of trial, the final instructions will be controlling, meaning that those final instructions are the ones you must follow in your deliberations.

## IX.    SUBSTANTIVE LAW

Plaintiffs bring this action under the New York State Labor Law. Before we get to the four claims, the New York Labor Law requires Plaintiffs to prove their employment status. The Plaintiffs and the Defendants in this case have already stipulated that the Plaintiffs were employees of the Defendants. You will still need to determine the duration of each Plaintiff's employment.

Now I will tell you about the four claims.

### A.  Minimum Wage Claims

The first claim against the Defendants is for failure to pay the Plaintiffs the minimum wage rate. The New York Labor Law requires that employees be paid at least a certain wage per hour. This is called the minimum wage rate. At the end of this trial, I will instruct you on how to determine what the minimum wage rate is under the New York Labor Law. Then it will be your job to calculate, based on the evidence today, whether each Plaintiff was paid that minimum wage rate.

In making those calculations, you will be asked to determine how many hours each Plaintiff worked each day, how many days he worked each week, and the number of hours he worked each week.

You should also keep in mind something called Tip Credit. The minimum wage rate may be lowered for employees who spend most of their work time performing service jobs that earn

tip. Generally, to claim a Tip Credit, an employer must prove that the employer notified the

Plaintiff about the Tip Credit. At the end of the trial, you will be asked to determine if a Tip

Credit applies to each Plaintiff.

### B. Overtime Claims

The second claim is for failure to pay Plaintiffs overtime wages. A Plaintiff is entitled to

overtime pay if he works more than 40 hours in a week. Any hours that Plaintiff works in excess

of 40 hours in a single week are called overtime hours. An employee must be paid at a rate of at

least 1.5 times his regular pay rate or the minimum wage rate, whichever is greater, for any

overtime hours. At the end of the trial, you will be asked to determine whether each Plaintiff

worked overtime, and if so, whether they were adequately paid for overtime work.

### C. Spread of Hours Claims

The third claim is for failure to pay Plaintiffs spread of hours wages. The "spread of

hours" is the length of the interval between the beginning and the end of an employee's workday,

including any breaks. An employee is entitled to an extra hour of pay at the minimum wage rate

for any day that he works when his spread of hours exceeds ten hours. You will be asked to

determine whether a Plaintiff's spread of hours ever exceeded ten hours, and if so, whether

Plaintiff was appropriately compensated on those days.

### D. Wage Statement Claims

The fourth claim is for failure to provide adequate wage statements. Employers are

required to provide employees with a statement of wages with every payment of wages. These

wage statements must include information such as the dates of work covered by the payment, the

name, address, and phone number of the employer, the rate of pay and the basis for that rate,

deductions, and allowances. For employees not exempt from overtime, the statement must also

include overtime information such as overtime rate of pay and overtime hours worked. You will

be asked to determine if the Defendants provided all, some, or none of these wage statements to each Plaintiff, as well as the period of time, if any, these wage statements were not provided with wage payments.

Plaintiffs in federal court can only recover damages for the failure to provide adequate wage statements if they suffered actual harm. If you find that Defendants failed to provide these statements to a Plaintiff, you will also be asked to determine if that Plaintiff suffered any injury because of Defendants' failure to provide adequate wage statements.

### E.  Good Faith

Finally, if you find that any of the Defendants failed to pay a Plaintiff the minimum wage, pay overtime wages, pay spread of hour wages, provide a wage notice, or provide wage statements, you will then need to determine if the Defendants nonetheless acted in good faith. The law will lessen a Defendants' liability if they acted in good faith. To act in good faith is to act with objectively reasonable grounds for believing that the acts or omissions at issue did not violate the law. It is the Defendants' job to prove they acted in good faith.

### Conduct of the Jury and Outline of the Trial

This concludes our preliminary discussion of the law. I will now tell you about the conduct of the jury and the outline of the trial.

### X.    INSTRUCTIONS ON NOTETAKING

Each of you has been provided a notebook and pen. You do not have to take notes, but you may if you wish. Please be sure though that any notetaking does not interfere with your listening to and considering all of the evidence. Also, if you do take notes, you must not show them to, or discuss them with, any other juror or anyone else at any time, either before or during your deliberations. Any notes you take are to be used solely to assist you, and your notes are not

to substitute for your recollection of the evidence. The fact that a particular juror takes notes entitles that juror's views to no greater weight than those of any other juror. If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official transcript that is being made of these proceedings be read to you.

Ms. Tran, my Courtroom Deputy, will safeguard your notebooks during breaks at the end of each day and secure them. No one is permitted to review your notes. After the trial has concluded, the notebooks and your notes will be collected and destroyed. If you do plan to take notes, please write your juror number and name and initials on the cover so you will know the notebook is yours.

## XI.    General Instructions

I should also caution you about certain principles governing your conduct as jurors.

First, do not talk to each other about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case or about anyone who has anything to do with it until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror in a case but don't tell them anything else about it until after you have been discharged by me. No communicating about the case means absolutely no communicating about the case on Facebook, Twitter, blogs, on social media or anywhere online. Do not comment on social media about this case or the fact that you are a juror; do not update your status or any website to reflect that you are a juror.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately through Ms.

Tran, my Courtroom Deputy. You should not, however, discuss with your fellow jurors either that fact or any other fact that you feel is necessary to bring to the attention of the Court.

Fourth, do not converse, whether in or out of the courtroom, with any of the parties or the attorneys or any witness. By this I mean, not only do not converse about the case, but do not converse at all, even to ask the time of day. In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors. I have instructed the lawyers and the parties that they are not to speak to you or even acknowledge you with a "hello" or "good morning" outside the courtroom. So, do not hold it against them if they ignore you or leave an area that you are in. They are simply following my instructions. The reason for this rule is simple. Someone watching from a distance might not hear what is said between an attorney and a juror, and even a pleasantry could create a misimpression.

To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the courtroom or the jury room for the duration of the trial day. You should use the bathrooms in the jury room rather than the bathrooms on this or any other floor; as you were probably told already, you may not use the cafeteria. Given that our morning and afternoon breaks will be short, it is best that you remain in the jury room if you can.

Fifth, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

Sixth, do not do any research or any investigation about the case on your own. You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case and the parties involved in the case. In other words, you

should not consult dictionaries or reference materials, search the Internet, websites or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Do not visit any place you may hear described during the trial. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case has ended.

The parties are entitled to have you personally render a verdict in this case on the basis of your independent evaluation of the evidence presented here in the courtroom. Obviously, speaking to others about this case, including your family, before you deliberate or exposing yourself to evidence outside the courtroom would compromise your service and fairness to the parties.

Finally, I expect you to inform me immediately, through my Deputy, if you become aware of another juror's violation of these instructions.

## XII.    OUTLINE OF TRIAL

I would like to summarize the stages of the trial for you.

First, each side may, but doesn't have to, make an opening statement. An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, and it is offered to help you follow the evidence.

Next, you will hear from witnesses. Both parties question each witness. Many of the witnesses are being called by both parties, so you should not attach any significance to the order

in which they are called. You may consider the relevant testimony of all witnesses, regardless of who may have called them.

After all the witnesses have testified, I will again give you instructions on the law. The parties will then make their closing arguments to summarize and give you their interpretation of the evidence. Like opening statements, the closing arguments are not evidence. After the closing arguments, you will retire to deliberate on your verdict.

Please do not make up your mind about what the verdict should be until the very end of the trial – after I have instructed you on the law at the end of the case and you have gone to the jury room and you and your fellow jurors have discussed the evidence. Keep an open mind until then. The parties deserve, and the law requires, that you give them an opportunity to be fully heard.

## XIII.   CONDUCT OF THE TRIAL

In general, you should be in the jury room by 9:45. Please allow time to get through security. We will sit from 10:00 a.m. – 4:30 p.m. each day until we are finished, except for this Friday, when we will sit from 9:30 to 12:30. I expect the trial will end by next Wednesday.

There will be a one-hour lunch break around 12:30 p.m. and a 15-minute break mid-morning and mid-afternoon. No other breaks. Please plan accordingly. Please be here early if possible, and always be on time.

# *Yunjian Lin, et al.,*

# v.

# *Grand Sichuan 74 St., Inc., et al.*

15-CV-2950

United States District Court for the Southern District of New York

November 12, 2024

**Court Exhibit 6**

# Plaintiffs' Claims

- Minimum wage

- Overtime wages

- Spread-of-hour wages

- Wage statements

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

YUNJIAN LIN,
YONG JUN LI,
WEI WEI DING,
LI WENG,
WEI TING ZHAO,
YUHAI ZHU,
YOUMIN SHEN, and
MIAO WANG,

                                    Plaintiffs,


                    v.


GRAND SICHUAN 74 ST, INC.
          d/b/a Grand Sichuan 74,
GRAND SICHUAN 75 ST, INC.
          d/b/a Grand Sichuan 74,
LI JIANG,
GUANG LI LI,
YONG LI LI,
GRAND SICHUAN NY INC.
          d/b/a Grand Sichuan NY, and
GUANG JUN LI,

                                    Defendants.
-------------------------------------------------------------------x

Case No. 15-cv-02950 (JGLC) (JW)

**STIPULATIONS OF FACT AND LAW**

**COURT EXHIBIT**      7

        Pursuant to Rule 1(a)(ix) of the Individual Trial Rules and Procedures of the Honorable Jessica G. L. Clarke, United States District Judge, the parties, by and through their undersigned counsel, hereby stipulate and agree to the following statements of fact and law:

**Of Fact**

1.  Grand Sichuan 74 St, Inc. was, from June 21, 2010 through September 9, 2014, a domestic business corporation organized under the laws of the State of New York with a principal address at 307 Amsterdam Avenue, New York, NY 10023 (Dkt. No. 79 ¶ 19; Dkt. No. 297 ¶ 19);

2.  Grand Sichuan 75 St, Inc. was, from August 1, 2013 through July 25, 2016, a domestic business corporation organized under the laws of the State of New York with a principal address at 307 Amsterdam Avenue, New York, NY 10023 (Dkt. No. 79 ¶ 22; Dkt. No. 297 ¶ 22);

3.  Guang Jun Li and Yong Li Li leased the premises at 307 Amsterdam Avenue, New York, NY 10023 from June 18, 2010 through March 9, 2011, on which date they surrendered the

1

lease to the landlord, 307 Amsterdam Avenue, LLC (P110–P128; surrender of lease dated March 9, 2011);

4. Grand Sichuan 74 St, Inc. leased the premises at 307 Amsterdam Avenue, New York, NY 10023 from April 1, 2011 through April 29, 2016, on which date it surrendered the lease to the landlord, 307 Amsterdam Avenue, LLC (P129–P147; surrender of lease dated April 29, 2016);

5. From June 21, 2010 through September 9, 2014, Li Jiang was the Chief Executive Officer of Grand Sichuan 74 St, Inc. (Dkt. No. 79 ¶ 35; Dkt. No. 297 ¶ 35);

6. From June 21, 2010 through September 9, 2014, Li Jiang was the President of Grand Sichuan 74 St, Inc. (Dkt. No. 79 ¶ 35; Dkt. No. 297 ¶ 35; Dkt. No. 59-2 ¶ 1; Dkt. No. 63-2 ¶ 1; Dkt. No. 67 ¶ 1);

7. From June 21, 2010 through September 9, 2014, Li Jiang, as Chief Executive Officer of Grand Sichuan 74 St, Inc., **had the power to** hire and fire employees. (Dkt. No. 79 ¶ 35; Dkt. No. 297 ¶ 35);

8. From about December 2010 through September 9, 2014, Li Jiang supervised and controlled the work schedules and/or conditions of employment of employees of Grand Sichuan 74 St, Inc. (Dkt. No. 79 ¶ 35; Dkt. No. 297 ¶ 35);

9. From about December 2010 through September 9, 2014, Li Jiang determined employees' rates and methods of pay at Grand Sichuan 74 St, Inc. (Dkt. No. 79 ¶ 35; Dkt. No. 297 ¶ 35);

10. From about December 2010 through September 9, 2014, Li Jiang maintained employee records for Grand Sichuan 74 St, Inc. (Dkt. No. 79 ¶ 35; Dkt. No. 297 ¶ 35);

11. From August 1, 2013 through July 25, 2016, Yong Li Li was the President of Grand Sichuan 75 St, Inc. (Dkt. No. 59-3 ¶ 1; Dkt. No. 63-3 ¶ 1; Dkt. No. 68 ¶ 1);

12. From August 1, 2013 through July 25, 2016, Yong Li Li had the power to hire and fire employees of Grand Sichuan 74 St, Inc. and Grand Sichuan 75 St, Inc. (Dkt. No. 79 ¶ 38; Dkt. No. 297 ¶ 38);

13. From August 1, 2013 through July 25, 2016, Yong Li Li supervised and controlled the work schedules and/or conditions of employment of employees of Grand Sichuan 74 St, Inc. and Grand Sichuan 75 St, Inc. (Dkt. No. 79 ¶ 38; Dkt. No. 297 ¶ 38);

14. From August 1, 2013 through July 25, 2016, Yong Li Li determined employees' rates and methods of pay at Grand Sichuan 74 St, Inc. and Grand Sichuan 75 St, Inc. (Dkt. No. 79 ¶ 38; Dkt. No. 297 ¶ 38); and

15. From August 1, 2013 through July 25, 2016, Yong Li Li maintained employee records for Grand Sichuan 74 St, Inc. and Grand Sichuan 75 St, Inc. (Dkt. No. 79 ¶ 38; Dkt. No. 297 ¶ 38).

**Of Law**

1. Without prejudice to a finding that any other Defendant was, or was not, any Plaintiff's employer, and without prejudice to a finding that Li Jiang was or was not any Plaintiff's employer outside the period from about December 2010 through September 9, 2014, Li Jiang was the employer of any Plaintiffs who were employed during the period from about December 2010 through September 9, 2014; and

2. Without prejudice to a finding that any other Defendant was, or was not, any Plaintiff's employer, and without prejudice to a finding that Yong Li Li was or was not any Plaintiff's employer outside the period from August 1, 2013 through July 25, 2016, Yong Li Li was the employer of any Plaintiffs who were employed during the period from August 1, 2013 through July 25, 2016.

Dated: November 8, 2024

 /s/ Aaron B. Schweitzer

Aaron B. Schweitzer
John Troy
TROY LAW, PLLC
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com
*Attorneys for Plaintiffs*

 /s/ Eric R. Stern

Eric R. Stern

STERN LAW GROUP
15 Columbus Circle
15th Floor
New York, NY 10019
(212) 627-9930
EStern@SternLawGroup.com
*Attorney for Defendants Grand*
*Sichuan 74 St, Inc., Grand Sichuan*
*75 St, Inc., Li Jiang, and Yong Li Li*

IT IS SO ORDERED

_____
Hon. Jessica G. L. Clarke, U.S.D.J.

**DRAFT**                                                    **COURT EXHIBIT 8**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YUNJIAN LIN, et al.,

                                        Plaintiffs,

                    -against-                                    15-CV-2950 (JGLC)

GRAND SICHUAN 74 ST, INC. d/b/a Grand
Sichuan 74, et al.,

                                        Defendants.

---

JESSICA G. L. CLARKE, United States District Judge:

## FINAL JURY INSTRUCTIONS

1

**DRAFT**                                                    **COURT EXHIBIT 8**

## Table of Contents

**General Instructions** ......................................................................................... **4**
   A.   Introduction to Instructions ..................................................................... 4
   B.   Roles of the Judge and Jury ..................................................................... 5
   C.   Role of Counsel ......................................................................................... 6
   D.   Impartiality ................................................................................................ 7
   E.   What Is and Is Not Evidence ................................................................... 8
   F.   Direct and Circumstantial Evidence ..................................................... 10
   G.   Credibility of Witnesses ......................................................................... 12
   H.   Prior Inconsistent Statements ............................................................... 14
   I.   Stipulations .............................................................................................. 15
   J.   Burden of Proof ...................................................................................... 16
   K.   Available Evidence ................................................................................. 18
   L.   Multiple Claims and Multiple Parties .................................................. 19
   M.   Translators .............................................................................................. 20
**Substantive Instructions** ................................................................................ **21**
   N.   Overview .................................................................................................. 21
   O.   Summary of the Claims .......................................................................... 22
   P.   Substantive Law – Duration of Employment ...................................... 24
   Q.   Substantive Law – Minimum Wage Claims ....................................... 26
      1.   Hours Worked ................................................................................ 27
      2.   Wages Paid Per Hour Worked ...................................................... 30
      3.   Tip Credit ....................................................................................... 32
      4.   Minimum Wage Rates ................................................................... 33
   R.   Substantive Law – Overtime Claims .................................................... 34
   S.   Substantive Law - Spread of Hours Claims ......................................... 37
   T.   Substantive Law - Wage Statements Claims ....................................... 38
   U.   Substantive Law - Good Faith ............................................................... 40
   V.   Closing Arguments ................................................................................. 41
**Deliberations of the Jury** ............................................................................... **42**
   W.   Right To See Exhibits and Hear Testimony; Communications with Court ........ 42
   X.   Notes ........................................................................................................ 43
   Y.   Duty to Deliberate/Unanimous Verdict ............................................... 44
   Z.   Selection of Foreperson ......................................................................... 45
   AA.   Return of Verdict .................................................................................. 46

**DRAFT**                                                    **COURT EXHIBIT 8**

BB.   Verdict Form ........................................................................................ 47

CC.   Closing Comment.................................................................................. 48

DRAFT                                                    COURT EXHIBIT 8

## General Instructions

**A.  Introduction to Instructions**

Members of the jury, you have now heard all of the evidence in the case. You are about to hear the final arguments of the parties and then you will undertake your final and most important function as jurors. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them, just as it has been my duty to preside over the trial and to decide what testimony and evidence was proper under the law for your consideration.

You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

### B. Roles of the Judge and Jury

It is a tradition and right of our legal system that parties involved in legal disputes have a jury, chosen from the members of their community, render a verdict. Your role, as the jury, is to decide the factual issues in the case. I, as the judge, will instruct you on the law, and you must accept the law as I state it to you. Then, you will apply that law to the facts as you find them. The result of your work will be the verdict that you return.

You, as jurors, are the sole and exclusive arbiters of the facts. You determine the weight of the evidence. You appraise the credibility of the witnesses. You draw the reasonable inferences from the evidence or lack of evidence. And you resolve such conflicts as there may be in the testimony. In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. I will instruct you momentarily on what is and is not evidence.

Because you are the sole and exclusive arbiters of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views on what your decision should be. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

My role, as the judge, is to instruct you on the law that you are to apply to the facts as you find them. You, as jurors, are bound to accept my instructions on the law even if you feel that the law should be different from what I say it is. Also, if anyone has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any one instruction or any one word or phrase in an instruction as alone stating the law, but you should consider the instructions as a whole.

5

### C.  Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue.  If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question.  You should draw no inference against the attorney or the client.  It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing called sidebars.  These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

**DRAFT**                                                           **COURT EXHIBIT 8**

### D.  Impartiality

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartially. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence. Your verdict will be determined by the conclusions you reach, no matter whom the verdict helps or hurts.

### E.  What Is and Is Not Evidence

Evidence consists of the testimony of the witnesses, the exhibits that have been received into evidence, stipulations, and judicially noticed facts. The stipulation contains facts that the parties have agreed on, and you are to take these facts as true. By contrast, what counsel have said in their opening statements, questions and objections, as well as what they may say in their closing arguments, is not evidence. Also, anything that I have said or may say about the facts, as well as anything you have heard outside the courtroom is not evidence.

You should bear in mind that a question put to a witness is never evidence; it is only the answer that is evidence. At times, a questioner may have incorporated into a question a statement that assumed certain facts to be true and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it simply because it was contained in a question. You also may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Also, if certain testimony was received for a limited purpose – such as for the purpose of assessing a witness's credibility – you must follow the limiting instructions I have given.

Exhibits that have been marked for identification or have been identified as demonstrative aids are not evidence, unless they have been admitted into evidence by the Court. If a demonstrative aid misstates the underlying evidence, it is the underlying evidence that you must consider. Materials used only to refresh a witness's recollection also are not evidence.

Arguments made by the attorneys are not evidence. If your recollection of the facts differs from the statements made by attorneys in their arguments, then it is your recollection that controls.

During the trial, I have been called upon to make various rulings. There may have been objections, or motions may have been made to strike answers. You are to disregard these procedural matters; they are matters of law, and although you may have been curious about them, you should not consider them.

Also, the fact that I may have commented during the course of the trial or asked questions of witnesses does not indicate any feeling of mine about the facts or the credibility of any witness. I have no such feelings, and my comments were intended only to clarify the issue at hand. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party because of any comment, question, or instruction of mine. It is for you alone to decide the credibility of the witnesses and the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Lastly, anything that you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence that is presented to you in this courtroom.

**F.  Direct and Circumstantial Evidence**

There are two types of evidence that you may use in reaching your verdict – direct evidence and circumstantial evidence. Direct evidence is when a witness testifies about something the witness knows by virtue of his or her own senses – something the witness has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit admitted into evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom windows were covered and you could not look outside. Then, as you were sitting here, someone walked in with an umbrella that was dripping wet. A few minutes later, another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining, so you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer from one or more established facts, on the basis of reason, experience and common sense, the existence or non-existence of some other fact. An inference is not a speculation, suspicion or guess. An inference is a reasoned, logical deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence.

**DRAFT**                                                      **COURT EXHIBIT 8**

There are times when different inferences may be drawn from the same proven facts. Here, the one side asks you to draw one set of inferences, while the other side asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

### G.  Credibility of Witnesses

You have now had the opportunity to listen to and observe all of the witnesses. It is now your job to decide how believable you find each witness's testimony to be. How do you determine where the truth lies? You should use all of the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.

One thing you should consider is any bias, hostility or affection that a witness may have shown for or against a party. It is your duty to consider whether the witness has permitted any such bias to color his or her testimony. If you find that a witness is biased, then you should view the witness's testimony with caution, weigh it with care and subject it to close and searching scrutiny.

You should also consider any other interest or motive that the witness may have in cooperating with a particular party, as well as any interest the witness may have in the outcome of the case. Interest in the outcome of the case creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, you should accept the testimony of an interested witness with great care. Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter how strong their interest in the outcome of the case, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

Additional factors you should consider are: the opportunity the witness had to see, hear and know the things about which he or she testified; the accuracy of the witness's memory; the witness's candor or lack of candor; the witness's intelligence; the reasonableness of the witness's testimony; and the testimony's consistency or lack of consistency with other credible testimony.

12

**DRAFT**                                                                **COURT EXHIBIT 8**

In other words, what you must try to do in deciding credibility is to size a witness up in light of the witness's demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

If you find that any witness has willfully testified falsely to any material fact (that is, to an important matter), then the law permits you to disregard the entire testimony of that witness based upon the principle that someone who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.

While it is quite legitimate for an attorney to try to attack the credibility of a witness, as the sole arbiters of the facts, you must decide for yourselves which witnesses you will believe, what portion of their testimony you will accept and what weight you will give to that testimony.

13

### H.  Prior Inconsistent Statements

You have heard evidence that certain witnesses may have made statements on earlier occasions that counsel argue are inconsistent with their trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of any such prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who may have contradicted himself or herself. If you find that a witness made an earlier statement that conflicts with that witness's trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight should be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**DRAFT**                                                    **COURT EXHIBIT 8**

### I. Stipulations

At the beginning of this trial, I read to you the stipulations between the parties. I will remind you now that a stipulation of facts is an agreement among the parties that certain facts are true. You must regard such agreed facts in the stipulation as true.

### J.  Burden of Proof

I am now going to explain the concept of "burden of proof." This is a civil case, so the burden of proof is proof by a "preponderance of the evidence."

The party with the burden of proof on any given issue has the burden of proving to you every disputed element of that party's claim by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish that party's claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence, which refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you should consider the relevant testimony of all witnesses, regardless of who may have called them, and all of the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties, meaning it is as equally probable that one side is right as it is that the other side is right, then you must decide that issue against the party having the burden of proof. That is because the party with the burden of proof must prove more than simple equality of evidence. On the other hand, the party with the burden of proof does not need to prove any more than a preponderance of the evidence. This means that as long as you find on a given issue that the scales tip, however slightly, in favor of the party with the burden of proof, then you must find for that party on that issue, as that issue will have been proved by a preponderance of the evidence.

16

**DRAFT**                                                            **COURT EXHIBIT 8**

Once more I remind you, as I did at the beginning of the trial, that proof beyond a reasonable doubt is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this, and you should put it completely out of your mind.

**K. Available Evidence[1]**

Although plaintiff bears the burden of proof on his claims, the law does not require plaintiff to call as witnesses all persons who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require that all things mentioned during the course of the trial be produced as exhibits.

You are not to rest your decision on what some absent witness who was not brought in might have testified to, or what he or she might not have testified to. No party has an obligation to present cumulative testimony.

---

[1] Adapted from *Cisneros Portillo v. New Ko-Sushi*, 16-CV-2429 (JMF); *Cui v. D. Prime, Inc.*, 20-CV-3667 (OEM).

**DRAFT**                                                    **COURT EXHIBIT 8**

### L.  Multiple Claims and Multiple Parties

This claim has more than one Plaintiff, and more than one Defendant, as well as multiple claims.  In reaching a verdict, you must bear in mind that each Plaintiff's claims are to be considered separately, even if you hear the plaintiffs being referred to collectively as "Plaintiffs." In the same vein, you must consider the evidence against each Defendant separately. Each Defendant is entitled to a fair consideration of the evidence relating to that Defendant, and is not to be prejudiced by any finding you make for or against any other Defendant.

**DRAFT**                                                    **COURT EXHIBIT 8**

**M. Translators**

During this trial, some of the witnesses have testified in Mandarin Chinese with the assistance of a certified interpreter.  You are to consider only that evidence that was provided through the interpreter.  It is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in the official English translation and disregard any different meaning, even if you otherwise understand Mandarin Chinese.

**DRAFT**                                                                **COURT EXHIBIT 8**

<u>**Substantive Instructions**</u>

### N.  Overview

I'm now going to tell you about the law that you will have to apply to the facts as you find them. They are to help you evaluate the evidence in light of what you are asked to do now that you have heard all the evidence. To the extent that there are any differences between the preliminary instructions that I gave you at the beginning of trial and these final instructions, the final instructions are the ones you must follow in your deliberations.

You have also been provided with a verdict form that you will fill out during your deliberations. On the form, there are spaces to indicate your verdict on each Plaintiff's claim against each Defendant. You should proceed through the questions in the order in which they are listed. The verdict form contains 14 questions. You may not have to answer all of them. The instructions I am about to give you will guide you on when and how to answer each question.

### O.  Summary of the Claims

The Plaintiffs in this case who you will be considering are Yunjian Lin, Yong Jun Li, Li Weng, Youmin Shen, and Miao Wang. There are several Defendants in this case, but you will only be considering the liability of Li Jiang, Yong Li Li, Grand Sichuan 74, and Grand Sichuan 75.

Plaintiffs bring this action under the New York State Labor Law, also known as the "NYLL." Plaintiffs have brought four categories of claims, each of which I will now briefly summarize for you. Later I will explain the law as to each claim in more detail.

First, the Plaintiffs contend that the Defendants failed to pay them the minimum wages set by the NYLL. I will refer to these claims as the "Minimum Wage Claims."

Second, the Plaintiffs contend that the Defendants violated the NYLL by failing to pay them "overtime wages," which are wages equal to 1.5 times their regular hourly wages, for all hours that they worked in excess of forty hours in any single week. I will refer to these claims as the "Overtime Claims."

Third, the Plaintiffs contend that the Defendants violated the NYLL by failing to pay them "spread of hours wages," which are an extra hour of pay at the minimum wage rate for days that the Plaintiff's workday exceeded ten hours, even if there were breaks. I will refer to these claims as the "Spread of Hours Claims."

Fourth, the Plaintiffs contend that Defendants violated the NYLL by failing to provide Plaintiffs with statements with each payment of wages listing certain important wage information. I will refer to these claims as the "Wage Statements Claims."

At the conclusion of my instructions, you will be given a verdict form with questions you must answer regarding these four categories of claims.

In reaching a verdict, you must bear in mind that the Plaintiffs must prove each of their claims by a preponderance of the evidence, unless I instruct you otherwise. To meet that burden, the Plaintiffs may rely on all the evidence received at trial, regardless of which side presented it.

I also want to emphasize that you must consider each Plaintiff's claims separately even if there are times when I refer to them collectively as "Plaintiffs." In the same vein, you must consider the evidence against each Defendant separately. Each Defendant is entitled to a fair consideration of the evidence relating to that Defendant, and is not to be prejudiced by any finding you make for or against any other Defendant.

I will now instruct you on the law of the claims.

P. **Substantive Law – Duration of Employment[2]**

As an initial matter, you will need to determine the duration of employment for each Plaintiff. The parties have already stipulated that Defendant Li Jiang was the employer for any Plaintiff employed from December 2010 through September 9, 2014, and that Defendant Yong Li Li was the employer of any Plaintiff employed between the period from August 1, 2013 through July 25, 2016. You must determine the time period that the Plaintiff was employed by each of these two Defendants. It is the Plaintiff's burden to prove, by a preponderance of the evidence, when he worked for each of the Defendants.

To meet that burden, Plaintiff may rely on all of the evidence received at trial, regardless of which side presented it. However, if you find that the Defendants did not keep or maintain accurate employment records, then Plaintiff can meet his burden by presenting sufficient evidence to show his dates of employment as a matter of just and reasonable inference. Plaintiff may meet this burden by relying on his recollection alone. The law does not require him to recall exact dates. You should find that he met his burden of proof as to the period of his employment if you find his testimony is credible and provides a basis for a reasonable approximation of the period during which he was employed.

If you find that Plaintiff has met that burden, then the Defendants have the burden to show either the precise period that the Plaintiff worked, or that the Plaintiff's approximation of the period he worked is unreasonable. Accordingly, if you find that the Defendants do not have evidence of the precise dates of Plaintiff's employment, it then becomes the Defendants' burden

---

[2] Adapted from *Cisneros Portillo v. New Ko-Sushi*, 16-CV-2429 (JMF); *Espinobarros v. First & First Finest Deli Corp*, 17-CV-5587 (KPF); *Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, 17-CV-273 (LAP); Plaintiffs' Proposed Jury Instructions.

24

**DRAFT**                                                                **COURT EXHIBIT 8**

to produce evidence to negate the Plaintiff's recollection of the period of his employment. If you find the Defendants have met their burden of proving a Plaintiff's approximation is unreasonable, then you may find he worked the period that the Defendants claim. If, however, you find that the Defendants did not meet their burden, then you should approximate the period of time based on your evaluation of Plaintiff's testimony. Ultimately, it is up to you to draw a reasonable conclusion as to the period, if any, during which Plaintiff was employed by each of the Defendants.

Question 1 on the verdict sheet asks you to state the duration of each Plaintiff's employment. Space is provided to list multiple terms of employment, should you find that Plaintiff's employment was broken up into multiple terms. However, you need not use each space provided.

25

**Q.  Substantive Law – Minimum Wage Claims**

I will now instruct you on each of the claims, beginning with the Minimum Wage

Claims. Plaintiffs claim that they were not paid the minimum wage required under the NYLL. To

sustain their burden of proof with respect to these claims, each Plaintiff must prove by a

preponderance of the evidence that the Defendants paid the Plaintiff less than the required

minimum wage for hours that they worked. To determine if a Plaintiff has proved this, you will

first need to determine the hours worked, the wages paid per hour, and if any tip credit applies.

Let me walk you through these one by one.

### 1. Hours Worked[3]

First, you must first determine how many hours Plaintiff worked. An employee is considered to be working for purposes of these claims whenever he exerts himself, mentally or physically, for tasks controlled or required by the employer and performs these tasks primarily for the benefit of the employer. You must decide how many hours Plaintiff worked each day, how many days Plaintiff worked each week, and the number of hours Plaintiff worked each week.

The number of hours an employee works in a day is determined under what is called the "continuous workday" rule. Under that rule, the workday begins when the employee begins to engage in work and continues until the completion of his work. It includes all of the time within that period whether or not the employee is engaged in work throughout the entire period.

There is, however, an exception to this rule for meal periods and for periods longer than thirty minutes if the employee is completely relieved from duty. I will refer to those periods as "non-compensable breaks" because those periods are not compensable work time. It is the Defendants' burden to prove that a break was a non-compensable break. The Defendants must do so by a preponderance of the evidence. A non-compensable break must last at least thirty minutes. In contrast, short periods away from work, commonly known as break periods or coffee breaks, are compensable work time.

To qualify as a non-compensable break, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during the period at issue the employee's time and

---

[3] Adapted from *Wu v. Sushi Nomado of Manhattan, Inc.*, 17-CV-4661 (MKV) and Plaintiffs' Proposed Jury Instructions.

attention are primarily occupied by private or personal pursuits, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during the periods at issue, the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably spending the break, then the employee has not been relieved from duty. Whether the time was spent predominantly for the employer's or employee's benefit depends on all the facts and circumstances of the case.

In order to determine the number of hours worked, you must determine whether the Defendants have demonstrated Plaintiff took non-compensable breaks. If you find that Plaintiff did take non-compensable breaks, then the length of those breaks must be taken into account when determining the total number of hours Plaintiff worked on a particular day. In other words, Plaintiff's "compensable hours" are the number of hours he worked minus any non-compensable breaks.

With respect to this issue, as with the period of Plaintiff's employment, Plaintiff may rely on all the evidence received at trial, regardless of which side presented it. However, if you find that the Defendants did not keep and maintain required employment records then Plaintiff can meet his burden by presenting sufficient evidence to show the hours he worked as a matter of just and reasonable inference. He may meet his burden by relying on his recollection alone. The law does not require him to recall exact dates or exact hours. You should find that he met his burden of proof as to the length of shifts if you find his testimony to be credible and that it provides a basis for a reasonable approximation of the total number of hours he worked.

If you find that Plaintiff has met that burden, then the Defendants have the burden to show either the precise hours that Plaintiff worked or that his approximation of hours worked is unreasonable. If you find the Defendants have met their burden of proving Plaintiff's

28

**DRAFT**                                                    **COURT EXHIBIT 8**

approximation is unreasonable, then you may find that he worked the period the Defendants

claim. If, however, you find the Defendants did not meet their burden then you should

approximate the period of time based on your evaluation of Plaintiff's testimony.

Ultimately, it is up to you to draw a reasonable conclusion as to the number of hours

Plaintiff worked per week and enter that information on your verdict form under Question 2.

### 2. Wages Paid Per Hour Worked[4]

After determining how many hours the Plaintiff worked, if any, the next issue you must determine is how much the Plaintiff was paid per hour -- which I will refer to as his "Regular Rate of Pay."

Again, as with duration of employment and hours worked, you may consider all of the evidence received at trial when you determine the Plaintiff's Regular Rate of Pay. However, if you find that the Defendants did not keep and maintain required employment records, then the Plaintiff can meet his burden by presenting sufficient evidence to show the amounts he was paid as a matter of just and reasonable inference. That means Plaintiff may rely on his own testimony regarding his recollection of what he was paid. You should find he met his burden of proof if you find his testimony is credible and provides a basis for a reasonable approximation of the wages he was paid. If you find that Plaintiff has satisfied this burden, then the Defendants have the burden to show that any inferences drawn from Plaintiff's testimony are unreasonable.

Before you determine Plaintiffs' Regular Rate of Pay, you must first determine whether each Plaintiff was paid on an hourly basis, or if they were paid a salary or a flat rate for an agreed upon period of time. If you find that a Plaintiff was paid at an hourly rate, then their Regular Rate of Pay is that hourly rate. You will enter this hourly rate for Question 3 and Question 4.

However, if you determine that a Plaintiff was paid a salary or flat amount to cover an agreed-upon period of time—for example, a flat weekly rate, or a flat monthly rate—you will fill out Question 3 in the form of "$[some number of dollars] per [some unit of time]." Then, you will need to do a little math to find their hourly "Regular Rate of Pay."

---

[4] Adapted from *Wu v. Sushi Nomado of Manhattan, Inc.*, 17-CV-4661 (MKV) and Plaintiffs' Proposed Jury Instructions.

**DRAFT**                                                                                          **COURT EXHIBIT 8**

First, you will need to convert the rate you found in Question 3 into a weekly rate, as follows: multiply the rate you found by the number of time units per year, then divide the result by 52 weeks per year. If you found that a Plaintiff was paid a flat weekly rate, you can start from that flat weekly rate.

*For example, if you found that a Plaintiff was paid a flat monthly rate of $2,600.00 per month, you would multiply that rate by 12 months per year to get $31,200.00 per year. You would then divide $31,200.00 per year by 52 weeks per year to get $600.00 per week.*

Next, you will need to calculate the hourly "Regular Rate of Pay" by using this flat weekly rate. To do so, divide the employee's weekly rate by the lesser of (1) 40 hours per week and (2) the actual number of hours worked per week. Round to the nearest cent.

*Picking up with our example from earlier, if you find that the employee worked 50 hours per week, you would divide the employee's weekly salary of $600.00 per week by 40 hours per week – because 40 hours is less than the 50 actual hours worked – to get $15.00 per hour as the regular rate of pay under the NYLL.*

You will record the Plaintiff's Regular Rate of Pay in response to Question 4. You need not use each space provided.

31

### 3. Tip Credit

The NYLL permits employers to pay less than the minimum wage to employees who customarily and regularly receive tips. This is known as "taking a tip credit." It is an employer's burden to prove, by a preponderance of the evidence, that it is entitled to take a tip credit.

To be entitled to a take a tip credit, a Defendant must prove that the Defendant properly notified the Plaintiff you are considering. Specifically, an employer must notify an employee (1) of the amount of tip credit and (2) that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate. This notification must be provided in written form, in English and in the employee's primary language.[5] It is the employer's burden to prove compliance with these requirements by a preponderance of the evidence.

Note that the Defendants are entitled to a tip credit reduction only with respect to (1) tipped duties and (2) non-tipped duties that employees performed incidental to their tip-producing occupation. For example, a waiter or waitress who spends some time setting tables and making coffee is still engaged in a tipped occupation even though these duties are not tip producing. Non-tipped duties may be considered incidental when they do not exceed two hours or twenty percent of an employee's overall duties for the day, whichever is less. That is, if a tipped employee spends a substantial amount of time (that is, over two hours or more than twenty percent of his overall duties) engaged in such non-tip producing activities, the employer must pay the full minimum wage for the hours in which the employee performed non-tipped tasks.[6] Indicate under Question 5 if, and if so, when, Defendants were entitled to take a tip credit with respect to each Plaintiff. However, you do not need to use each space provided.

---

[5] 12 N.Y.C.R.R. 146-2.2.
[6] 12 N.Y.C.R.R. 146-2.9.

### 4. Minimum Wage Rates

The following table contains the applicable minimum wage rate under the NYLL, as well as the applicable Tip Credit and Minimum Wage Rate minutes the Tip Credit:

| Time Period | Minimum Wage | Maximum Tip Credit[7] | Minimum Wage Minus Maximum Tip Credit |
|---|---|---|---|
| 2013 and prior | $7.25/hour | $1.60/hour | $5.65/hour |
| 2014 | $8.00/hour | $2.35/hour | $5.65/hour |
| 2015 | $8.75/hour | $3.10/hour | $5.65/hour |
| 2016 | $9.00/hour | $3.35/hour | $5.65/hour |

If you found that a Defendant was not entitled to take a tip credit with respect to a Plaintiff, compare the Regular Rate of Pay you entered in Question 4 to the Minimum Wage. If you found that a Defendant was entitled to take a tip credit with respect to a Plaintiff, compare the Regular Rate of Pay to the Minimum Wage minus the Maximum Tip Credit. If the Plaintiff's Regular Rate of Pay is less than the applicable minimum wage rate, he was not paid minimum wage. Find in response to Question 6 whether the Plaintiffs were paid less than the applicable minimum wage, and if so, from when to when. You do not have to use all spaces provided.

The Court will use your responses to the foregoing questions to determine Plaintiffs' damages, if any, on their minimum wage claims.

---

[7] U.S. Dep't of Labor, *Minimum Wages for Tipped Employees – Historical Tables*, available at <https://www.dol.gov/agencies/whd/state/minimum-wage/tipped/History>.

DRAFT                                                                COURT EXHIBIT 8

### R.  Substantive Law – Overtime Claims[8]

I will now instruct you on the second category of claims—Overtime Claims. To prevail on his Overtime Claims, the Plaintiff must prove by a preponderance of the evidence that the Defendants failed to pay him overtime when appropriate.

Plaintiff is entitled to overtime pay if he worked more than 40 hours in a week. Any hours that Plaintiff worked in excess of 40 in a single week are called "overtime hours." Because the parties dispute whether Plaintiff worked overtime hours, you must determine how many hours Plaintiff worked per week—which you will have already determined and recorded in Question 3 as part of calculating Plaintiff's Regular Rate of Pay. You will consider the issue of overtime only if you determined that Plaintiff worked more than 40 hours in a given week. If you find Plaintiff never worked more than 40 hours in a given week, then no overtime needs to be calculated and you will leave Question 7 on your verdict form blank.

Plaintiff is entitled to overtime pay for the hours he worked in excess of 40 hours in any given workweek. A workweek is defined as any period of 168 consecutive hours—which is typically, but need not be, seven consecutive days.

An employee must be paid at a rate of at least one and one half (1.5) times either the employee's Regular Rate of Pay or the statutory minimum wage, whichever is greater, for all overtime hours. We discussed how to calculate a Plaintiff's Regular Rate of Pay earlier, and you will have recorded that information in Question 4 on your verdict form. Tip credits may affect the applicable minimum wage rate for overtime. Throughout the time relevant to this lawsuit, the

---

[8] Adapted from *Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, 17-CV-273 (LAP); *Wu v. Sushi Nomado of Manhattan, Inc.*, 17-CV-4661 (MKV); Plaintiffs' Proposed Jury Instructions.

minimum wage for overtime hours and minimum wage minus the maximum tip credit for overtime hours under the NYLL were as follows:

| Time Period | Minimum Wage for Overtime | Maximum Tip Credit | Minimum Wage Minus Maximum Tip Credit |
|---|---|---|---|
| 2013 and prior | $10.88/hour | $1.60/hour | $9.28/hour |
| 2014 | $12.00/hour | $2.35/hour | $9.65/hour |
| 2015 | $13.13/hour | $3.10/hour | $10.03/hour |
| 2016 | $13.50/hour | $3.35/hour | $10.15/hour |

For this next step, use the rates in the Minimum Wage for Overtime column if no tip credit applies. You will have already determined if tip credits apply for a Plaintiff in Question 5. Use the rates in the Minimum Wage Minus Maximum Tip Credit column if a tip credit does apply. If you find that a Plaintiff's Regular Rate of Pay exceeds the applicable minimum wage for overtime hours, then you would determine his overtime rate by multiplying his Regular Rate of Pay by 1.5, which increases it by 50%. If, however, you find that a Plaintiff's Regular Rate of Pay is less than or equal to the applicable minimum wage for overtime hours, then his overtime rate is determined by the applicable minimum wage rate in the table above, not by his Regular Rate of Pay.

*Continuing our examples from earlier, if you find that the employee worked 50 hours per week, then he was entitled to overtime pay for 50 – 40 = 10 hours. If that the employee's regular rate of pay was $15.00 per hour and no tip credit applied, you would compare this with the minimum wage rate for overtime under the NYLL in the chart above, and find that it is greater than the NYLL rate. Next, you would*

**DRAFT**                                                           **COURT EXHIBIT 8**

*determine the employee's appropriate overtime rate owed by multiplying $15.00*

*per hour by 1.5 to get $22.50 per hour as the overtime rate.*

You will record in response to Question 7 on your verdict forms whether Plaintiffs were paid at least one and one-half times their Regular Rates of Pay, or the overtime minimum wage, whichever is greater, for their overtime hours. If a Plaintiff was not paid the appropriate overtime wage, also indicate from when to when the Plaintiff was not paid minimum wage.

The Court will use your responses to the foregoing questions to determine Plaintiffs' damages, if any, on their overtime claims.

### S. Substantive Law - Spread of Hours Claims[9]

Next, I will discuss the Spread of Hours claim. Under the NYLL, an employee is entitled to receive one additional hour of pay, at the statutory minimum wage rate, for any day in which his "spread of hours" exceeds ten hours. To prevail on his "spread of hours" claim, Plaintiff must prove by a preponderance of the evidence each of the following elements: (1) that his spread of hours on a given day was greater than ten hours; and (2) that he was not paid an additional hour of wages at the minimum wage rate for that day's work.

The NYLL defines spread of hours as "the length of the interval between the beginning and end of an employee's workday." The spread of hours for any day includes compensable time plus, as I have previously defined it, any non-compensable break time. For example, let's say an employee begins work at 8:00 a.m. and works until noon. Then the employee is off work until 5:00 p.m. but works from 5:00 p.m. until 9:00 p.m. Although the employee will have only eight compensable hours, his spread of hours would be thirteen—the number of hours between 8:00 a.m. and 9:00 p.m. In this example, the employee would be entitled to be paid for nine hours: the eight hours of compensable time, plus an additional hour— paid at the minimum wage rate, not the overtime rate—because he worked a "spread of hours" greater than ten hours.

For Question 8 on the verdict form, you must indicate whether a Plaintiff's spread of hours ever exceeded 10 hours. If you find that it did exceed 10 hours, then you must also indicate for what period or periods his spread of hours exceeded 10 hours. If a Plaintiff's spread of hours ever exceeded 10 hours, indicate in Question 9 whether that Plaintiff received spread of hours pay on those days.

---

[9]  Adapted from *Wu v. Sushi Nomado of Manhattan, Inc.*, 17-CV-4661 (MKV); Plaintiffs' Proposed Jury Instructions

### T.  Substantive Law - Wage Statements Claims[10]

The NYLL requires every employer to furnish each employee with a statement of wages—sometimes called a pay stub—with every payment of wages. The Plaintiffs claim that the Defendants did not provide them with these required wage statements. The NYLL specifies that the wage statements must list the following:

- the dates of work covered by that payment of wages;

- the name of employee;

- the name, address, and phone number of employer;

- rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

- gross wages;

- deductions;

- allowances, if any, claimed as part of the minimum wage; and

- net wages.

For all employees who are not exempt from overtime compensation, the statement must also include:

- the regular hourly rate or rates of pay;

- the overtime rate or rates of pay;

- the number of regular hours worked; and

- the number of overtime hours worked.

---

[10] Adapted from *Wang v. Leo Chuliya, LTD*, 20-CV-10395 (JLR); Plaintiff's Proposed Jury Instructions.

**DRAFT**                                                        **COURT EXHIBIT 8**

You must determine whether each Plaintiff was provided with an adequate wage statement, as I have described it, with each payment of wages.

The burden of proof concerning this claim is different from the burden of proof in many other issues that we have considered in this trial. If you find any Defendant or Defendants to have been a Plaintiff's employer or employers, those Defendants then bear the burden of proving by a preponderance of the evidence that they provided an adequate wage statement to that Plaintiff, as I have described it, with each payment of wages. If you find that the Defendants provided adequate wage statements with each wage payment made to each of the Plaintiffs, you must answer "Yes" to Question 10 on your verdict form. If you find that the Defendants failed to provide adequate wage statements with some or all payments made to a Plaintiff, you must answer "No" to Question 10 with respect to that Plaintiff. Furthermore, if you answer "No" to Question 10 with respect to any of the Plaintiffs, you must determine and indicate the period of time during which those wage statements were not provided with wage payments.

**DRAFT**                                                    **COURT EXHIBIT 8**

### U.  Substantive Law - Good Faith[11]

If you found that any of the Defendants failed to pay a Plaintiff the minimum wage rate; failed to pay a Plaintiff "overtime wages;" failed to pay a Plaintiff "spread of hours wages;" or failed to provide a Plaintiff with wage statements and thereby caused the Plaintiff actual harm, you will then need to determine whether those Defendants acted in good faith. That is because the law may lessen the Defendants' liability if they acted in good faith. I will now instruct you on how to determine if the Defendants acted in good faith.

To act in good faith is to act with objectively reasonable grounds for believing that the acts or omissions at issue did not violate the law. It is the Defendants' burden to establish good faith. It is not enough for the Defendants to claim that they did not know that their acts or omissions violated the law. To establish good faith, the Defendants must prove that they took active steps to ascertain what the law requires, and that they then took action to comply with the law, as they understood it.

Questions 11 through 14 ask you whether—to the extent you have determined that the Defendants violated the law as I have described it to you—they nonetheless acted in good faith. For each of these questions, if you find that Defendants acted in good faith with respect to a certain claim, you must check "Yes" for that question. If you find that Defendants did not act in good faith with respect to a certain claim, you must check "No" for that question.

---

[11] Adapted from *Weng v. Kung Fu Little Steamed Buns Ramen, Inc*., 17-CV-273 (LAP); *Wang v. Leo Chuliya, LTD*, 20-CV-10395 (JLR); Plaintiff's Proposed Jury Instructions.

**DRAFT**                                                    **COURT EXHIBIT 8**

### V.  Closing Arguments

With these instructions in mind, you will now hear from the lawyers, who will give their closing arguments. I remind you that arguments by lawyers are not evidence, because the lawyers are not witnesses. However, what they say to you in their closing arguments is intended to help you understand the evidence and to reach your verdict. Please pay careful attention to their arguments.

### Deliberations of the Jury

**W. Right To See Exhibits and Hear Testimony; Communications with Court**

You are about to go into the jury room and begin your deliberations. You will have all of the exhibits on a flash drive provided to you. If you want any of the testimony read back to you, may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony.

Your requests for testimony – in fact any communication with the court – should be made to me in writing, signed by your foreperson and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

### X. Notes

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory. Do not share your notes with other jurors during deliberations. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### Y. Duty to Deliberate/Unanimous Verdict

You will now return to decide the case. In order to prevail, Plaintiff must sustain its burden of proof as I have explained to you with respect to each element of the Complaint. If you find that Plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that Plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against Plaintiff.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

### Z.  Selection of Foreperson

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

**DRAFT**                                                    **COURT EXHIBIT 8**

### AA.        Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

**BB.        Verdict Form**

I have prepared a general verdict form for you to use in recording your decision. On the form, there are spaces to indicate your verdict on each Plaintiff's claim against each Defendant. You should proceed through the questions in the order in which they are listed. After you have reached a verdict, the foreperson should fill in the verdict sheet, sign and date it and then give a note to the deputy stating that you have reached a verdict. Do not specify what the verdict is in your note. Remember, the verdict must be unanimous and must reflect the conscientious judgment of each juror.

**DRAFT**                                                      **COURT EXHIBIT 8**

    **CC.**       **Closing Comment**

Finally, I say this not because I think it is necessary but because it is the custom in this courthouse: You should treat each other with courtesy and respect during your deliberation.

All litigants stand equal in this room. All litigants stand equal before the bar of justice. Your duty is to decide between these parties fairly and impartially, to see that justice is done, all in accordance with your oath as jurors.

Thank you for your time and attentiveness.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YUNJIAN LIN, et al.,

                              Plaintiffs,

                    -against-                                    15-CV-2950 (JGLC)

GRAND SICHUAN 74 ST, INC. d/b/a Grand
Sichuan 74, et al.,

                              Defendants.

---

## <u>VERDICT FORM</u>

**All Jurors must agree unanimously to the answers to each question. Please follow the directions in this form closely and move through the form in the order that the questions are asked.**

**DRAFT**                                                        **COURT EXHIBIT 9**

## QUESTION 1: DURATION OF EMPLOYMENT

Please indicate the duration of each Plaintiff's employment. If you find that a Plaintiff's total duration of employment was 0 days, leave that Plaintiff's row blank.

| Plaintiff | Employment Start Date | End Date |
|---|---|---|
| Yunjian Lin | | |
| Yong Jun Li | | |
| Li Weng | | |
| Youmin Shen | | |
| Miao Wang | | |

If you found that a Plaintiff held multiple terms of employment, indicate the name of the Plaintiff and the duration of the Plaintiff's terms of employment below. You do not need to use each space provided.

| Plaintiff | Other Terms of Employment (Start Date – End Date) |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**If the duration of employment totals 0 days for any Plaintiff, do not answer the portions of the Questions 2 through 14 that deal with that Plaintiff.**

**Please proceed to Question 2.**

2

**DRAFT**                                                                 **COURT EXHIBIT 9**

## QUESTION 2: COMPENSABLE HOURS PER WEEK

Please indicate the number of "compensable hours" each Plaintiff worked per week. If the number of hours per week changed, please note when it changed and what it changed to.

| Plaintiff | Compensable Hours Worked Per Week |
|-----------|-----------------------------------|
| Yunjian Lin | |
| Yong Jun Li | |
| Li Weng | |
| Youmin Shen | |
| Miao Wang | |

**Please proceed to Question 3.**

**DRAFT**                                                    **COURT EXHIBIT 9**

<u>**QUESTION 3: SALARY**</u>

Please indicate each Plaintiff's salary in the space provided, in the form of "$[Number of Dollars] per [Unit of Time]." If a Plaintiff's salary changed, please indicate when and what it changed to.

| Plaintiff | Salary ("$[Number of Dollars] per [Unit of Time]") |
|---|---|
| Yunjian Lin | |
| Yong Jun Li | |
| Li Weng | |
| Youmin Shen | |
| Miao Wang | |

**Please continue to Question 4.**

4

**DRAFT**                                                  **COURT EXHIBIT 9**

## QUESTION 4: REGULAR RATE OF PAY

Please indicate each Plaintiff's "Regular Rate of Pay" as calculated according to the Jury Instructions. If a Plaintiff's "Regular Rate of Pay" changed, please indicate when and what it changed to. If you found that a Plaintiff was paid an hourly rate in Question 3, you may enter that hourly rate here.

| Plaintiff | Regular Rate of Pay |
|---|---|
| Yunjian Lin | |
| Yong Jun Li | |
| Li Weng | |
| Youmin Shen | |
| Miao Wang | |

**Please continue to Question 5.**

**DRAFT**                                                                **COURT EXHIBIT 9**

<u>**QUESTION 5: TIP CREDIT**</u>

Please indicate, for each Plaintiff, whether a tip credit applied, and if so, for what time period. If no tip credit applies, write "No Credit" in the corresponding box.

| Plaintiff | Tip Credit |
|---|---|
| Yunjian Lin | |
| Yong Jun Li | |
| Li Weng | |
| Youmin Shen | |
| Miao Wang | |

**Please proceed to Question 6.**

**DRAFT**                                                        **COURT EXHIBIT 9**

<u>**QUESTION 6: MINIMUM WAGE**</u>

Please indicate whether each Plaintiff was paid the minimum wage required under the NYLL by writing "Yes" or "No" in the corresponding box. If a Plaintiff was not paid the minimum, also indicate from when to when the Plaintiff was not paid minimum wage.

| Plaintiff | Was Plaintiff paid the minimum wage under the NYLL? |
|-----------|-----------------------------------------------------|
| Yunjian Lin | |
| Yong Jun Li | |
| Li Weng | |
| Youmin Shen | |
| Miao Wang | |

**Please proceed to Question 7.**

**DRAFT**                                                    **COURT EXHIBIT 9**

<u>**QUESTION 7: OVERTIME WAGES**</u>

Please indicate whether each Plaintiff was paid the appropriate overtime wage required under the NYLL by writing "Yes" or "No" in the corresponding box. If a Plaintiff was not paid the appropriate overtime wage, also indicate from when to when the Plaintiff was not paid minimum wage. If a Plaintiff did not work overtime, leave the corresponding space blank.

| Plaintiff | Was Plaintiff paid overtime wages under the NYLL? |
|---|---|
| Yunjian Lin | |
| Yong Jun Li | |
| Li Weng | |
| Youmin Shen | |
| Miao Wang | |

**Please proceed to Question 8.**

**DRAFT**                                                     **COURT EXHIBIT 9**

## QUESTION 8: SPREAD OF HOURS

Please indicate, for each Plaintiff, whether their spread of hours ever exceeded 10 hours by writing "Yes" or "No" in the corresponding box. If you answer "Yes," indicate for what period or periods the spread of hours exceeded 10 hours.

| Plaintiff | Did Plaintiff's spread of hours exceed 10 hours? If so, when? |
|---|---|
| Yunjian Lin | |
| Yong Jun Li | |
| Li Weng | |
| Youmin Shen | |
| Miao Wang | |

**If you found that Plaintiff's spread of hours never exceeded 10 hours, skip Question 9 for that Plaintiff.**

**Please proceed to Question 9 for any Plaintiffs for whom you answered "Yes."**

**DRAFT**                                                    **COURT EXHIBIT 9**

## QUESTION 9: SPREAD OF HOURS WAGES

Please indicate whether each Plaintiff received spread of hours pay on the days the spread of hours exceeded 10 hours. If a Plaintiff did not receive spread of hours pay on the days when the spread of hours exceeded 10 hours, indicate which days the Plaintiff did not receive spread of hours pay.

| Plaintiff | Did Plaintiff receive spread of hours pay for the days where the Plaintiff's spread of hours exceeded 10 hours? |
|---|---|
| Yunjian Lin | |
| Yong Jun Li | |
| Li Weng | |
| Youmin Shen | |
| Miao Wang | |

**Please proceed to Question 10.**

10

**DRAFT**                                                      **COURT EXHIBIT 9**

## <u>QUESTION 10: WAGE STATEMENTS</u>

Please indicate whether each Plaintiff received adequate wage statements with each wage payment made from the Defendants by writing "Yes" or "No" in the appropriate box. If you answer "No," indicate the period or periods of time during which those wage statements were not provided with age payments.

| Plaintiff | Did Plaintiff receive adequate wage statements, and if not, when? |
|---|---|
| Yunjian Lin | |
| Yong Jun Li | |
| Li Weng | |
| Youmin Shen | |
| Miao Wang | |

**Please proceed to Question 11.**

11

## QUESTION 11: GOOD FAITH – MINIMUM WAGE

For each Plaintiff whom Defendants failed to pay the minimum wage rate (Question 6), indicate by writing "Yes" or "No" whether that Defendant acted in good faith when they failed to pay that Plaintiff the minimum wage.

You may not need to fill out every space. If a Plaintiff was paid the minimum wage rate, leave the corresponding boxes blank. If a Defendant was not an employer of a Plaintiff, leave that Defendant's box blank. As a reminder, the time periods for which each Defendant held employer status is included below. You may cross-reference this time period with your answers in Question 1 regarding the duration of each Plaintiff's employment.

| Plaintiff | Defendant Li Jiang (Grand Sichuan 74) December 2010 – September 9, 2014 | Defendant Yong Li Li (Grand Sichuan 74) August 1, 2013 – July 25, 2016 |
|---|---|---|
| Yunjian Lin | | |
| Yong Jun Li | | |
| Li Weng | | |
| Youmin Shen | | |
| Miao Wang | | |

**Please proceed to Question 12.**

**DRAFT**                                                  **COURT EXHIBIT 9**

## <u>QUESTION 12: GOOD FAITH – OVERTIME WAGES</u>

For each Plaintiff whom Defendants failed to pay overtime wages (Question 7), indicate by writing "Yes" or "No" whether that Defendant acted in good faith when they failed to pay that Plaintiff overtime wages.

You may not need to fill out every space. If a Plaintiff worked no overtime hours or was paid overtime wages, leave the corresponding boxes blank. If a Defendant was not an employer of a Plaintiff, leave that Defendant's box blank.

| Plaintiff | Defendant Li Jiang (Grand Sichuan 74) December 2010 – September 9, 2014 | Defendant Yong Li Li (Grand Sichuan 74) August 1, 2013 – July 25, 2016 |
|---|---|---|
| Yunjian Lin | | |
| Yong Jun Li | | |
| Li Weng | | |
| Youmin Shen | | |
| Miao Wang | | |

**Please proceed to Question 13.**

13

## QUESTION 13: GOOD FAITH – SPREAD OF HOURS WAGES

For each Plaintiff whom Defendants failed to pay spread of hour wages (Question 9), indicate by writing "Yes" or "No" whether that Defendant acted in good faith when they failed to pay that Plaintiff spread of hour wages.

You may not need to fill out every space. If a Plaintiff was owed no spread of hour wages or was paid their spread of hour wages, leave the corresponding boxes blank. If a Defendant was not an employer of a Plaintiff, leave that Defendant's box blank.

| Plaintiff | Defendant Li Jiang (Grand Sichuan 74) December 2010 – September 9, 2014 | Defendant Yong Li Li (Grand Sichuan 74) August 1, 2013 – July 25, 2016 |
|---|---|---|
| Yunjian Lin | | |
| Yong Jun Li | | |
| Li Weng | | |
| Youmin Shen | | |
| Miao Wang | | |

**Please proceed to Question 14.**

**DRAFT**                                           **COURT EXHIBIT 9**

## QUESTION 14: GOOD FAITH – WAGE STATEMENTS

For each Plaintiff whom Defendants failed to provide adequate wage statements (Question 10), indicate by writing "Yes" or "No" whether that Defendant acted in good faith when they failed to provide that Plaintiff adequate wage statements.

You may not need to fill out every space. If a Plaintiff was provided adequate wage statements, leave the corresponding boxes blank. If a Defendant was not an employer of a Plaintiff, leave that Defendant's box blank.

| Plaintiff | Defendant Li Jiang (Grand Sichuan 74) December 2010 – September 9, 2014 | Defendant Yong Li Li (Grand Sichuan 74) August 1, 2013 – July 25, 2016 |
|---|---|---|
| Yunjian Lin | | |
| Yong Jun Li | | |
| Li Weng | | |
| Youmin Shen | | |
| Miao Wang | | |

**Your deliberations are <u>finished</u>.**

I attest the foregoing reflects the jury's decision.

_____
Foreperson

Dated: _____, 2024

15

# *Yunjian Lin, et al.,*

# v.

# *Grand Sichuan 74 St., Inc., et al.*

15-CV-2950

United States District Court for the Southern District of New York

November XX, 2024

**Court Exhibit 10**

# Plaintiffs' Claims

• Minimum Wage Claims

• Overtime Claims

• Spread of Hours Claims

• Wage Statements Claims

# Minimum Wage Claims

To decide if a Plaintiff has proved a minimum wage claim, you will need to determine:

1. The hours worked

2. The wages paid per hour

3. If any tip credit applies

# Minimum Wage - Hours Worked

- Hours worked per day = End Time – Start Time – Non-Compensable Breaks

- Non-Compensable Breaks are breaks longer than 30 minutes during which the Plaintiff-Employee was relieved from duty.

# Minimum Wage - Wages Paid Per Hour

## Step One: Calculate Weekly Rate of Pay

Multiply the rate you found by the number of time units per year, then divide the result by 52 weeks per year

*Example:*

- ➤ Plaintiff is paid a flat rate of $2,600.00 per month.
- ➤ Multiple 2,600 by 12 months per year to get $31,200.00 per year.
- ➤ Divide $31,200.00 per year by 52 weeks per year to get **$600.00 per week**.

## Step Two: Calculate Regular Rate of Pay (Wages Paid Per Hour)

Divide the employee's weekly rate by the lesser of (1) 40 hours per week and (2) the actual number of hours worked per week.

*Example:*

- ➤ Plaintiff's weekly rate is $600 per week. Plaintiff works 50 hours per week.
- ➤ Divide the weekly $600 by 40 hours (because 40 is less than the 50 actual hours worked).
- ➤ The **Regular Rate of Paid/Wages Paid Per Hour is $15.00**.

# Minimum Wage – Tip Credit

To claim a Tip Credit, a Defendant-Employer must prove that the Defendant notified the employee (1) of the amount of tip credit and (2) that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate.

This notification must be provided in written form, in English and in the employee's primary language.

# Overtime Claims

To decide if a Plaintiff has proven overtime claims, you must determine:

1. Whether Plaintiff worked more than 40 hours per week

2. Whether Plaintiff was paid the overtime rate for hours worked in excess of 40 per week

# Overtime – Calculating Overtime Pay Rate

An employee must be paid at a rate of at least one and one half (1.5) times either the employee's Regular Rate of Pay or the statutory minimum wage, whichever is greater, for all overtime hours. Tip credits may affect the applicable minimum wage rate for overtime.

*Example:*

➢ Plaintiff worked 50 hours per week.

➢ Plaintiff is entitled to 50 – 40 = 10 hours of overtime pay.

➢ Plaintiff's hourly wage was $15.

➢ Because this is greater than the applicable statutory minimum wage rate for overtime, calculate the appropriate overtime rate as follows:

➢ $15 per hour multiplied by 1.5 = **$22.50 per hour as the overtime rate.**

# Spread of Hours Claims

To decide if a Plaintiff has proven spread of hours claims, you must determine:

1.  Whether the spread of hours on a given day was greater than ten hours

2.  If so, whether, on that day, he was not paid an additional hour of wages at the minimum wage rate.

# Spread of Hours – Calculating Spread of Hours

Spread of hours is "the length of the interval between the beginning and end of an employee's workday" including compensable time and non-compensable breaks.

*Example:*
➢ Plaintiff begins work at 8:00 a.m and works until noon.
➢ Plaintiff is off work until 5:00 p.m.
➢ Plaintiff resumes work from 5:00 p.m. until 9:00 p.m.
➢ The compensable hours is $(12 – 8) + (9 – 5) = 8$ hours.
➢ The spread of hours is from 8 a.m. to 9 p.m., or $21 – 8 =$ __13 hours.__
➢ **Because the spread of hours (13) exceeds 10, Plaintiff is entitled to 1 additional hour of pay, or 8 + 1 = 9 hours total.**

# Wage Statements Claims

To defeat a wage statements claim, Defendants must prove they provided **adequate wage statements** with **each payment of wages**.

# Good Faith

Defendants must prove they acted with objectively reasonable grounds for believing the acts or omissions did not violate the law:

- Did Defendants **take active steps** to ascertain what the law requires?

- Did Defendants **take actions to comply** with the law **as they understood it**?

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUNJIAN LIN, et al.,

Plaintiffs,

-against-

15-CV-2950 (JGLC)

GRAND SICHUAN 74 ST, INC. d/b/a Grand
Sichuan 74, et al.,

Defendants.

## <u>VERDICT FORM</u>

**All Jurors must agree unanimously to the answers to each question. Please follow the directions in this form closely and move through the form in the order that the questions are asked.**

**COURT EXHIBIT 11**

## QUESTION 1: DURATION OF EMPLOYMENT

Please indicate the duration of each Plaintiff's employment. If you find that a Plaintiff's total duration of employment was 0 days, leave that Plaintiff's row blank.

| Plaintiff | Employment Start Date | End Date |
|---|---|---|
| Yunjian Lin | | |
| Yong Jun Li | | |
| Li Weng | | |
| Youmin Shen | | |
| Miao Wang | | |
| Wei Wei Ding | | |
| Wei Ting Zhao | | |
| Yuhai Zhu | | |

If you found that a Plaintiff held multiple terms of employment, indicate the name of the Plaintiff and the duration of the Plaintiff's terms of employment below. You do not need to use each space provided.

| Plaintiff | Other Terms of Employment (Start Date – End Date) |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**If the duration of employment totals 0 days for any Plaintiff, do not answer the portions of the Questions 2 through 12 that deal with that Plaintiff.**

**Please proceed to Question 2.**

2

**COURT EXHIBIT 11**

## QUESTION 2: COMPENSABLE HOURS PER WEEK

Please indicate the number of "compensable hours" each Plaintiff worked per week. If the number of hours per week changed, please note when it changed and what it changed to.

| Plaintiff | Compensable Hours Worked Per Week |
|---|---|
| Yunjian Lin | |
| Yong Jun Li | |
| Li Weng | |
| Youmin Shen | |
| Miao Wang | |
| Wei Wei Ding | |
| Wei Ting Zhao | |
| Yu Hai Zhu | |

**Please proceed to Question 3.**

## QUESTION 3: SALARY

Please indicate each Plaintiff's salary in the space provided, in the form of "$[Number of Dollars] per [Unit of Time]." If a Plaintiff's salary changed, please indicate when and what it changed to.

| Plaintiff | Salary ("$[Number of Dollars] per [Unit of Time]") |
|---|---|
| Yunjian Lin | |
| Yong Jun Li | |
| Li Weng | |
| Youmin Shen | |
| Miao Wang | |
| Wei Wei Ding | |
| Wei Ting Zhao | |
| Yuhai Zhu | |

**Please continue to Question 4.**

**COURT EXHIBIT 11**

## QUESTION 4: REGULAR RATE OF PAY

Please indicate each Plaintiff's "Regular Rate of Pay" as calculated according to the Jury Instructions. If a Plaintiff's "Regular Rate of Pay" changed, please indicate when and what it changed to. If you found that a Plaintiff was paid an hourly rate in Question 3, you may enter that hourly rate here.

| Plaintiff | Regular Rate of Pay |
|---|---|
| Yunjian Lin | |
| Yong Jun Li | |
| Li Weng | |
| Youmin Shen | |
| Miao Wang | |
| Wei Wei Ding | |
| Wei Ting Zhao | |
| Yuhai Zhu | |

**Please continue to Question 5.**

## QUESTION 5: TIP CREDIT

Please indicate, for each Plaintiff, whether a tip credit applied, and if so, for what time period. If no tip credit applies, write "No Credit" in the corresponding box.

| Plaintiff | Tip Credit |
|---|---|
| Yunjian Lin | |
| Yong Jun Li | |
| Li Weng | |
| Youmin Shen | |
| Miao Wang | |
| Wei Wei Ding | |
| Wei Ting Zhao | |
| Yuhai Zhu | |

**Please proceed to Question 6.**

## QUESTION 6: MINIMUM WAGE

Please indicate whether each Plaintiff was paid the minimum wage required under the NYLL by writing "Yes" or "No" in the corresponding box. If a Plaintiff was not paid the minimum, also indicate from when to when the Plaintiff was not paid minimum wage.

| Plaintiff | Was Plaintiff paid the minimum wage under the NYLL? |
|---|---|
| Yunjian Lin | |
| Yong Jun Li | |
| Li Weng | |
| Youmin Shen | |
| Miao Wang | |
| Wei Wei Ding | |
| Wei Ting Zhao | |
| Yuhai Zhu | |

**Please proceed to Question 7.**

7

## QUESTION 7: OVERTIME WAGES

Please indicate whether each Plaintiff was paid the appropriate overtime wage required under the NYLL by writing "Yes" or "No" in the corresponding box. If a Plaintiff was not paid the appropriate overtime wage, also indicate from when to when the Plaintiff was not paid minimum wage. If a Plaintiff did not work overtime, leave the corresponding space blank.

| Plaintiff | Was Plaintiff paid overtime wages under the NYLL? |
|---|---|
| Yunjian Lin | |
| Yong Jun Li | |
| Li Weng | |
| Youmin Shen | |
| Miao Wang | |

**Please proceed to Question 8.**

## QUESTION 8: SPREAD OF HOURS

Please indicate, for each Plaintiff, whether their spread of hours ever exceeded 10 hours by writing "Yes" or "No" in the corresponding box. If you answer "Yes," indicate for what period or periods the spread of hours exceeded 10 hours.

| Plaintiff | Did Plaintiff's spread of hours exceed 10 hours? If so, when? |
|---|---|
| Yunjian Lin | |
| Yong Jun Li | |
| Li Weng | |
| Youmin Shen | |
| Miao Wang | |

**If you found that Plaintiff's spread of hours never exceeded 10 hours, skip Question 9 for that Plaintiff.**

**Please proceed to Question 9 for any Plaintiffs for whom you answered "Yes."**

## QUESTION 9: SPREAD OF HOURS WAGES

Please indicate whether each Plaintiff received spread of hours pay on the days the spread of hours exceeded 10 hours. If a Plaintiff did not receive spread of hours pay on the days when the spread of hours exceeded 10 hours, indicate which days the Plaintiff did not receive spread of hours pay.

| Plaintiff | Did Plaintiff receive spread of hours pay for the days where the Plaintiff's spread of hours exceeded 10 hours? |
|---|---|
| Yunjian Lin | |
| Yong Jun Li | |
| Li Weng | |
| Youmin Shen | |
| Miao Wang | |

**Please proceed to Question 10.**

## QUESTION 10: GOOD FAITH – MINIMUM WAGE

For each Plaintiff whom Defendants failed to pay the minimum wage rate (Question 6), indicate by writing "Yes" or "No" whether that Defendant acted in good faith when they failed to pay that Plaintiff the minimum wage.

You may not need to fill out every space. If a Plaintiff was paid the minimum wage rate, leave the corresponding boxes blank. If a Defendant was not an employer of a Plaintiff, leave that Defendant's box blank. As a reminder, the time periods for which each Defendant held employer status is included below. You may cross-reference this time period with your answers in Question 1 regarding the duration of each Plaintiff's employment.

| Plaintiff | Defendant Li Jiang (Grand Sichuan 74) December 2010 – September 9, 2014 | Defendant Yong Li Li (Grand Sichuan 74) August 1, 2013 – July 25, 2016 |
|---|---|---|
| Yunjian Lin | | |
| Yong Jun Li | | |
| Li Weng | | |
| Youmin Shen | | |
| Miao Wang | | |
| Wei Wei Ding | | |
| Wei Ting Zhao | | |
| Yuhai Zhu | | |

**Please proceed to Question 11.**

## QUESTION 11: GOOD FAITH – OVERTIME WAGES

For each Plaintiff whom Defendants failed to pay overtime wages (Question 7), indicate by writing "Yes" or "No" whether that Defendant acted in good faith when they failed to pay that Plaintiff overtime wages.

You may not need to fill out every space. If a Plaintiff worked no overtime hours or was paid overtime wages, leave the corresponding boxes blank. If a Defendant was not an employer of a Plaintiff, leave that Defendant's box blank.

| Plaintiff | Defendant Li Jiang (Grand Sichuan 74) December 2010 – September 9, 2014 | Defendant Yong Li Li (Grand Sichuan 74) August 1, 2013 – July 25, 2016 |
|---|---|---|
| Yunjian Lin | | |
| Yong Jun Li | | |
| Li Weng | | |
| Youmin Shen | | |
| Miao Wang | | |

**Please proceed to Question 12.**

## QUESTION 12: GOOD FAITH – SPREAD OF HOURS WAGES

For each Plaintiff whom Defendants failed to pay spread of hour wages (Question 9), indicate by writing "Yes" or "No" whether that Defendant acted in good faith when they failed to pay that Plaintiff spread of hour wages.

You may not need to fill out every space. If a Plaintiff was owed no spread of hour wages or was paid their spread of hour wages, leave the corresponding boxes blank. If a Defendant was not an employer of a Plaintiff, leave that Defendant's box blank.

| Plaintiff | Defendant Li Jiang (Grand Sichuan 74) December 2010 – September 9, 2014 | Defendant Yong Li Li (Grand Sichuan 74) August 1, 2013 – July 25, 2016 |
|---|---|---|
| Yunjian Lin | | |
| Yong Jun Li | | |
| Li Weng | | |
| Youmin Shen | | |
| Miao Wang | | |

**Your deliberations are <u>finished</u>.**

I attest the foregoing reflects the jury's decision.

_____
Foreperson

Dated: _____, 2024

**ANNOTATED**                                                    **COURT EXHIBIT 12**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YUNJIAN LIN, et al.,

Plaintiffs,

-against-

15-CV-2950 (JGLC)

GRAND SICHUAN 74 ST, INC. d/b/a Grand
Sichuan 74, et al.,

Defendants.

---

JESSICA G. L. CLARKE, United States District Judge:

**FINAL JURY INSTRUCTIONS**

1

## Table of Contents

**General Instructions** .................................................................................................. **3**

  A.   Introduction to Instructions ................................................................... 3

  B.   Roles of the Judge and Jury.................................................................. 4

  C.   Role of Counsel .................................................................................... 5

  D.   Impartiality ........................................................................................... 6

  E.   What Is and Is Not Evidence ................................................................ 7

  F.   Direct and Circumstantial Evidence ..................................................... 9

  G.   Credibility of Witnesses ..................................................................... 11

  H.   Stipulations ........................................................................................ 13

  I.    Burden of Proof .................................................................................. 14

  J.    Available Evidence ............................................................................ 16

  K.   Multiple Claims and Multiple Parties ................................................ 17

  L.    Translators .......................................................................................... 18

**Substantive Instructions** ...................................................................................... **19**

  M.  Overview ............................................................................................ 19

  N.   Summary of the Claims ...................................................................... 20

  O.   Substantive Law – Duration of Employment ..................................... 22

  P.   Substantive Law – Minimum Wage Claims ...................................... 24

     1.   Hours Worked ........................................................................... 25

     2.   Wages Paid Per Hour Worked .................................................. 28

     3.   Tip Credit .................................................................................. 30

     4.   Minimum Wage Rates ............................................................... 31

  Q.   Substantive Law – Overtime Claims .................................................. 32

  R.   Substantive Law - Spread of Hours Claims ....................................... 35

  S.   Substantive Law - Good Faith............................................................ 37

  T.   Closing Arguments ............................................................................. 38

**Deliberations of the Jury** ..................................................................................... **39**

  U.   Right To See Exhibits and Hear Testimony; Communications with Court ........ 39

  V.   Notes.................................................................................................... 40

  W.  Duty to Deliberate/Unanimous Verdict.............................................. 41

  X.   Selection of Foreperson ...................................................................... 42

  Y.   Return of Verdict ................................................................................ 43

  Z.   Verdict Form ....................................................................................... 44

  AA.  Closing Comment................................................................................ 45

## General Instructions

### A.  Introduction to Instructions

Members of the jury, you have now heard all of the evidence in the case. You are about to hear the final arguments of the parties and then you will undertake your final and most important function as jurors. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them, just as it has been my duty to preside over the trial and to decide what testimony and evidence was proper under the law for your consideration.

You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

3

### B. Roles of the Judge and Jury

It is a tradition and right of our legal system that parties involved in legal disputes have a jury, chosen from the members of their community, render a verdict. Your role, as the jury, is to decide the factual issues in the case. I, as the judge, will instruct you on the law, and you must accept the law as I state it to you. Then, you will apply that law to the facts as you find them. The result of your work will be the verdict that you return.

You, as jurors, are the sole and exclusive arbiters of the facts. You determine the weight of the evidence. You appraise the credibility of the witnesses. You draw the reasonable inferences from the evidence or lack of evidence. And you resolve such conflicts as there may be in the testimony. In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. I will instruct you momentarily on what is and is not evidence.

Because you are the sole and exclusive arbiters of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views on what your decision should be. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

My role, as the judge, is to instruct you on the law that you are to apply to the facts as you find them. You, as jurors, are bound to accept my instructions on the law even if you feel that the law should be different from what I say it is. Also, if anyone has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any one instruction or any one word or phrase in an instruction as alone stating the law, but you should consider the instructions as a whole.

4

### C.  Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue.  If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing called sidebars.  These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### D. Impartiality

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartially. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence. Your verdict will be determined by the conclusions you reach, no matter whom the verdict helps or hurts.

### E.  What Is and Is Not Evidence

Evidence consists of the testimony of the witnesses, the exhibits that have been received into evidence, stipulations, and judicially noticed facts. The stipulation contains facts that the parties have agreed on, and you are to take these facts as true. By contrast, what counsel have said in their opening statements, questions and objections, as well as what they may say in their closing arguments, is not evidence. Also, anything that I have said or may say about the facts, as well as anything you have heard outside the courtroom is not evidence.

You should bear in mind that a question put to a witness is never evidence; it is only the answer that is evidence. At times, a questioner may have incorporated into a question a statement that assumed certain facts to be true and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it simply because it was contained in a question. You also may not consider any answer that I directed you to disregard or that I directed be stricken from the record.

Exhibits that have been marked for identification or have been identified as demonstrative aids are not evidence, unless they have been admitted into evidence by the Court. If a demonstrative aid misstates the underlying evidence, it is the underlying evidence that you must consider. Materials used only to refresh a witness's recollection also are not evidence.

Arguments made by the attorneys are not evidence. If your recollection of the facts differs from the statements made by attorneys in their arguments, then it is your recollection that controls.

During the trial, I have been called upon to make various rulings. There may have been objections, or motions may have been made to strike answers. You are to disregard these

7

procedural matters; they are matters of law, and although you may have been curious about them, you should not consider them.

Also, the fact that I may have commented during the course of the trial or asked questions of witnesses does not indicate any feeling of mine about the facts or the credibility of any witness. I have no such feelings, and my comments were intended only to clarify the issue at hand. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party because of any comment, question, or instruction of mine. It is for you alone to decide the credibility of the witnesses and the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Lastly, anything that you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence that is presented to you in this courtroom.

### F.  Direct and Circumstantial Evidence

There are two types of evidence that you may use in reaching your verdict – direct evidence and circumstantial evidence. Direct evidence is when a witness testifies about something the witness knows by virtue of his or her own senses – something the witness has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit admitted into evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom windows were covered and you could not look outside. Then, as you were sitting here, someone walked in with an umbrella that was dripping wet. A few minutes later, another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining, so you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer from one or more established facts, on the basis of reason, experience and common sense, the existence or non-existence of some other fact. An inference is not a speculation, suspicion or guess. An inference is a reasoned, logical deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence.

9

**ANNOTATED**                                              **COURT EXHIBIT 12**

There are times when different inferences may be drawn from the same proven facts. Here, the one side asks you to draw one set of inferences, while the other side asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

### G. Credibility of Witnesses

You have now had the opportunity to listen to and observe all of the witnesses. It is now your job to decide how believable you find each witness's testimony to be. How do you determine where the truth lies? You should use all of the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.

One thing you should consider is any bias, hostility or affection that a witness may have shown for or against a party. It is your duty to consider whether the witness has permitted any such bias to color his or her testimony. If you find that a witness is biased, then you should view the witness's testimony with caution, weigh it with care and subject it to close and searching scrutiny.

You should also consider any other interest or motive that the witness may have in cooperating with a particular party, as well as any interest the witness may have in the outcome of the case. Interest in the outcome of the case creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, you should accept the testimony of an interested witness with great care. Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter how strong their interest in the outcome of the case, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

Additional factors you should consider are: the opportunity the witness had to see, hear and know the things about which he or she testified; the accuracy of the witness's memory; the witness's candor or lack of candor; the witness's intelligence; the reasonableness of the witness's testimony; and the testimony's consistency or lack of consistency with other credible testimony.

11

In other words, what you must try to do in deciding credibility is to size a witness up in light of the witness's demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

If you find that any witness has willfully testified falsely to any material fact (that is, to an important matter), then the law permits you to disregard the entire testimony of that witness based upon the principle that someone who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.

While it is quite legitimate for an attorney to try to attack the credibility of a witness, as the sole arbiters of the facts, you must decide for yourselves which witnesses you will believe, what portion of their testimony you will accept and what weight you will give to that testimony.

### H. Stipulations

At the beginning of this trial, I read to you the stipulations between the parties. I will remind you now that a stipulation of facts is an agreement among the parties that certain facts are true. You must regard such agreed facts in the stipulation as true.

## I. Burden of Proof

I am now going to explain the concept of "burden of proof." This is a civil case, so the burden of proof is proof by a "preponderance of the evidence."

The party with the burden of proof on any given issue has the burden of proving to you every disputed element of that party's claim by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish that party's claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence, which refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you should consider the relevant testimony of all witnesses, regardless of who may have called them, and all of the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties, meaning it is as equally probable that one side is right as it is that the other side is right, then you must decide that issue against the party having the burden of proof. That is because the party with the burden of proof must prove more than simple equality of evidence. On the other hand, the party with the burden of proof does not need to prove any more than a preponderance of the evidence. This means that as long as you find on a given issue that the scales tip, however slightly, in favor of the party with the burden of proof, then you must find for that party on that issue, as that issue will have been proved by a preponderance of the evidence.

14

**ANNOTATED**                                                           **COURT EXHIBIT 12**

Once more I remind you, as I did at the beginning of the trial, that proof beyond a reasonable doubt is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this, and you should put it completely out of your mind.

**J.  Available Evidence**[1]

Although plaintiff bears the burden of proof on his claims, the law does not require plaintiff to call as witnesses all persons who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require that all things mentioned during the course of the trial be produced as exhibits.

You are not to rest your decision on what some absent witness who was not brought in might have testified to, or what he or she might not have testified to.  No party has an obligation to present cumulative testimony.

---

[1] Adapted from *Cisneros Portillo v. New Ko-Sushi*, 16-CV-2429 (JMF); *Cui v. D. Prime, Inc.*, 20-CV-3667 (OEM).

**K.  Multiple Claims and Multiple Parties**

This claim has more than one Plaintiff, and more than one Defendant, as well as multiple claims.  In reaching a verdict, you must bear in mind that each Plaintiff's claims are to be considered separately, even if you hear the plaintiffs being referred to collectively as "Plaintiffs." In the same vein, you must consider the evidence against each Defendant separately. Each Defendant is entitled to a fair consideration of the evidence relating to that Defendant, and is not to be prejudiced by any finding you make for or against any other Defendant.

**L.  Translators**

During this trial, some of the witnesses have testified in Mandarin Chinese with the assistance of a certified interpreter.  You are to consider only that evidence that was provided through the interpreter.  It is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in the official English translation and disregard any different meaning, even if you otherwise understand Mandarin Chinese.

## <u>Substantive Instructions</u>

### M. Overview

I'm now going to tell you about the law that you will have to apply to the facts as you find them. They are to help you evaluate the evidence in light of what you are asked to do now that you have heard all the evidence. To the extent that there are any differences between the preliminary instructions that I gave you at the beginning of trial and these final instructions, the final instructions are the ones you must follow in your deliberations.

You have also been provided with a verdict form that you will fill out during your deliberations. On the form, there are spaces to indicate your verdict on each Plaintiff's claim against each Defendant. You should proceed through the questions in the order in which they are listed. The verdict form contains 12 questions. You may not have to answer all of them. The instructions I am about to give you will guide you on when and how to answer each question.

19

### N.  Summary of the Claims

The Plaintiffs in this case are Yunjian Lin, Yong Jun Li, Li Weng, Youmin Shen, Miao Wang, Wei Wei Ding, Wei Ting Zhao, and Yuhai Zhu. There are several Defendants in this case, but you will only be considering the liability of Li Jiang, Yong Li Li, Grand Sichuan 74, and Grand Sichuan 75.

Plaintiffs bring this action under the New York State Labor Law, also known as the "NYLL." You will be considering three categories of claims, each of which I will now briefly summarize for you. Later I will explain the law as to each claim in more detail.

First, all Plaintiffs contend that the Defendants failed to pay them the minimum wages set by the NYLL. I will refer to these claims as the "Minimum Wage Claims."

Second, certain Plaintiffs contend that the Defendants violated the NYLL by failing to pay them "overtime wages," which are wages equal to 1.5 times their regular hourly wages, for all hours that they worked in excess of forty hours in any single week. I will refer to these claims as the "Overtime Claims."

Third, certain Plaintiffs contend that the Defendants violated the NYLL by failing to pay them "spread of hours wages," which are an extra hour of pay at the minimum wage rate for days that the Plaintiff's workday exceeded ten hours, even if there were breaks. I will refer to these claims as the "Spread of Hours Claims."

At the conclusion of my instructions, you will be given a verdict form with questions you must answer regarding these three categories of claims.

In reaching a verdict, you must bear in mind that the Plaintiffs must prove each of their claims by a preponderance of the evidence, unless I instruct you otherwise. To meet that burden, the Plaintiffs may rely on all the evidence received at trial, regardless of which side presented it.

20

I also want to emphasize that you must consider each Plaintiff's claims separately even if there are times when I refer to them collectively as "Plaintiffs." In the same vein, you must consider the evidence against each Defendant separately. Each Defendant is entitled to a fair consideration of the evidence relating to that Defendant, and is not to be prejudiced by any finding you make for or against any other Defendant.

I will now instruct you on the law of the claims.

## O.  Substantive Law – Duration of Employment[2]

As an initial matter, you will need to determine the duration of employment for each Plaintiff. The parties have already stipulated that Defendants Li Jiang and Grand Sichuan 74 St. were the employers for any Plaintiff employed from December 2010 through September 9, 2014, and that Defendants Yong Li Li and Grand Sichuan 75 St. Inc. were the employers of any Plaintiff employed between the period from August 1, 2013 through July 25, 2016. You must determine the time period that each Plaintiff was employed by each of these Defendants. It is the Plaintiff's burden to prove, by a preponderance of the evidence, when he worked for each of the Defendants.

To meet that burden, a Plaintiff may rely on all of the evidence received at trial, regardless of which side presented it. However, if you find that the Defendants did not keep accurate records with respect to the duration of Plaintiff's employment, then Plaintiff can meet his burden by presenting sufficient evidence to show his dates of employment as a matter of just and reasonable inference.[3] Plaintiff may meet this burden by relying on his recollection alone. The law does not require him to recall exact dates. You should find that he met his burden of proof as to the period of his employment if you find his testimony is credible and provides a basis for a reasonable approximation of the period during which he was employed.

---

[2] Adapted from *Cisneros Portillo v. New Ko-Sushi*, 16-CV-2429 (JMF); *Espinobarros v. First & First Finest Deli Corp*, 17-CV-5587 (KPF); *Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, 17-CV-273 (LAP); Plaintiffs' Proposed Jury Instructions.

[3] *See Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, 17-CV-273 (LAP); *Wang v. Leo Chuliya, LTD*, 20-CV-10395 (JLR); *Wu v. Sushi Nomado of Manhattan, Inc*., 17-CV-4661 (MKV); *Flores v. L.I. Proliner, Inc.*, 19-CV-5056 (RPK) (AYS); *Sun v. Sushi Fussion Express, Inc.*, 16-CV-4840 (RPK) (LB); *Moreno v. 194 East Second St. LLC*, 10-CV-7458 (LGS).

If you find that Plaintiff has met that burden, then the Defendants have the burden to show either the precise period that the Plaintiff worked, or that the Plaintiff's approximation of the period he worked is unreasonable. Accordingly, if you find that the Defendants do not have evidence of the precise dates of Plaintiff's employment, it then becomes the Defendants' burden to produce evidence to negate the Plaintiff's recollection of the period of his employment. If you find the Defendants have met their burden of proving a Plaintiff's approximation is unreasonable, then you may find he worked the period that the Defendants claim. If, however, you find that the Defendants did not meet their burden, then you should approximate the period of time based on your evaluation of Plaintiff's testimony. Ultimately, it is up to you to draw a reasonable conclusion as to the period, if any, during which Plaintiff was employed by each of the Defendants.

Question 1 on the verdict sheet asks you to state the duration of each Plaintiff's employment. Space is provided to list multiple terms of employment, should you find that Plaintiff's employment was broken up into multiple terms. However, you need not use each space provided.

**P. Substantive Law – Minimum Wage Claims**

I will now instruct you on each of the claims, beginning with the Minimum Wage Claims. All Plaintiffs claim that they were not paid the minimum wage required under the NYLL. To sustain their burden of proof with respect to these claims, each Plaintiff must prove by a preponderance of the evidence that the Defendants paid the Plaintiff less than the required minimum wage for hours that they worked. To determine if a Plaintiff has proved this, you will first need to determine the hours worked, the wages paid per hour, and if any tip credit applies. Let me walk you through these one by one.

### 1. Hours Worked[4]

First, you must first determine how many hours Plaintiff worked. An employee is considered to be working for purposes of these claims whenever he exerts himself, mentally or physically, for tasks controlled or required by the employer and performs these tasks primarily for the benefit of the employer. You must decide how many hours Plaintiff worked each day, how many days Plaintiff worked each week, and the number of hours Plaintiff worked each week.

The number of hours an employee works in a day is determined under what is called the "continuous workday" rule. Under that rule, the workday begins when the employee begins to engage in work and continues until the completion of his work. It includes all of the time within that period whether or not the employee is engaged in work throughout the entire period.

There is, however, an exception to this rule for meals and for periods longer than thirty minutes if the employee is completely relieved from duty. I will refer to those periods as "non-compensable breaks" because those periods are not compensable work time. It is the Defendants' burden to prove that a break was a non-compensable break. The Defendants must do so by a preponderance of the evidence. A non-compensable break must last at least thirty minutes. In contrast, short periods away from work, commonly known as break periods or coffee breaks, are compensable work time.

To qualify as a non-compensable break, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during the period at issue the employee's time and

---

[4] Adapted from *Wu v. Sushi Nomado of Manhattan, Inc.*, 17-CV-4661 (MKV) and Plaintiffs' Proposed Jury Instructions.

attention are primarily occupied by private or personal pursuits, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during the periods at issue, the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably spending the break, then the employee has not been relieved from duty. Whether the time was spent predominantly for the employer's or employee's benefit depends on all the facts and circumstances of the case.

In order to determine the number of hours worked, you must determine whether the Defendants have demonstrated a Plaintiff took non-compensable breaks. If you find that the Plaintiff did take non-compensable breaks, then the length of those breaks must be taken into account when determining the total number of hours the Plaintiff worked on a particular day. In other words, a Plaintiff's "compensable hours" are the number of hours he worked minus any non-compensable breaks.

With respect to this issue, as with the period of a Plaintiff's employment, a Plaintiff may rely on all the evidence received at trial, regardless of which side presented it. However, if you find that the Defendants did not keep accurate records with respect to the number of hours a Plaintiff worked, then a Plaintiff can meet his burden by presenting sufficient evidence to show the hours he worked as a matter of just and reasonable inference.[5] He may meet his burden by relying on his recollection alone. The law does not require him to recall exact dates or exact hours. You should find that he met his burden of proof as to the length of shifts if you find his

---

[5] *Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, 17-CV-273 (LAP); *Wang v. Leo Chuliya, LTD*, 20-CV-10395 (JLR); *Wu v. Sushi Nomado of Manhattan, Inc.*, 17-CV-4661 (MKV); *Flores v. L.I. Proliner, Inc.*, 19-CV-5056 (RPK) (AYS); *Sun v. Sushi Fussion Express, Inc.*, 16-CV-4840 (RPK) (LB); *Moreno v. 194 East Second St. LLC*, 10-CV-7458 (LGS).

testimony to be credible and that it provides a basis for a reasonable approximation of the total number of hours he worked.

If you find that a Plaintiff has met that burden, then the Defendants have the burden to show either the precise hours that the Plaintiff worked or that his approximation of hours worked is unreasonable. If you find the Defendants have met their burden of proving the Plaintiff's approximation is unreasonable, then you may find that he worked the period the Defendants claim. If, however, you find the Defendants did not meet their burden then you should approximate the period of time based on your evaluation of the Plaintiff's testimony.

Ultimately, it is up to you to draw a reasonable conclusion as to the number of hours each Plaintiff worked per week and enter that information on your verdict form under Question 2.

### 2. **Wages Paid Per Hour Worked**[6]

After determining how many hours each Plaintiff worked, if any, the next issue you must

determine is how much each Plaintiff was paid per hour—which I will refer to as his "Regular

Rate of Pay."

Again, as with duration of employment and hours worked, you may consider all of the

evidence received at trial when you determine the Plaintiff's Regular Rate of Pay. The Plaintiff

maintains the burden of proof with respect to the Regular Rate of Pay. However, if you find that

the Defendants did not keep accurate records with respect to the amount a Plaintiff was paid,

then the Plaintiff can meet his burden by presenting sufficient evidence to show the amounts he

was paid as a matter of just and reasonable inference[7]. That means Plaintiff may rely on his own

testimony regarding his recollection of what he was paid. You should find he met his burden of

proof if you find his testimony is credible and provides a basis for a reasonable approximation of

the wages he was paid. If you find that Plaintiff has satisfied this burden, then the Defendants

have the burden to show that any inferences drawn from Plaintiff's testimony are unreasonable.

Before you determine Plaintiffs' Regular Rate of Pay, you must first determine whether

each Plaintiff was paid on an hourly basis, or if they were paid a salary or a flat rate for an agreed

upon period of time. If you find that a Plaintiff was paid at an hourly rate, then their Regular

Rate of Pay is that hourly rate. You will enter this hourly rate for Question 3 and Question 4.

---

[6] Adapted from *Wu v. Sushi Nomado of Manhattan, Inc.*, 17-CV-4661 (MKV) and Plaintiffs'
Proposed Jury Instructions.
[7] *Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, 17-CV-273 (LAP); *Wang v. Leo Chuliya,
LTD*, 20-CV-10395 (JLR); *Wu v. Sushi Nomado of Manhattan, Inc.*, 17-CV-4661 (MKV); *Flores
v. L.I. Proliner, Inc.*, 19-CV-5056 (RPK) (AYS); *Sun v. Sushi Fussion Express, Inc.*, 16-CV-
4840 (RPK) (LB); *Moreno v. 194 East Second St. LLC*, 10-CV-7458 (LGS).

However, if you determine that a Plaintiff was paid a salary or flat amount to cover an agreed-upon period of time—for example, a flat weekly rate, or a flat monthly rate—you will fill out Question 3 in the form of "$[some number of dollars] per [some unit of time]." Then, you will need to do a little math to find their hourly "Regular Rate of Pay."

First, you will need to convert the rate you found in Question 3 into a weekly rate, as follows: multiply the rate you found by the number of time units per year, then divide the result by 52 weeks per year. If you found that a Plaintiff was paid a flat weekly rate, you can start from that flat weekly rate.

> *For example, if you found that a Plaintiff was paid a flat monthly rate of $2,600.00 per month, you would multiply that rate by 12 months per year to get $31,200.00 per year. You would then divide $31,200.00 per year by 52 weeks per year to get $600.00 per week.*

Next, you will need to calculate the hourly "Regular Rate of Pay" by using this flat weekly rate. To do so, divide the employee's weekly rate by the lesser of (1) 40 hours per week and (2) the actual number of hours worked per week. Round to the nearest cent.

> *Picking up with our example from earlier, if you find that the employee worked 50 hours per week, you would divide the employee's weekly salary of $600.00 per week by 40 hours per week – because 40 hours is less than the 50 actual hours worked – to get $15.00 per hour as the regular rate of pay under the NYLL.*

29

You will record the Plaintiff's Regular Rate of Pay in response to Question 4. You need not use each space provided.

### 3. Tip Credit

The NYLL permits employers to pay less than the minimum wage to employees who customarily and regularly receive tips. This is known as "taking a tip credit." It is an employer's burden to prove, by a preponderance of the evidence, that it is entitled to take a tip credit.

To be entitled to a take a tip credit, a Defendant must prove that the Defendant properly notified the Plaintiff you are considering. Specifically, an employer must notify an employee (1) of the amount of tip credit and (2) that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate. This notification must be provided in written form, in English and in the employee's primary language.[8] It is the employer's burden to prove compliance with these requirements by a preponderance of the evidence.

Indicate under Question 5 if, and if so, when, Defendants were entitled to take a tip credit with respect to each Plaintiff. However, you do not need to use each space provided.

---

[8] 12 N.Y.C.R.R. 146-2.2.

### 4. Minimum Wage Rates

The following table contains the applicable minimum wage rate under the NYLL, as well as the applicable Tip Credit and Minimum Wage Rate minutes the Tip Credit:

| Time Period | Minimum Wage | Maximum Tip Credit[9] | Minimum Wage Minus Maximum Tip Credit |
|---|---|---|---|
| 2013 and prior | $7.25/hour | $1.60/hour | $5.65/hour |
| 2014 | $8.00/hour | $2.35/hour | $5.65/hour |
| 2015 | $8.75/hour | $3.10/hour | $5.65/hour |
| 2016 | $9.00/hour | $3.35/hour | $5.65/hour |

If you found that a Defendant was not entitled to take a tip credit with respect to a Plaintiff, compare the Regular Rate of Pay you entered in Question 4 to the Minimum Wage. If you found that a Defendant was entitled to take a tip credit with respect to a Plaintiff, compare the Regular Rate of Pay to the Minimum Wage minus the Maximum Tip Credit. If the Plaintiff's Regular Rate of Pay is less than the applicable minimum wage rate, he was not paid minimum wage. Find in response to Question 6 whether the Plaintiffs were paid less than the applicable minimum wage, and if so, from when to when. You do not have to use all spaces provided.

The Court will use your responses to the foregoing questions to determine Plaintiffs' damages, if any, on their minimum wage claims.

---

[9] U.S. Dep't of Labor, *Minimum Wages for Tipped Employees – Historical Tables*, available at <https://www.dol.gov/agencies/whd/state/minimum-wage/tipped/History>.

### Q. Substantive Law – Overtime Claims[10]

I will now instruct you on the second category of claims—Overtime Claims. Plaintiffs Yunjian Lin, Yong Jun Li, Li Weng, Youmin Shen, and Miao Wang are alleging overtime claims. To prevail on his Overtime Claims, a Plaintiff must prove by a preponderance of the evidence that the Defendants failed to pay him overtime when appropriate.

A Plaintiff is entitled to overtime pay if he worked more than 40 hours in a week. Any hours that a Plaintiff worked in excess of 40 in a single week are called "overtime hours." Because the parties dispute whether each Plaintiff worked overtime hours, you must determine how many hours each Plaintiff worked per week—which you will have already determined and recorded in Question 3 as part of calculating each Plaintiff's Regular Rate of Pay. You will consider the issue of overtime only if you determined that a Plaintiff worked more than 40 hours in a given week. If you find a Plaintiff never worked more than 40 hours in a given week, then no overtime needs to be calculated and you will leave Question 7 on your verdict form blank.

A Plaintiff is entitled to overtime pay for the hours he worked in excess of 40 hours in any given workweek. A workweek is defined as any period of 168 consecutive hours—which is typically, but need not be, seven consecutive days.

An employee must be paid at a rate of at least one and one half (1.5) times either the employee's Regular Rate of Pay or the statutory minimum wage, whichever is greater, for all overtime hours. We discussed how to calculate a Plaintiff's Regular Rate of Pay earlier, and you will have recorded that information in Question 4 on your verdict form. Tip credits may affect the applicable minimum wage rate for overtime. Throughout the time relevant to this lawsuit, the

---

[10] Adapted from *Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, 17-CV-273 (LAP); *Wu v. Sushi Nomado of Manhattan, Inc.*, 17-CV-4661 (MKV); Plaintiffs' Proposed Jury Instructions.

minimum wage for overtime hours and minimum wage minus the maximum tip credit for

overtime hours under the NYLL were as follows:

| Time Period | Minimum Wage for Overtime | Maximum Tip Credit | Minimum Wage Minus Maximum Tip Credit |
|---|---|---|---|
| 2013 and prior | $10.88/hour | $1.60/hour | $9.28/hour |
| 2014 | $12.00/hour | $2.35/hour | $9.65/hour |
| 2015 | $13.13/hour | $3.10/hour | $10.03/hour |
| 2016 | $13.50/hour | $3.35/hour | $10.15/hour |

For this next step, use the rates in the Minimum Wage for Overtime column if no tip

credit applies. You will have already determined if tip credits apply for a Plaintiff in Question 5.

Use the rates in the Minimum Wage Minus Maximum Tip Credit column if a tip credit does

apply. If you find that a Plaintiff's Regular Rate of Pay exceeds the applicable minimum wage

for overtime hours, then you would determine his overtime rate by multiplying his Regular Rate

of Pay by 1.5, which increases it by 50%. If, however, you find that a Plaintiff's Regular Rate of

Pay is less than or equal to the applicable minimum wage for overtime hours, then his overtime

rate is determined by the applicable minimum wage rate in the table above, not by his Regular

Rate of Pay.

> *Continuing our examples from earlier, if you find that the employee worked 50*
>
> *hours per week, then he was entitled to overtime pay for 50 – 40 = 10 hours. If that*
>
> *the employee's regular rate of pay was $15.00 per hour and no tip credit applied,*
>
> *you would compare this with the minimum wage rate for overtime under the NYLL*
>
> *in the chart above, and find that it is greater than the NYLL rate. Next, you would*

*determine the employee's appropriate overtime rate owed by multiplying $15.00*

*per hour by 1.5 to get $22.50 per hour as the overtime rate.*


You will record in response to Question 7 on your verdict forms whether Plaintiffs were paid at least one and one-half times their Regular Rates of Pay, or the overtime minimum wage, whichever is greater, for their overtime hours. If a Plaintiff was not paid the appropriate overtime wage, also indicate from when to when the Plaintiff was not paid minimum wage.

The Court will use your responses to the foregoing questions to determine Plaintiffs' damages, if any, on their overtime claims.

### R.  Substantive Law - Spread of Hours Claims[11]

Now I will discuss the Spread of Hours claim. Plaintiffs Yunjian Lin, Yong Jun Li, Li Weng, Youmin Shen, and Miao Wang are alleging Spread of Hours claims. Under the NYLL, an employee is entitled to receive one additional hour of pay, at the statutory minimum wage rate, for any day in which his "spread of hours" exceeds ten hours. To prevail on his "spread of hours" claim, a Plaintiff must prove by a preponderance of the evidence each of the following elements: (1) that his spread of hours on a given day was greater than ten hours; and (2) that he was not paid an additional hour of wages at the minimum wage rate for that day's work.

The NYLL defines spread of hours as "the length of the interval between the beginning and end of an employee's workday." The spread of hours for any day includes compensable time plus, as I have previously defined it, any non-compensable break time. For example, let's say an employee begins work at 8:00 a.m. and works until noon. Then the employee is off work until 5:00 p.m. but works from 5:00 p.m. until 9:00 p.m. Although the employee will have only eight compensable hours, his spread of hours would be thirteen—the number of hours between 8:00 a.m. and 9:00 p.m. In this example, the employee would be entitled to be paid for nine hours: the eight hours of compensable time, plus an additional hour— paid at the minimum wage rate, not the overtime rate—because he worked a "spread of hours" greater than ten hours.

For Question 8 on the verdict form, you must indicate whether each Plaintiff's spread of hours ever exceeded 10 hours. If you find that it did exceed 10 hours, then you must also indicate for what period or periods his spread of hours exceeded 10 hours. If a Plaintiff's spread of hours

---

[11]  Adapted from *Wu v. Sushi Nomado of Manhattan, Inc.*, 17-CV-4661 (MKV); Plaintiffs' Proposed Jury Instructions

ever exceeded 10 hours, indicate in Question 9 whether that Plaintiff received spread of hours

pay on those days.

### S.  Substantive Law - Good Faith[12]

If you found that any of the Defendants failed to pay a Plaintiff the minimum wage rate; failed to pay a Plaintiff "overtime wages;" or failed to pay a Plaintiff "spread of hours wages," you will then need to determine whether those Defendants acted in good faith. That is because the law may lessen the Defendants' liability if they acted in good faith. I will now instruct you on how to determine if the Defendants acted in good faith.

To act in good faith is to act with objectively reasonable grounds for believing that the acts or omissions at issue did not violate the law. It is the Defendants' burden to establish good faith. It is not enough for the Defendants to claim that they did not know that their acts or omissions violated the law. To establish good faith, the Defendants must prove that they took active steps to ascertain what the law requires, and that they then took action to comply with the law, as they understood it.

Questions 10 through 12 ask you whether—to the extent you have determined that the Defendants violated the law as I have described it to you—they nonetheless acted in good faith. For each of these questions, if you find that Defendants acted in good faith with respect to a certain claim, you must check "Yes" for that question. If you find that Defendants did not act in good faith with respect to a certain claim, you must check "No" for that question.

---

[12] Adapted from *Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*, 17-CV-273 (LAP); *Wang v. Leo Chuliya, LTD*, 20-CV-10395 (JLR); Plaintiff's Proposed Jury Instructions.

## T.  Closing Arguments

With these instructions in mind, you will now hear from the lawyers, who will give their closing arguments. I remind you that arguments by lawyers are not evidence, because the lawyers are not witnesses. However, what they say to you in their closing arguments is intended to help you understand the evidence and to reach your verdict. Please pay careful attention to their arguments.

### Deliberations of the Jury

**U.  Right To See Exhibits and Hear Testimony; Communications with Court**

You are about to go into the jury room and begin your deliberations. You will have all of the exhibits on a flash drive provided to you. If you want any of the testimony read back to you, may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony.

Your requests for testimony – in fact any communication with the court – should be made to me in writing, signed by your foreperson and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

### V.  Notes

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory. Do not share your notes with other jurors during deliberations. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

**W. Duty to Deliberate/Unanimous Verdict**

You will now return to decide the case. In order to prevail, Plaintiff must sustain its burden of proof as I have explained to you with respect to each element of the Complaint. If you find that Plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that Plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against Plaintiff.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

## X.  Selection of Foreperson

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

### Y. Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

### Z.  Verdict Form

I have prepared a verdict form for you to use in recording your decision. On the form, there are spaces to indicate your determinations regarding each Plaintiff's claim against each Defendant. You should proceed through the questions in the order in which they are listed. After you have reached a verdict, the foreperson should fill in the verdict sheet, sign and date it and then give a note to the deputy stating that you have reached a verdict. Do not specify what the verdict is in your note. Remember, the verdict must be unanimous and must reflect the conscientious judgment of each juror.

**AA.        Closing Comment**

Finally, I say this not because I think it is necessary but because it is the custom in this courthouse: You should treat each other with courtesy and respect during your deliberation.

All litigants stand equal in this room. All litigants stand equal before the bar of justice. Your duty is to decide between these parties fairly and impartially, to see that justice is done, all in accordance with your oath as jurors.

Thank you for your time and attentiveness.

# *Yunjian Lin, et al.,*

# *v.*

# *Grand Sichuan 74 St., Inc., et al.*

15-CV-2950

United States District Court for the Southern District of New York

November 18, 2024

**Court Exhibit 13**

# Plaintiffs' Claims

- Minimum Wage Claims

- Overtime Claims

- Spread of Hours Claims

# Minimum Wage Claims

To decide if a Plaintiff has proved a minimum wage claim, you will need to determine:

1. The hours worked

2. The wages paid per hour

3. If any tip credit applies

# Minimum Wage - Hours Worked

- Hours worked per day = End Time – Start Time – Non-Compensable Breaks

- Non-Compensable Breaks are breaks longer than 30 minutes during which the Plaintiff-Employee was relieved from duty.

# Minimum Wage - Wages Paid Per Hour

## Step One: Calculate Weekly Rate of Pay

Multiply the rate you found by the number of time units per year, then divide the result by 52 weeks per year

*Example:*

- ➢ Plaintiff is paid a flat rate of $2,600.00 per month.
- ➢ Multiple 2,600 by 12 months per year to get $31,200.00 per year.
- ➢ Divide $31,200.00 per year by 52 weeks per year to get **<span style="color:red">$600.00 per week</span>**.

## Step Two: Calculate Regular Rate of Pay (Wages Paid Per Hour)

Divide the employee's weekly rate by the lesser of (1) 40 hours per week and (2) the actual number of hours worked per week.

*Example:*

- ➢ Plaintiff's weekly rate is $600 per week. Plaintiff works 50 hours per week.
- ➢ Divide the weekly $600 by 40 hours (because 40 is less than the 50 actual hours worked).
- ➢ The **<span style="color:red">Regular Rate of Paid/Wages Paid Per Hour is $15.00</span>**.

# Minimum Wage – Tip Credit

To claim a Tip Credit, a Defendant-Employer must prove that the Defendant notified the employee (1) of the amount of tip credit and (2) that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate.

This notification must be provided in written form, in English and in the employee's primary language.

# Overtime Claims

To decide if a Plaintiff has proven overtime claims, you must determine:

1.   Whether Plaintiff worked more than 40 hours per week

2. Whether Plaintiff was paid the overtime rate for hours worked in excess of 40 per week

# Overtime – Calculating Overtime Pay Rate

An employee must be paid at a rate of at least one and one half (1.5) times either the employee's Regular Rate of Pay or the statutory minimum wage, whichever is greater, for all overtime hours. Tip credits may affect the applicable minimum wage rate for overtime.

*Example:*

➢ Plaintiff worked 50 hours per week.

➢ Plaintiff is entitled to 50 – 40 = 10 hours of overtime pay.

➢ Plaintiff's hourly wage was $15.

➢ Because this is greater than the applicable statutory minimum wage rate for overtime, calculate the appropriate overtime rate as follows:

➢ $15 per hour multiplied by 1.5 = **$22.50 per hour as the overtime rate.**

# Spread of Hours Claims

To decide if a Plaintiff has proven spread of hours claims, you must determine:

1.  Whether the spread of hours on a given day was greater than ten hours

2.  If so, whether, on that day, he was not paid an additional hour of wages at the minimum wage rate.

# Spread of Hours – Calculating Spread of Hours

Spread of hours is "the length of the interval between the beginning and end of an employee's workday" including compensable time and non-compensable breaks.

*Example:*
➤ Plaintiff begins work at 8:00 a.m and works until noon.
➤ Plaintiff is off work until 5:00 p.m.
➤ Plaintiff resumes work from 5:00 p.m. until 9:00 p.m.
➤ The compensable hours is (12 – 8) + (9 – 5) = 8 hours.
➤ The spread of hours is from 8 a.m. to 9 p.m., or 21 – 8 =  <u>**13 hours.**</u>
➤ **Because the spread of hours (13) exceeds 10, Plaintiff is entitled to 1 additional hour of pay, or 8 + 1 = 9 hours total.**

# Good Faith

Defendants must prove they acted with objectively reasonable grounds for believing the acts or omissions did not violate the law:

- Did Defendants **take active steps** to ascertain what the law requires?

- Did Defendants **take actions to comply** with the law **as they understood it**?

**COURT EXHIBIT 14**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| YUNJIAN LIN, et al., |
| Plaintiffs, |
| -against- |
| GRAND SICHUAN 74 ST, INC. d/b/a Grand Sichuan 74, et al., |
| Defendants. |

15-CV-2950 (JGLC)

JESSICA G. L. CLARKE, United States District Judge:

## FINAL JURY INSTRUCTIONS

1

## Table of Contents

**General Instructions** .................................................................................................... **3**

    A.   Introduction to Instructions ................................................................. 3

    B.   Roles of the Judge and Jury ................................................................ 4

    C.   Role of Counsel ................................................................................... 5

    D.   Impartiality ......................................................................................... 6

    E.   What Is and Is Not Evidence .............................................................. 7

    F.   Direct and Circumstantial Evidence ................................................... 9

    G.   Credibility of Witnesses ..................................................................... 11

    H.   Stipulations ......................................................................................... 13

    I.   Burden of Proof .................................................................................. 14

    J.   Available Evidence ............................................................................. 16

    K.   Multiple Claims and Multiple Parties ................................................ 17

    L.   Translators ........................................................................................... 18

**Substantive Instructions** ............................................................................................ **19**

    M.   Overview ............................................................................................. 19

    N.   Summary of the Claims ...................................................................... 20

    O.   Substantive Law – Duration of Employment ..................................... 22

    P.   Substantive Law – Minimum Wage Claims ....................................... 24

      1.   Hours Worked ............................................................................ 25

      2.   Wages Paid Per Hour Worked ................................................... 28

      3.   Tip Credit ................................................................................... 30

      4.   Minimum Wage Rates ............................................................... 31

    Q.   Substantive Law – Overtime Claims .................................................. 32

    R.   Substantive Law - Spread of Hours Claims ....................................... 35

    S.   Substantive Law - Good Faith ............................................................ 36

    T.   Closing Arguments ............................................................................. 37

**Deliberations of the Jury** .......................................................................................... **38**

    U.   Right To See Exhibits and Hear Testimony; Communications with Court ........ 38

    V.   Notes ................................................................................................... 39

    W.   Duty to Deliberate/Unanimous Verdict ............................................. 40

    X.   Selection of Foreperson ...................................................................... 41

    Y.   Return of Verdict ................................................................................ 42

    Z.   Verdict Form ....................................................................................... 43

    AA.   Closing Comment ............................................................................... 44

2

## General Instructions

### A.  Introduction to Instructions

Members of the jury, you have now heard all of the evidence in the case. You are about to hear the final arguments of the parties and then you will undertake your final and most important function as jurors. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them, just as it has been my duty to preside over the trial and to decide what testimony and evidence was proper under the law for your consideration.

You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

3

**B.  Roles of the Judge and Jury**

It is a tradition and right of our legal system that parties involved in legal disputes have a jury, chosen from the members of their community, render a verdict. Your role, as the jury, is to decide the factual issues in the case. I, as the judge, will instruct you on the law, and you must accept the law as I state it to you. Then, you will apply that law to the facts as you find them. The result of your work will be the verdict that you return.

You, as jurors, are the sole and exclusive arbiters of the facts. You determine the weight of the evidence. You appraise the credibility of the witnesses. You draw the reasonable inferences from the evidence or lack of evidence. And you resolve such conflicts as there may be in the testimony. In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. I will instruct you momentarily on what is and is not evidence.

Because you are the sole and exclusive arbiters of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views on what your decision should be. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

My role, as the judge, is to instruct you on the law that you are to apply to the facts as you find them. You, as jurors, are bound to accept my instructions on the law even if you feel that the law should be different from what I say it is. Also, if anyone has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any one instruction or any one word or phrase in an instruction as alone stating the law, but you should consider the instructions as a whole.

4

## C.  Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing called sidebars. These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

**D. Impartiality**

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartially. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence. Your verdict will be determined by the conclusions you reach, no matter whom the verdict helps or hurts.

### E.  What Is and Is Not Evidence

Evidence consists of the testimony of the witnesses, the exhibits that have been received into evidence, stipulations, and judicially noticed facts. The stipulation contains facts that the parties have agreed on, and you are to take these facts as true. By contrast, what counsel have said in their opening statements, questions and objections, as well as what they may say in their closing arguments, is not evidence. Also, anything that I have said or may say about the facts, as well as anything you have heard outside the courtroom is not evidence.

You should bear in mind that a question put to a witness is never evidence; it is only the answer that is evidence. At times, a questioner may have incorporated into a question a statement that assumed certain facts to be true and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it simply because it was contained in a question. You also may not consider any answer that I directed you to disregard or that I directed be stricken from the record.

Exhibits that have been marked for identification or have been identified as demonstrative aids are not evidence, unless they have been admitted into evidence by the Court. If a demonstrative aid misstates the underlying evidence, it is the underlying evidence that you must consider. Materials used only to refresh a witness's recollection also are not evidence.

Arguments made by the attorneys are not evidence. If your recollection of the facts differs from the statements made by attorneys in their arguments, then it is your recollection that controls.

During the trial, I have been called upon to make various rulings. There may have been objections, or motions may have been made to strike answers. You are to disregard these

7

procedural matters; they are matters of law, and although you may have been curious about them, you should not consider them.

 Also, the fact that I may have commented during the course of the trial or asked questions of witnesses does not indicate any feeling of mine about the facts or the credibility of any witness. I have no such feelings, and my comments were intended only to clarify the issue at hand. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party because of any comment, question, or instruction of mine. It is for you alone to decide the credibility of the witnesses and the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

 Lastly, anything that you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence that is presented to you in this courtroom.

### F. Direct and Circumstantial Evidence

There are two types of evidence that you may use in reaching your verdict – direct evidence and circumstantial evidence. Direct evidence is when a witness testifies about something the witness knows by virtue of his or her own senses – something the witness has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit admitted into evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom windows were covered and you could not look outside. Then, as you were sitting here, someone walked in with an umbrella that was dripping wet. A few minutes later, another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining, so you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer from one or more established facts, on the basis of reason, experience and common sense, the existence or non-existence of some other fact. An inference is not a speculation, suspicion or guess. An inference is a reasoned, logical deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence.

There are times when different inferences may be drawn from the same proven facts. Here, the one side asks you to draw one set of inferences, while the other side asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

### G. Credibility of Witnesses

You have now had the opportunity to listen to and observe all of the witnesses. It is now your job to decide how believable you find each witness's testimony to be. How do you determine where the truth lies? You should use all of the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.

One thing you should consider is any bias, hostility or affection that a witness may have shown for or against a party. It is your duty to consider whether the witness has permitted any such bias to color his or her testimony. If you find that a witness is biased, then you should view the witness's testimony with caution, weigh it with care and subject it to close and searching scrutiny.

You should also consider any other interest or motive that the witness may have in cooperating with a particular party, as well as any interest the witness may have in the outcome of the case. Interest in the outcome of the case creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, you should accept the testimony of an interested witness with great care. Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter how strong their interest in the outcome of the case, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

Additional factors you should consider are: the opportunity the witness had to see, hear and know the things about which he or she testified; the accuracy of the witness's memory; the witness's candor or lack of candor; the witness's intelligence; the reasonableness of the witness's testimony; and the testimony's consistency or lack of consistency with other credible testimony.

11

In other words, what you must try to do in deciding credibility is to size a witness up in light of the witness's demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

If you find that any witness has willfully testified falsely to any material fact (that is, to an important matter), then the law permits you to disregard the entire testimony of that witness based upon the principle that someone who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.

While it is quite legitimate for an attorney to try to attack the credibility of a witness, as the sole arbiters of the facts, you must decide for yourselves which witnesses you will believe, what portion of their testimony you will accept and what weight you will give to that testimony.

**H.  Stipulations**

At the beginning of this trial, I read to you the stipulations between the parties. I will remind you now that a stipulation of facts is an agreement among the parties that certain facts are true. You must regard such agreed facts in the stipulation as true.

13

## I. Burden of Proof

I am now going to explain the concept of "burden of proof." This is a civil case, so the burden of proof is proof by a "preponderance of the evidence."

The party with the burden of proof on any given issue has the burden of proving to you every disputed element of that party's claim by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish that party's claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence, which refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you should consider the relevant testimony of all witnesses, regardless of who may have called them, and all of the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties, meaning it is as equally probable that one side is right as it is that the other side is right, then you must decide that issue against the party having the burden of proof. That is because the party with the burden of proof must prove more than simple equality of evidence. On the other hand, the party with the burden of proof does not need to prove any more than a preponderance of the evidence. This means that as long as you find on a given issue that the scales tip, however slightly, in favor of the party with the burden of proof, then you must find for that party on that issue, as that issue will have been proved by a preponderance of the evidence.

14

Once more I remind you, as I did at the beginning of the trial, that proof beyond a reasonable doubt is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this, and you should put it completely out of your mind.

**J.  Available Evidence**

Although plaintiff bears the burden of proof on his claims, the law does not require plaintiff to call as witnesses all persons who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require that all things mentioned during the course of the trial be produced as exhibits.

You are not to rest your decision on what some absent witness who was not brought in might have testified to, or what he or she might not have testified to. No party has an obligation to present cumulative testimony.

16

### K.  Multiple Claims and Multiple Parties

This claim has more than one Plaintiff, and more than one Defendant, as well as multiple claims.  In reaching a verdict, you must bear in mind that each Plaintiff's claims are to be considered separately, even if you hear the plaintiffs being referred to collectively as "Plaintiffs." In the same vein, you must consider the evidence against each Defendant separately. Each Defendant is entitled to a fair consideration of the evidence relating to that Defendant, and is not to be prejudiced by any finding you make for or against any other Defendant.

### L.  Translators

During this trial, some of the witnesses have testified in Mandarin Chinese with the assistance of a certified interpreter.  You are to consider only that evidence that was provided through the interpreter.  It is important that all jurors consider the same evidence.  Therefore, you must base your decision on the evidence presented in the official English translation and disregard any different meaning, even if you otherwise understand Mandarin Chinese.

18

**Substantive Instructions**

**M. Overview**

I'm now going to tell you about the law that you will have to apply to the facts as you find them. They are to help you evaluate the evidence in light of what you are asked to do now that you have heard all the evidence. To the extent that there are any differences between the preliminary instructions that I gave you at the beginning of trial and these final instructions, the final instructions are the ones you must follow in your deliberations.

You have also been provided with a verdict form that you will fill out during your deliberations. On the form, there are spaces to indicate your verdict on each Plaintiff's claim against each Defendant. You should proceed through the questions in the order in which they are listed. The verdict form contains 12 questions. You may not have to answer all of them. The instructions I am about to give you will guide you on when and how to answer each question.

19

### N.  Summary of the Claims

The Plaintiffs in this case are Yunjian Lin, Yong Jun Li, Li Weng, Youmin Shen, Miao Wang, Wei Wei Ding, Wei Ting Zhao, and Yuhai Zhu. There are several Defendants in this case, but you will only be considering the liability of Li Jiang, Yong Li Li, Grand Sichuan 74, and Grand Sichuan 75.

Plaintiffs bring this action under the New York State Labor Law, also known as the "NYLL." You will be considering three categories of claims, each of which I will now briefly summarize for you. Later I will explain the law as to each claim in more detail.

First, all Plaintiffs contend that the Defendants failed to pay them the minimum wages set by the NYLL. I will refer to these claims as the "Minimum Wage Claims."

Second, certain Plaintiffs contend that the Defendants violated the NYLL by failing to pay them "overtime wages," which are wages equal to 1.5 times their regular hourly wages, for all hours that they worked in excess of forty hours in any single week. I will refer to these claims as the "Overtime Claims."

Third, certain Plaintiffs contend that the Defendants violated the NYLL by failing to pay them "spread of hours wages," which are an extra hour of pay at the minimum wage rate for days that the Plaintiff's workday exceeded ten hours, even if there were breaks. I will refer to these claims as the "Spread of Hours Claims."

At the conclusion of my instructions, you will be given a verdict form with questions you must answer regarding these three categories of claims.

In reaching a verdict, you must bear in mind that the Plaintiffs must prove each of their claims by a preponderance of the evidence, unless I instruct you otherwise. To meet that burden, the Plaintiffs may rely on all the evidence received at trial, regardless of which side presented it.

20

I also want to emphasize that you must consider each Plaintiff's claims separately even if there are times when I refer to them collectively as "Plaintiffs." In the same vein, you must consider the evidence against each Defendant separately. Each Defendant is entitled to a fair consideration of the evidence relating to that Defendant, and is not to be prejudiced by any finding you make for or against any other Defendant.

I will now instruct you on the law of the claims.

21

### O. Substantive Law – Duration of Employment

As an initial matter, you will need to determine the duration of employment for each Plaintiff. The parties have already stipulated that Defendants Li Jiang and Grand Sichuan 74 St. were the employers for any Plaintiff employed from December 2010 through September 9, 2014, and that Defendants Yong Li Li and Grand Sichuan 75 St. Inc. were the employers of any Plaintiff employed between the period from August 1, 2013 through July 25, 2016. You must determine the time period that each Plaintiff was employed by each of these Defendants. It is the Plaintiff's burden to prove, by a preponderance of the evidence, when he worked for each of the Defendants.

To meet that burden, a Plaintiff may rely on all of the evidence received at trial, regardless of which side presented it. However, if you find that the Defendants did not keep accurate records with respect to the duration of Plaintiff's employment, then Plaintiff can meet his burden by presenting sufficient evidence to show his dates of employment as a matter of just and reasonable inference. Plaintiff may meet this burden by relying on his recollection alone. The law does not require him to recall exact dates. You should find that he met his burden of proof as to the period of his employment if you find his testimony is credible and provides a basis for a reasonable approximation of the period during which he was employed.

If you find that Plaintiff has met that burden, then the Defendants have the burden to show either the precise period that the Plaintiff worked, or that the Plaintiff's approximation of the period he worked is unreasonable. Accordingly, if you find that the Defendants do not have evidence of the precise dates of Plaintiff's employment, it then becomes the Defendants' burden to produce evidence to negate the Plaintiff's recollection of the period of his employment. If you find the Defendants have met their burden of proving a Plaintiff's approximation is

22

unreasonable, then you may find he worked the period that the Defendants claim. If, however, you find that the Defendants did not meet their burden, then you should approximate the period of time based on your evaluation of Plaintiff's testimony. Ultimately, it is up to you to draw a reasonable conclusion as to the period, if any, during which Plaintiff was employed by each of the Defendants.

Question 1 on the verdict sheet asks you to state the duration of each Plaintiff's employment. Space is provided to list multiple terms of employment, should you find that Plaintiff's employment was broken up into multiple terms. However, you need not use each space provided.

### P.  Substantive Law – Minimum Wage Claims

I will now instruct you on each of the claims, beginning with the Minimum Wage Claims. All Plaintiffs claim that they were not paid the minimum wage required under the NYLL. To sustain their burden of proof with respect to these claims, each Plaintiff must prove by a preponderance of the evidence that the Defendants paid the Plaintiff less than the required minimum wage for hours that they worked. To determine if a Plaintiff has proved this, you will first need to determine the hours worked, the wages paid per hour, and if any tip credit applies. Let me walk you through these one by one.

1. **Hours Worked**

First, you must first determine how many hours Plaintiff worked. An employee is considered to be working for purposes of these claims whenever he exerts himself, mentally or physically, for tasks controlled or required by the employer and performs these tasks primarily for the benefit of the employer. You must decide how many hours Plaintiff worked each day, how many days Plaintiff worked each week, and the number of hours Plaintiff worked each week.

The number of hours an employee works in a day is determined under what is called the "continuous workday" rule. Under that rule, the workday begins when the employee begins to engage in work and continues until the completion of his work. It includes all of the time within that period whether or not the employee is engaged in work throughout the entire period.

There is, however, an exception to this rule for meals and for periods longer than thirty minutes if the employee is completely relieved from duty. I will refer to those periods as "non-compensable breaks" because those periods are not compensable work time. It is the Defendants' burden to prove that a break was a non-compensable break. The Defendants must do so by a preponderance of the evidence. A non-compensable break must last at least thirty minutes. In contrast, short periods away from work, commonly known as break periods or coffee breaks, are compensable work time.

To qualify as a non-compensable break, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during the period at issue the employee's time and attention are primarily occupied by private or personal pursuits, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during the periods at issue, the

25

employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably spending the break, then the employee has not been relieved from duty. Whether the time was spent predominantly for the employer's or employee's benefit depends on all the facts and circumstances of the case.

In order to determine the number of hours worked, you must determine whether the Defendants have demonstrated a Plaintiff took non-compensable breaks. If you find that the Plaintiff did take non-compensable breaks, then the length of those breaks must be taken into account when determining the total number of hours the Plaintiff worked on a particular day. In other words, a Plaintiff's "compensable hours" are the number of hours he worked minus any non-compensable breaks.

With respect to this issue, as with the period of a Plaintiff's employment, a Plaintiff may rely on all the evidence received at trial, regardless of which side presented it. However, if you find that the Defendants did not keep accurate records with respect to the number of hours a Plaintiff worked, then a Plaintiff can meet his burden by presenting sufficient evidence to show the hours he worked as a matter of just and reasonable inference. He may meet his burden by relying on his recollection alone. The law does not require him to recall exact dates or exact hours. You should find that he met his burden of proof as to the length of shifts if you find his testimony to be credible and that it provides a basis for a reasonable approximation of the total number of hours he worked.

If you find that a Plaintiff has met that burden, then the Defendants have the burden to show either the precise hours that the Plaintiff worked or that his approximation of hours worked is unreasonable. If you find the Defendants have met their burden of proving the Plaintiff's approximation is unreasonable, then you may find that he worked the period the Defendants

26

claim. If, however, you find the Defendants did not meet their burden then you should approximate the period of time based on your evaluation of the Plaintiff's testimony.

Ultimately, it is up to you to draw a reasonable conclusion as to the number of hours each Plaintiff worked per week and enter that information on your verdict form under Question 2.

## 2. Wages Paid Per Hour Worked

After determining how many hours each Plaintiff worked, if any, the next issue you must determine is how much each Plaintiff was paid per hour—which I will refer to as his "Regular Rate of Pay."

Again, as with duration of employment and hours worked, you may consider all of the evidence received at trial when you determine the Plaintiff's Regular Rate of Pay. The Plaintiff maintains the burden of proof with respect to the Regular Rate of Pay. However, if you find that the Defendants did not keep accurate records with respect to the amount a Plaintiff was paid, then the Plaintiff can meet his burden by presenting sufficient evidence to show the amounts he was paid as a matter of just and reasonable inference. That means Plaintiff may rely on his own testimony regarding his recollection of what he was paid. You should find he met his burden of proof if you find his testimony is credible and provides a basis for a reasonable approximation of the wages he was paid. If you find that Plaintiff has satisfied this burden, then the Defendants have the burden to show that any inferences drawn from Plaintiff's testimony are unreasonable.

Before you determine Plaintiffs' Regular Rate of Pay, you must first determine whether each Plaintiff was paid on an hourly basis, or if they were paid a salary or a flat rate for an agreed upon period of time. If you find that a Plaintiff was paid at an hourly rate, then their Regular Rate of Pay is that hourly rate. You will enter this hourly rate for Question 3 and Question 4.

However, if you determine that a Plaintiff was paid a salary or flat amount to cover an agreed-upon period of time—for example, a flat weekly rate, or a flat monthly rate—you will fill out Question 3 in the form of "$[some number of dollars] per [some unit of time]." Then, you will need to do a little math to find their hourly "Regular Rate of Pay."

28

First, you will need to convert the rate you found in Question 3 into a weekly rate, as follows: multiply the rate you found by the number of time units per year, then divide the result by 52 weeks per year. If you found that a Plaintiff was paid a flat weekly rate, you can start from that flat weekly rate.

> *For example, if you found that a Plaintiff was paid a flat monthly rate of $2,600.00 per month, you would multiply that rate by 12 months per year to get $31,200.00 per year. You would then divide $31,200.00 per year by 52 weeks per year to get $600.00 per week.*

Next, you will need to calculate the hourly "Regular Rate of Pay" by using this flat weekly rate. To do so, divide the employee's weekly rate by the lesser of (1) 40 hours per week and (2) the actual number of hours worked per week. Round to the nearest cent.

> *Picking up with our example from earlier, if you find that the employee worked 50 hours per week, you would divide the employee's weekly salary of $600.00 per week by 40 hours per week – because 40 hours is less than the 50 actual hours worked – to get $15.00 per hour as the regular rate of pay under the NYLL.*

You will record the Plaintiff's Regular Rate of Pay in response to Question 4. You need not use each space provided.

29

### 3. Tip Credit

The NYLL permits employers to pay less than the minimum wage to employees who customarily and regularly receive tips. This is known as "taking a tip credit." It is an employer's burden to prove, by a preponderance of the evidence, that it is entitled to take a tip credit.

To be entitled to a take a tip credit, a Defendant must prove that the Defendant properly notified the Plaintiff you are considering. Specifically, an employer must notify an employee (1) of the amount of tip credit and (2) that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate. This notification must be provided in written form, in English and in the employee's primary language. It is the employer's burden to prove compliance with these requirements by a preponderance of the evidence.

Indicate under Question 5 if, and if so, when, Defendants were entitled to take a tip credit with respect to each Plaintiff. However, you do not need to use each space provided.

### 4. Minimum Wage Rates

The following table contains the applicable minimum wage rate under the NYLL, as well as the applicable Tip Credit and Minimum Wage Rate minutes the Tip Credit:

| Time Period | Minimum Wage | Maximum Tip Credit | Minimum Wage Minus Maximum Tip Credit |
|---|---|---|---|
| 2013 and prior | $7.25/hour | $1.60/hour | $5.65/hour |
| 2014 | $8.00/hour | $2.35/hour | $5.65/hour |
| 2015 | $8.75/hour | $3.10/hour | $5.65/hour |
| 2016 | $9.00/hour | $3.35/hour | $5.65/hour |

If you found that a Defendant was not entitled to take a tip credit with respect to a Plaintiff, compare the Regular Rate of Pay you entered in Question 4 to the Minimum Wage. If you found that a Defendant was entitled to take a tip credit with respect to a Plaintiff, compare the Regular Rate of Pay to the Minimum Wage minus the Maximum Tip Credit. If the Plaintiff's Regular Rate of Pay is less than the applicable minimum wage rate, he was not paid minimum wage. Find in response to Question 6 whether the Plaintiffs were paid less than the applicable minimum wage, and if so, from when to when. You do not have to use all spaces provided.

The Court will use your responses to the foregoing questions to determine Plaintiffs' damages, if any, on their minimum wage claims.

**Q.  Substantive Law – Overtime Claims**

I will now instruct you on the second category of claims—Overtime Claims. Plaintiffs Yunjian Lin, Yong Jun Li, Li Weng, Youmin Shen, and Miao Wang are alleging overtime claims. To prevail on his Overtime Claims, a Plaintiff must prove by a preponderance of the evidence that the Defendants failed to pay him overtime when appropriate.

A Plaintiff is entitled to overtime pay if he worked more than 40 hours in a week. Any hours that a Plaintiff worked in excess of 40 in a single week are called "overtime hours." Because the parties dispute whether each Plaintiff worked overtime hours, you must determine how many hours each Plaintiff worked per week—which you will have already determined and recorded in Question 2 as part of calculating each Plaintiff's Regular Rate of Pay. You will consider the issue of overtime only if you determined that a Plaintiff worked more than 40 hours in a given week. If you find a Plaintiff never worked more than 40 hours in a given week, then no overtime needs to be calculated and you will leave Question 7 on your verdict form blank.

A Plaintiff is entitled to overtime pay for the hours he worked in excess of 40 hours in any given workweek. A workweek is defined as any period of 168 consecutive hours—which is typically, but need not be, seven consecutive days.

An employee must be paid at a rate of at least one and one half (1.5) times either the employee's Regular Rate of Pay or the statutory minimum wage, whichever is greater, for all overtime hours. We discussed how to calculate a Plaintiff's Regular Rate of Pay earlier, and you will have recorded that information in Question 4 on your verdict form. Tip credits may affect the applicable minimum wage rate for overtime. Throughout the time relevant to this lawsuit, the minimum wage for overtime hours and minimum wage minus the maximum tip credit for overtime hours under the NYLL were as follows:

32

**COURT EXHIBIT 14**

| Time Period | Minimum Wage for Overtime | Maximum Tip Credit | Minimum Wage Minus Maximum Tip Credit |
|---|---|---|---|
| 2013 and prior | $10.88/hour | $1.60/hour | $9.28/hour |
| 2014 | $12.00/hour | $2.35/hour | $9.65/hour |
| 2015 | $13.13/hour | $3.10/hour | $10.03/hour |
| 2016 | $13.50/hour | $3.35/hour | $10.15/hour |

For this next step, use the rates in the Minimum Wage for Overtime column if no tip credit applies. You will have already determined if tip credits apply for a Plaintiff in Question 5. Use the rates in the Minimum Wage Minus Maximum Tip Credit column if a tip credit does apply. If you find that a Plaintiff's Regular Rate of Pay exceeds the applicable minimum wage for overtime hours, then you would determine his overtime rate by multiplying his Regular Rate of Pay by 1.5, which increases it by 50%. If, however, you find that a Plaintiff's Regular Rate of Pay is less than or equal to the applicable minimum wage for overtime hours, then his overtime rate is determined by the applicable minimum wage rate in the table above, not by his Regular Rate of Pay.

*Continuing our examples from earlier, if you find that the employee worked 50 hours per week, then he was entitled to overtime pay for 50 – 40 = 10 hours. If that the employee's regular rate of pay was $15.00 per hour and no tip credit applied, you would compare this with the minimum wage rate for overtime under the NYLL in the chart above, and find that it is greater than the NYLL rate. Next, you would determine the employee's appropriate overtime rate owed by multiplying $15.00 per hour by 1.5 to get $22.50 per hour as the overtime rate.*

33

You will record in response to Question 7 on your verdict forms whether Plaintiffs were paid at least one and one-half times their Regular Rates of Pay, or the overtime minimum wage, whichever is greater, for their overtime hours. If a Plaintiff was not paid the appropriate overtime wage, also indicate from when to when the Plaintiff was not paid minimum wage.

The Court will use your responses to the foregoing questions to determine Plaintiffs' damages, if any, on their overtime claims.

**R.  Substantive Law - Spread of Hours Claims**

Now I will discuss the Spread of Hours claim. Plaintiffs Yunjian Lin, Yong Jun Li, Li Weng, Youmin Shen, and Miao Wang are alleging Spread of Hours claims. Under the NYLL, an employee is entitled to receive one additional hour of pay, at the statutory minimum wage rate, for any day in which his "spread of hours" exceeds ten hours. To prevail on his "spread of hours" claim, a Plaintiff must prove by a preponderance of the evidence each of the following elements: (1) that his spread of hours on a given day was greater than ten hours; and (2) that he was not paid an additional hour of wages at the minimum wage rate for that day's work.

The NYLL defines spread of hours as "the length of the interval between the beginning and end of an employee's workday." The spread of hours for any day includes compensable time plus, as I have previously defined it, any non-compensable break time. For example, let's say an employee begins work at 8:00 a.m. and works until noon. Then the employee is off work until 5:00 p.m. but works from 5:00 p.m. until 9:00 p.m. Although the employee will have only eight compensable hours, his spread of hours would be thirteen—the number of hours between 8:00 a.m. and 9:00 p.m. In this example, the employee would be entitled to be paid for nine hours: the eight hours of compensable time, plus an additional hour— paid at the minimum wage rate, not the overtime rate—because he worked a "spread of hours" greater than ten hours.

For Question 8 on the verdict form, you must indicate whether each Plaintiff's spread of hours ever exceeded 10 hours. If you find that it did exceed 10 hours, then you must also indicate for what period or periods his spread of hours exceeded 10 hours. If a Plaintiff's spread of hours ever exceeded 10 hours, indicate in Question 9 whether that Plaintiff received spread of hours pay on those days.

35

### S.  Substantive Law - Good Faith

If you found that any of the Defendants failed to pay a Plaintiff the minimum wage rate; failed to pay a Plaintiff "overtime wages;" or failed to pay a Plaintiff "spread of hours wages," you will then need to determine whether those Defendants acted in good faith. That is because the law may lessen the Defendants' liability if they acted in good faith. I will now instruct you on how to determine if the Defendants acted in good faith.

To act in good faith is to act with objectively reasonable grounds for believing that the acts or omissions at issue did not violate the law. It is the Defendants' burden to establish good faith. It is not enough for the Defendants to claim that they did not know that their acts or omissions violated the law. To establish good faith, the Defendants must prove that they took active steps to ascertain what the law requires, and that they then took action to comply with the law, as they understood it.

Questions 10 through 12 ask you whether—to the extent you have determined that the Defendants violated the law as I have described it to you—they nonetheless acted in good faith. For each of these questions, if you find that Defendants acted in good faith with respect to a certain claim, you must check "Yes" for that question. If you find that Defendants did not act in good faith with respect to a certain claim, you must check "No" for that question.

36

### T. Closing Arguments

With these instructions in mind, you will now hear from the lawyers, who will give their closing arguments. I remind you that arguments by lawyers are not evidence, because the lawyers are not witnesses. However, what they say to you in their closing arguments is intended to help you understand the evidence and to reach your verdict. Please pay careful attention to their arguments.

## <u>Deliberations of the Jury</u>

**U.  Right To See Exhibits and Hear Testimony; Communications with Court**

You are about to go into the jury room and begin your deliberations. You will have all of the exhibits on a flash drive provided to you. If you want any of the testimony read back to you, may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony.

Your requests for testimony – in fact any communication with the court – should be made to me in writing, signed by your foreperson and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

### V.  Notes

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory. Do not share your notes with other jurors during deliberations. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### W. Duty to Deliberate/Unanimous Verdict

You will now return to decide the case. In order to prevail, Plaintiff must sustain its burden of proof as I have explained to you with respect to each element of the Complaint. If you find that Plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that Plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against Plaintiff.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

### X.  **Selection of Foreperson**

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

### Y.  Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

### Z.  Verdict Form

I have prepared a verdict form for you to use in recording your decision. On the form, there are spaces to indicate your determinations regarding each Plaintiff's claim against each Defendant. You should proceed through the questions in the order in which they are listed. After you have reached a verdict, the foreperson should fill in the verdict sheet, sign and date it and then give a note to the deputy stating that you have reached a verdict. Do not specify what the verdict is in your note. Remember, the verdict must be unanimous and must reflect the conscientious judgment of each juror.

**AA.**          **Closing Comment**

Finally, I say this not because I think it is necessary but because it is the custom in this courthouse: You should treat each other with courtesy and respect during your deliberation.

All litigants stand equal in this room. All litigants stand equal before the bar of justice. Your duty is to decide between these parties fairly and impartially, to see that justice is done, all in accordance with your oath as jurors.


Thank you for your time and attentiveness.

Court Exhibit 15



Done for the day. See you tomorrow.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUNJIAN LIN, et al.,

                              Plaintiffs,

          -against-                                    15-CV-2950 (JGLC)

GRAND SICHUAN 74 ST, INC. d/b/a Grand
Sichuan 74, et al.,

                              Defendants.

## **VERDICT FORM**


**All Jurors must agree unanimously to the answers to each question. Please follow the directions in this form closely and move through the form in the order that the questions are asked.**

COURT EXHIBIT 11

## QUESTION 1: DURATION OF EMPLOYMENT

Please indicate the duration of each Plaintiff's employment. If you find that a Plaintiff's total duration of employment was 0 days, leave that Plaintiff's row blank.

| Plaintiff | Employment Start Date | End Date |
|---|---|---|
| Yunjian Lin | 10-1-2010 | 5-27-2013 |
| Yong Jun Li | 10-15-2012 | 2-16-2014 |
| Li Weng | 11-2011<br>12-2013 | 12-2012<br>12-2014 |
| Youmin Shen | 4-28-2014 | 4-30-2016 |
| Miao Wang | 1-20-2013 | 5-23-2013 |
| Wei Wei Ding | 10-15-2012<br>4-28-2014 | 1-2013<br>11-9-2014 |
| Wei Ting Zhao | 5-13-2013 | 8-18-2013 |
| Yuhai Zhu | 1-31-2011 | 4-24-2011 |

If you found that a Plaintiff held multiple terms of employment, indicate the name of the Plaintiff and the duration of the Plaintiff's terms of employment below. You do not need to use each space provided.

| Plaintiff | Other Terms of Employment (Start Date – End Date) |
|---|---|
| Li Weng | 11-204 / 12-2012<br>12-2013 / 12-2014 |
| Wei Wei Ding | 10-15-2012        1-2013<br>4-28-2014        11-9-2014 |
|  |  |
|  |  |
|  |  |
|  |  |

**If the duration of employment totals 0 days for any Plaintiff, do not answer the portions of the Questions 2 through 12 that deal with that Plaintiff.**

**Please proceed to Question 2.**

2

COURT EXHIBIT 11

## QUESTION 2: COMPENSABLE HOURS PER WEEK

Please indicate the number of "compensable hours" each Plaintiff worked per week. If the number of hours per week changed, please note when it changed and what it changed to.

| Plaintiff | Compensable Hours Worked Per Week |
|---|---|
| Yunjian Lin | 56 |
| Yong Jun Li | 40 |
| Li Weng | 20 |
| Youmin Shen | 20 ~~20000~~ 4/28/2014 - 10/12/2014<br>40 10/13/2014 - 4-30-2016 |
| Miao Wang | 40 |
| Wei Wei Ding | 40 |
| Wei Ting Zhao | 25 |
| Yu Hai Zhu | 40 |

**Please proceed to Question 3.**

3

## QUESTION 3: SALARY

Please indicate each Plaintiff's salary in the space provided, in the form of "$[Number of Dollars] per [Unit of Time]." If a Plaintiff's salary changed, please indicate when and what it changed to.

| Plaintiff | Salary ("$[Number of Dollars] per [Unit of Time]") |
|---|---|
| Yunjian Lin | • $10.38   10-1-2010   to   12-1-2010  • $12.12   2-1-2012   to 2-1-2013<br>• $10.96   12-1-2010   to   2-1-2011<br>• $11.54   2-1-2011   to   2-1-2012     • $13.27   2-1-2013 to 5-27-2013 |
| Yong Jun Li | $5.65 |
| Li Weng | $5.65 |
| Youmin Shen | $5.65 |
| Miao Wang | $5.65 |
| Wei Wei Ding | $5.65 |
| Wei Ting Zhao | $5.65 |
| Yuhai Zhu | $5.65 |

**Please continue to Question 4.**

## QUESTION 4: REGULAR RATE OF PAY

Please indicate each Plaintiff's "Regular Rate of Pay" as calculated according to the Jury Instructions. If a Plaintiff's "Regular Rate of Pay" changed, please indicate when and what it changed to. If you found that a Plaintiff was paid an hourly rate in Question 3, you may enter that hourly rate here.

| Plaintiff | Regular Rate of Pay |
|-----------|---------------------|
| Yunjian Lin | • $10.38 10-1-2010 to 12-1-2010 • $12.12 2-1-2012 to 2-1-2013<br>• $10.96 12-1-2010 to 2-1-2011 • $13.27 2-1-2013 to 5-27-2013<br>• $11.54 2-1-2011 to 2-1-2012 |
| Yong Jun Li | $5.65 |
| Li Weng | $5.65 |
| Youmin Shen | $5.65 |
| Miao Wang | $5.65 |
| Wei Wei Ding | $5.65 |
| Wei Ting Zhao | $5.65 |
| Yuhai Zhu | $5.65 |

**Please continue to Question 5.**

5

## QUESTION 5: TIP CREDIT

Please indicate, for each Plaintiff, whether a tip credit applied, and if so, for what time period. If no tip credit applies, write "No Credit" in the corresponding box.

| Plaintiff | Tip Credit |
|---|---|
| Yunjian Lin | NO Credit |
| Yong Jun Li | NO Credit |
| Li Weng | NO Credit |
| Youmin Shen | NO Credit |
| Miao Wang | NO Credit |
| Wei Wei Ding | NO Credit |
| Wei Ting Zhao | NO Credit |
| Yuhai Zhu | NO Credit |

**Please proceed to Question 6.**

6

COURT EXHIBIT 11

## QUESTION 6: MINIMUM WAGE

Please indicate whether each Plaintiff was paid the minimum wage required under the NYLL by writing "Yes" or "No" in the corresponding box. If a Plaintiff was not paid the minimum, also indicate from when to when the Plaintiff was not paid minimum wage.

| Plaintiff | Was Plaintiff paid the minimum wage under the NYLL? |
|-----------|-----------------------------------------------------|
| Yunjian Lin | Yes |
| Yong Jun Li | NO    10-15-2012 to 2-16-2014 |
| Li Weng | NO    • 11-2011 to 12-2012    • 12-2013 to 12-2014 |
| Youmin Shen | NO    4-28-2014 to 4-30-2016 |
| Miao Wang | NO    1-20-2013 to 5-23-2013 |
| Wei Wei Ding | NO    • 10-15-2012 to 1-2013    • 4-28-2014 to 11-9-2014 |
| Wei Ting Zhao | NO    5-13-2013 to 8-12-2013 |
| Yuhai Zhu | NO    1-31-2011 to 4-24-2011 |

**Please proceed to Question 7.**

7

**COURT EXHIBIT 11**

## QUESTION 7: OVERTIME WAGES

Please indicate whether each Plaintiff was paid the appropriate overtime wage required under the NYLL by writing "Yes" or "No" in the corresponding box. If a Plaintiff was not paid the appropriate overtime wage, also indicate from when to when the Plaintiff was not paid minimum wage. If a Plaintiff did not work overtime, leave the corresponding space blank.

| Plaintiff | Was Plaintiff paid overtime wages under the NYLL? |
|---|---|
| Yunjian Lin | Yes |
| Yong Jun Li | |
| Li Weng | |
| Youmin Shen | |
| Miao Wang | |

**Please proceed to Question 8.**

8

## QUESTION 8: SPREAD OF HOURS

Please indicate, for each Plaintiff, whether their spread of hours ever exceeded 10 hours by writing "Yes" or "No" in the corresponding box. If you answer "Yes," indicate for what period or periods the spread of hours exceeded 10 hours.

| Plaintiff | Did Plaintiff's spread of hours exceed 10 hours? If so, when? |
|---|---|
| Yunjian Lin | Yes, 6hrs/week        10-1-2010 to 1-22-2012 |
| Yong Jun Li | NO |
| Li Weng | Yes, 2hrs/week |
| Youmin Shen | Yes, 2hrs/week |
| Miao Wang | NO |

**If you found that Plaintiff's spread of hours never exceeded 10 hours, skip Question 9 for that Plaintiff.**

**Please proceed to Question 9 for any Plaintiffs for whom you answered "Yes."**

## QUESTION 9: SPREAD OF HOURS WAGES

Please indicate whether each Plaintiff received spread of hours pay on the days the spread of hours exceeded 10 hours. If a Plaintiff did not receive spread of hours pay on the days when the spread of hours exceeded 10 hours, indicate which days the Plaintiff did not receive spread of hours pay.

| Plaintiff | Did Plaintiff receive spread of hours pay for the days where the Plaintiff's spread of hours exceeded 10 hours? |
|---|---|
| Yunjian Lin | 6 days/week    10-1-2010  to  1-22-2012 |
| Yong Jun Li | |
| Li Weng | 2 days/week |
| Youmin Shen | 2 days/week |
| Miao Wang | |

**Please proceed to Question 10.**

10

## QUESTION 10: GOOD FAITH – MINIMUM WAGE

For each Plaintiff whom Defendants failed to pay the minimum wage rate (Question 6), indicate by writing "Yes" or "No" whether that Defendant acted in good faith when they failed to pay that Plaintiff the minimum wage.

You may not need to fill out every space. If a Plaintiff was paid the minimum wage rate, leave the corresponding boxes blank. If a Defendant was not an employer of a Plaintiff, leave that Defendant's box blank. As a reminder, the time periods for which each Defendant held employer status is included below. You may cross-reference this time period with your answers in Question 1 regarding the duration of each Plaintiff's employment.

| Plaintiff | Defendant Li Jiang (Grand Sichuan 74) December 2010 – September 9, 2014 | Defendant Yong Li Li (Grand Sichuan 74) August 1, 2013 – July 25, 2016 |
|---|---|---|
| Yunjian Lin | | |
| Yong Jun Li | Yes | |
| Li Weng | Yes | Yes |
| Youmin Shen | | Yes |
| Miao Wang | Yes | |
| Wei Wei Ding | Yes | Yes |
| Wei Ting Zhao | Yes | Yes |
| Yuhai Zhu | Yes | |

**Please proceed to Question 11.**

## QUESTION 11: GOOD FAITH – OVERTIME WAGES

For each Plaintiff whom Defendants failed to pay overtime wages (Question 7), indicate by writing "Yes" or "No" whether that Defendant acted in good faith when they failed to pay that Plaintiff overtime wages.

You may not need to fill out every space. If a Plaintiff worked no overtime hours or was paid overtime wages, leave the corresponding boxes blank. If a Defendant was not an employer of a Plaintiff, leave that Defendant's box blank.

| Plaintiff | Defendant Li Jiang (Grand Sichuan 74) December 2010 – September 9, 2014 | Defendant Yong Li Li (Grand Sichuan 74) August 1, 2013 – July 25, 2016 |
|---|---|---|
| Yunjian Lin | | |
| Yong Jun Li | Yes | |
| Li Weng | Yes | Yes |
| Youmin Shen | | Yes |
| Miao Wang | Yes | |

**Please proceed to Question 12.**

12

## QUESTION 12: GOOD FAITH – SPREAD OF HOURS WAGES

For each Plaintiff whom Defendants failed to pay spread of hour wages (Question 9), indicate by writing "Yes" or "No" whether that Defendant acted in good faith when they failed to pay that Plaintiff spread of hour wages.

You may not need to fill out every space. If a Plaintiff was owed no spread of hour wages or was paid their spread of hour wages, leave the corresponding boxes blank. If a Defendant was not an employer of a Plaintiff, leave that Defendant's box blank.

| Plaintiff | Defendant Li Jiang (Grand Sichuan 74) December 2010 – September 9, 2014 | Defendant Yong Li Li (Grand Sichuan 74) August 1, 2013 – July 25, 2016 |
|---|---|---|
| Yunjian Lin | | |
| Yong Jun Li | Yes | |
| Li Weng | Yes | Yes |
| Youmin Shen | | Yes |
| Miao Wang | Yes | |

**Your deliberations are <u>finished</u>.**

I attest the foregoing reflects the jury's decision.

_(signature)_

Foreperson

Dated: _NOV. 20th_, 2024

13