UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUNJIAN LIN, et al.,

                        Plaintiffs,

-against-                                 15-CV-2950 (JGLC)

GRAND SICHUAN 74 ST, INC. d/b/a
GRAND SICHUAN 74, et al.,                **OPINION AND ORDER**

                        Defendants.

JESSICA G. L. CLARKE, United States District Judge:

      After a jury trial on several wage claims asserted under the New York Labor Law, employee Plaintiffs move for final judgment after the entry of a special verdict, for default judgment against defaulting Defendants, and for attorney's fees and costs. Employer Defendants move for partial judgment as a matter of law notwithstanding the verdict and also for attorney's fees and costs. For the reasons stated herein, Plaintiffs' motions for judgment and default judgment are GRANTED. Defendants' partial motion for judgment notwithstanding the verdict is DENIED. Plaintiffs' application for fees and costs is GRANTED in part, with reductions to the total amount. Defendants' application for fees is DENIED.

## BACKGROUND

      In April 2015, Plaintiffs, former employees of a restaurant named Grand Sichuan 74, commenced this action against the restaurant's purported owners, operators, or managers, seeking damages for alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), among other claims. ECF No. 1. The operative Second Amended Complaint was filed in September 2016. ECF No. 79. Since April 2015, this litigation has proceeded with "frequent and unexplained delays, sloppy work, and failure to comply with court

orders" that "have prevented Plaintiffs' claims from being heard on the merits in an expeditious manner." ECF No. 276 at 10.

There are two aspects of this case's extensive procedural history that are relevant to the instant motions. The first is the motions for conditional collective certification under Federal Rule of Civil Procedure 23. The second is the motions for default judgment against particular Defendants (who ultimately went to trial) and the motions to vacate those default judgments.

On July 22, 2016, Plaintiffs moved for conditional collective certification under Rule 23, which they later withdrew. ECF Nos. 57, 80. On December 13, 2020, Plaintiffs filed a letter motion for leave to file a renewed motion for conditional collective certification on December 13, 2020, but on the next day, withdrew this letter motion. ECF Nos. 262–264. Two years later, Plaintiffs again sought conditional collective certification. ECF Nos. 303, 310. Plaintiffs argued for equitable tolling, contending that the Court had failed to decide their prior motions. ECF No. 310. The Court then admonished that "Plaintiffs' letter describing the procedural history of this case is patently false," and explained that the prior motions were not decided because they were withdrawn. ECF No. 315 at 3. Thus, the Court denied Plaintiff's request for conditional collective certification. *See id.*; ECF No. 308.

On July 29, 2019, the Court granted default judgment against all Defendants for their failure to appear. ECF No. 210. In February 2021, Defendants Li Jiang and Yong Li Li, among others, moved to vacate the default judgment for improper service. ECF No. 267. In the Court's first order on this motion to vacate, the Court noted that by this point—six years into the litigation—the case presented "an unusually long and complex history given how little progress has been made in testing the merit of Plaintiffs' allegations." ECF No. 276 at 1. Moreover, the Court noted that the service problems arose from details that "[r]egrettably, and in the Court's

2

view inexcusably . . . were not brought to the Court's attention by Plaintiff's counsel." *Id.* at 6. The Court reiterated that it had given multiple admonitions to counsel to effectuate proper service, and that counsel failed to comply. *See id.* at 11–15. Thus, "[l]argely due to failures of service," *id.* at 10, the Court vacated default judgment as to Defendants Yong Li Li and Li Jiang, among others. *Id.* at 21. The Court also found that while the then Non-Appearing Defendants had admitted liability through their defaults, final judgment as to those Non-Appearing Defendants is not appropriate until final judgment is entered with respect to the appearing Defendants. ECF No. 279 at 13–14 (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) and *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)).

With default judgments vacated against them, some Defendants eventually proceeded to trial. On November 11, 2024, Plaintiffs agreed to dismiss all claims under the Fair Labor Standards Act, with the Court exercising supplemental jurisdiction over the New York Labor Law Claims. ECF No. 355 at 2. After ordering Plaintiffs to show cause as to why their wage notice and wage statements claims should not be dismissed for lack of standing, the Court found that only Plaintiffs Yong Jun Li, Wei Wei Ding, Li Weng, and Wei Ting Zhao had sufficiently established standing at the pre-trial stage for their wage statements claims under the NYLL, and that all other wage statements and notice claims were dismissed. ECF Nos. 351, 355.

From November 12, 2024, to November 20, 2024, the Court held a jury trial on the remaining claims brought by Plaintiffs Yunjian Lin, Yong Jun Li, Wei Wei Ding, Li Weng, Wei Ting Zhao, Yuhai Zhu, Youmin Shen, and Miao Wang, against Defendants Yong Li Li, Li Jiang, Grand Sichuan 74 St., Inc., doing business as Grand Sichuan 74, and Grand Sichuan 75 St., Inc., doing business as Grand Sichuan 74. Plaintiffs Wei Wei Ding, Wei Ting Zhao, and Yuhai Zhu (the "Non-Appearing Plaintiffs") failed to appear for trial. Nonetheless, because Defendants

3

consented to the admission of their paystubs into evidence for the jury's consideration prior to the start of trial, the jury considered the claims of the Non-Appearing Plaintiffs.

At the conclusion of Plaintiffs' case-in-chief, the Court determined as a matter of law that Plaintiffs Yong Jun Li, Wei Wei Ding, Li Weng, and Wei Ting Zhao had failed to establish standing to proceed on the wage statements claims. Counsel also timely made Rule 50(a) motions, preserving their right to make post-trial Rule 50(b) motions. Upon the completion of the trial, the jury returned a special verdict finding each Plaintiff's term of employment, hours worked per week, and regular hourly wages. ECF No. 358, Ct. Exh. 16 ("Verdict") at 1–5. The jury also found that, except for Plaintiff Yunjian Lin, the Plaintiffs were not paid minimum wage, that certain Plaintiffs worked but were not paid spread-of-hour wages, and that Defendants were not permitted to take a tip credit. *See id.* at 6–7, 9–10. However, the jury found in favor of Defendants on the overtime claims and found that Defendants acted in good faith with respect to all claims. *Id.* at 8, 11–13.

Plaintiffs and Defendants filed subsequent post-trial motions for judgment pursuant to the special verdict. ECF No. 364 ("Pls. Mot." or "Plaintiffs' Motions"); ECF No. 365 ("Defs. Mot." or "Defendants' Motions"). Plaintiffs move for entry of judgment following the special verdict, entry of final judgment against the defaulting Defendants, and attorney's fees and costs. Defendants move for partial judgment as a matter of law notwithstanding the verdict and opposes Plaintiffs' requests attorney's fees and costs. Defendants further seek attorney's fees for misconduct.

# DISCUSSION[1]

This discussion proceeds in two parts. First, the Court considers the entry of final judgment, including Defendants' partial motion for judgment notwithstanding the verdict, and finds Plaintiffs' proposed judgment to be appropriate. Second, the Court examines the parties' applications for attorney's fees and costs, denying Defendants' application for fees but awarding a substantially reduced fee award to Plaintiffs.

## I. Judgment After Special Verdict

Plaintiffs propose a judgment awarding unpaid minimum wage, unpaid spread-of-hours wages, and prejudgment interest. Defendants object to Plaintiffs' proposed judgment on two grounds: that tip credits should be given to Defendants, notwithstanding the jury's verdict, and that judgment should not be awarded in favor of Non-Appearing Plaintiffs Wei Wei Ding, Wei Ting Zhao, and Yuhai Zhu, notwithstanding the jury's verdict.[2] The Court sets forth the applicable legal standard before examining each of Defendants' objections. Finding that the jury's verdict should stand, the Court also grants Plaintiff's request for prejudgment interest and default judgment against the Non-Appearing Defendants.

### A. Legal Standard for Judgment Notwithstanding the Verdict

Rule 50(b) of the Federal Rules of Civil Procedure permits parties to move for judgment as a matter of law, notwithstanding the verdict of a jury, provided that parties have made

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

[2] Though Defendants raise an issue about liquidated damages in briefing, it appears that both parties agree no liquidated damages should be awarded. ECF No. 365 at 1–3; ECF No. 371 at 1–2. And though there seemed to be some inconsistency in the briefings, it appears that both parties ultimately agree that spread-of-hours wages should be awarded. ECF No. 365 at 3–6; ECF No. 371 at 2–4.

appropriate Rule 50(a) motions before the case is submitted to the jury. In the initial Rule 50(a) motion, the moving party "must specify the judgment sought and the law and facts that entitle the movant to the judgment." FED. R. CIV. P. 50(a)(2). "The ultimate question is whether the motion, either of itself or in the context of the ensuing colloquy, was sufficiently specific to alert the opposing party to the supposed deficiencies in her proof." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 287 (2d Cir. 1998).

When renewing the Rule 50 motion after a verdict, the movant carries a burden that is "particularly heavy." *Cross v. N.Y.C. Transit Auth.*, 417 F.3d 241, 248 (2d Cir. 2005). "A judgment notwithstanding the verdict (JNOV) may only be granted if there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it." *Edelman v. N.Y.U. Langone Health Sys.,* 708 F. Supp. 3d 409, 425 (S.D.N.Y. 2023) (citing *Wiercinski v. Mangia 57, Inc.,* 787 F.3d 106, 112 (2d Cir. 2015)). A court must conclude that "with credibility assessments made against the moving party and all inferences drawn against the moving party, a reasonable juror would have been compelled to accept the view of the moving party." *Id.* A court "cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury." *Id.*

### B. Defendants Are Not Entitled to Take Tip Credits

The jury found that Defendants were not entitled to take tip credits to pay sub-minimum wage to any Plaintiff. Verdict at 6. Defendants contends that the Court must credit tip money paid to Plaintiffs because the jury "did not account for the tip credit amounts that were

6

indisputably paid to these Plaintiffs." Defs. Mot. at 4. Defendants properly raised this argument during their Rule 50(a) motion at trial.

Nonetheless, Defendants' motion on this matter is denied. That is because tips are not credited to employers based on whether the tips were actually paid to employees. To be entitled to a take a tip credit, an employer must prove that he properly notified his employee of the tip credit amount, in written form, in English and in the employee's primary language. N.Y. COMP. CODES R. & REGS. tit.12, § 146-2.2(a)(1)–(2) (2025). These same instructions were provided to the jury. *See* ECF No. 358, Ct. Ex. 12 at 30. Defendants offer no reason to overturn the jury's determination of the facts based on the law they were instructed to consider. The jury's decision will remain undisturbed.

### C. Non-Appearing Plaintiffs Will Not Be Dismissed

The jury also determined that Non-Appearing Plaintiffs Wei Wei Ding, Wei Ting Zhao, and Yuhai Zhu were entitled to recovery on their minimum wage claims. Verdict at 7. Defendants contend that claims against these Plaintiffs must be dismissed as a matter of law due to their failure to appear at trial. Defs. Mot. at 6–8. Defendants appropriately raised their arguments during their Rule 50(a) motion.

But again, Defendants' arguments are unavailing. First, without a subpoena, there is no requirement that a plaintiff appear at trial. Defendants did not subpoena the Non-Appearing Plaintiffs, and instead those Plaintiffs were represented at trial through counsel. Second, Defendants consented to the admission of the paystubs of Non-Appearing Plaintiffs prior to the testimony of any witnesses. At that time, the Court advised that the Court preferred for exhibits to be admitted during the testimony of the witnesses to whom they were relevant. Nonetheless, Defendants withheld any objection. In the absence of objections, the Court admitted these

7

paystubs. Once the paystubs were in evidence, it was within the jury's purview to credit them with evidentiary value. And there was nothing in the record that suggested those paystubs were unreliable. Indeed, the jury appeared to rely heavily on those paystubs for other Plaintiffs to conclude that certain Plaintiffs were not entitled to all of the damages they claim.

Defendants cite to *Chen v. Hunan Manor Enterprises*, where a court dismissed certain plaintiffs' claims with prejudice because they "voluntarily procured their own absence at trial" and "failed to notify their counsel promptly before trial that they had left the country." No. 17-CV-802 (GBD), 2023 WL 5574854, at *10 (S.D.N.Y. Aug. 29, 2023), *amended on reconsideration in part*, 2023 WL 8434700 (S.D.N.Y. Dec. 5, 2023). But in this case, there has been no evidence on why Non-Appearing Plaintiffs were absent and whether their absence was voluntarily procured. Moreover, it appears that in *Chen,* no evidence supporting the non-appearing plaintiffs' claims could be considered—whereas here, Defendants consented to the admission of Non-Appearing Plaintiffs' paystubs.

The Court recognizes that Defendants may have relied on Plaintiffs' representation that the Non-Appearing Plaintiffs intended to be present at trial. In certain circumstances, the doctrine of equitable estoppel might apply. *See OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 462 F.3d 87, 93 n.3 (2d Cir. 2006) ("A party may be estopped from pursuing a claim or defense where (1) the party to be estopped makes a misrepresentation of fact to the other party with reason to believe that the other party will rely on it; (2) the other party reasonably relies upon it; and (3) the reliance is to her detriment."). But the Court is not convinced that Plaintiffs ever made an unqualified representation about who would appear. And Defendants fail to point to any such representation. They also do not argue that any representation by Plaintiffs' counsel reasonably caused them to forgo a subpoena and to consent to the admission of paystubs. Instead, they did

that of their own volition, listing these very paystubs as exhibits in their pretrial submission and not objecting to their admission at the outset of the case. *See* ECF No. 347-2. The jury's verdict on this matter will remain undisturbed.

### D. Plaintiffs Are Awarded Prejudgment Interest

The NYLL permits the award of prejudgment interest. *See Ting Yao Lin v. Hayashi Ya II, Inc.*, No. 08-CV-6071 (SAS) (AJP), 2009 WL 289653, at *7 (S.D.N.Y. Jan. 30, 2009), *report and recommendation adopted*, 2009 WL 513371, at *1 (S.D.N.Y. Feb. 27, 2009). Prejudgment interest is calculated at a rate of 9% per annum. *Id*. (citing N.Y. C.P.L.R. § 5004 (McKinney 2005)). Where "damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *Id*. (citing N.Y. C.P.L.R. § 5001 (McKinney 2025)). The midpoint of the relevant period of plaintiff's employment is a reasonable intermediate date for purposes of calculating prejudgment interest. *Id*. Prejudgment interest shall be awarded on the final judgment, calculated from the midpoint of the relevant period of each of the Plaintiffs' employment.

### E. Default Judgment Is Granted Against Defaulting Defendants

In January 2022, the Court found that while Non-Appearing Defendants have admitted liability through their defaults, final judgment as to those Non-Appearing Defendants was not appropriate until final judgment is entered with respect to appearing Defendants. ECF No. 279 at 13–14 (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) and *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). With the entry of this final judgment against the appearing Defendants, final default judgment against all remaining Defendants is now also granted.

**II.     Attorney's Fees and Costs**

Plaintiffs seek to recover attorney's fees and costs. Pls. Mot. at 4–10. Defendants do not appear to dispute the reasonableness of the proposed rates, but request a reduction or denial of fees on the following grounds: Plaintiffs' limited success on the merits of their claims, Plaintiffs' failed motions for collective certification, the failure of certain Plaintiffs to appear at trial, and Plaintiffs' counsel's misconduct in obtaining a default judgment. ECF No. 372. Defendants also seek fees for resources expended in addressing Plaintiffs' alleged misconduct in obtaining a default judgment. Defs. Mot. at 10–12.

The Court considers each of Defendants' objections below. While the Court awards Plaintiffs' counsel a portion of their requested fees and costs, the Court reduces the amount because of counsel's limited success on their claims, the failed motions for collective certification, and general inefficiencies in litigation. Defendants' separate request for fees is denied.

### A. Plaintiffs' Limited Recovery Supports Reduction of Fees

The NYLL permits successful Plaintiffs to recover reasonable attorney's fees and costs. *See* N.Y. LAB. LAW § 198(4) (McKinney 2025). A presumptively reasonable fee award is calculated as "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Inter-Am. Dev. Bank v. Venti S.A.*, No. 15-CV-4063 (PAE), 2016 WL 642381, at *2 (S.D.N.Y. Feb. 17, 2016). Courts should exclude "excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." *Quaratino v. Tiffany & Co.,* 166 F.3d 422, 425 (2d Cir. 1999). Plaintiffs bear the burden of documenting hours reasonably spent by counsel and the reasonableness of the hourly rates claimed. *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011). "If such

10

records are inadequate the [c]ourt may reduce the award accordingly." *Vernon v. Port Auth. of N.Y. and N.J.,* 220 F. Supp. 2d 223, 229 (S.D.N.Y. 2002).

Defendants contend that Plaintiffs' limited success and minimal recovery warrant a denial or reduction of fees. Defs. Mot. at 8–10. First, the Court addresses reductions for unsuccessful claims, including for unpaid overtime wages and liquidated damages. Indeed, courts should exclude "hours dedicated to severable unsuccessful claims" when awarding fees. *Quaratino,* 166 F.3d at 425. "Attorney's fees may be awarded for unsuccessful claims as well as successful ones, however, [only] where they are inextricably intertwined and involve a common core of facts or are based on related legal theories." *Id.* That is true here, where the successful and unsuccessful claims both "involve allegations arising under related wage and hour statutory provisions and logically involve the same nucleus of operative facts." *Cabrera v. Schafer*, No. 12-CV-6323 (ADS)(AKT), 2017 WL 9512409, at *9 (E.D.N.Y. Feb. 17, 2017), *report and recommendation adopted*, 2017 WL 1162183, at *1 (E.D.N.Y. Mar. 27, 2017); *see also Holick v. Cellular Sales of New York, LLC*, 48 F.4th 101, 108 (2d Cir. 2022) (collecting cases). It is inappropriate to reduce fees just because Plaintiffs did not succeed on their overtime claims and request for liquidated damages.

However, the limited success achieved here warrants a significant reduction in fees. "[T]he degree of success achieved by the attorney in a statutory fees case is often described as the most critical factor in determining the reasonable fee . . . ." *Dajbabic v. Rick's Cafe*, 995 F. Supp. 2d 210, 211–12 (E.D.N.Y. 2014); *see also Farrar v. Hobby*, 506 U.S. 103, 114 (1992). That is because if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). In cases where plaintiffs

11

prevail on technicalities in mostly frivolous lawsuits, courts are encouraged to deny all attorney's fees to discourage such lawsuits. *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011) (citing *Farrar*, 506 U.S. at 114–15). However, the purpose of fee-shifting statutes is to "assur[e] that civil rights claims of modest cash value can attract competent counsel." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 168–69 (2d Cir. 2011). For that reason, fees "need not be proportionate to the success, and fee awards far greater than the damages awarded may be found reasonable." *Dajbabic*, 995 F. Supp. 2d at 212.

In this case, Plaintiffs seek attorney's fees in the amount of $172,989.36 and $4,033.10 in costs, $2,368.80 of which has previously been approved by Judge Fox. ECF Nos. 363-12; 363-13; 363 ¶ 162. The total amount of damages deemed recoverable is $63,342.28. ECF No. 371-1 at 9. Prior to trial, Plaintiffs sought damages in the amount of $523,714.59. ECF No. 347-3 at 9. In other words, Plaintiffs failed to recover 87.91% of the damages requested, and Plaintiffs now seek attorney's fees nearly three times greater than the amount actually recoverable. While the Court is not inclined to reduce fees in proportion to the amount recovered, these numbers call into the question whether the hours expended for this litigation were reasonable. Considered together with the issues discussed below, the Court finds that Plaintiffs' limited recovery warrants a reduction of fees.

### B. Plaintiffs' Failed Motions for Collective Certification Warrants Fee Reduction

When plaintiffs unsuccessfully move for collective action certification, fee awards may be reduced for time spent litigating the certification. *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008). "[N]ot reducing the fee award in these circumstances would pose two risks: (a) decreasing the incentive for plaintiffs' lawyers vigorously to litigate collective action certification, and (b) encouraging plaintiffs' lawyers to file collective action-

based claims even where there is little basis for doing so." *Id.* (citing *Barfield v. N.Y.C. Health & Hosps. Corp.*, No. 05-CV-6319 (JSR), 2006 WL 2356152, at *3 (S.D.N.Y. Aug. 11, 2006), *aff'd*, 537 F.3d 132 (2d Cir. 2008)).

Here, in 2016, Plaintiffs moved for conditional collective certification under Rule 23, which they later withdrew. ECF Nos. 57, 80. On December 13, 2020, Plaintiffs filed a letter motion for leave to file a renewed motion for conditional collective certification on December 13, 2020, but on the next day, withdrew this letter motion. ECF Nos. 262–264. Two years later, Plaintiffs again sought conditional collective certification. ECF Nos. 303, 310. Plaintiffs argued for equitable tolling, contending that the Court had failed to decide their prior motions. ECF No. 310. The Court then admonished that "Plaintiffs' letter describing the procedural history of this case is patently false," and explained that the prior motions were not decided because they were withdrawn. ECF No. 315 at 3. Thus, the Court denied Plaintiff's request for conditional collective certification. *See id.*; ECF No. 308.

Plaintiffs argue that the Court should reject a reduction of fees because they brought their conditional collective certification motion in good faith. Pls. Mot. at 6. But in light of the procedural history of motions filed and withdrawn, and ultimately denied for lack of timeliness, the Court disagrees. Unfortunately, it is difficult to ascertain which of counsels' documented entries at ECF No. 363-12 pertain to work on the certification motion. Because the burden falls on Plaintiffs to document and demonstrate the reasonableness of hours worked, the Court applies a 5% reduction. *See Barfield*, 2006 WL 2356152, at *1 (finding that where "there is no way to reasonably evaluate plaintiff's time entries" and the time spent is deemed unreasonable, "a flat percentage reduction in plaintiff's claimed hours is warranted").

13

### C. Non-Appearing Plaintiffs' Failure to Appear at Trial Does Not Warrant a Fee Reduction

Plaintiffs do not have an obligation to testify at trial absent a subpoena, although their absence may be weighed against them by a trier of fact. Although Defendants represent that they spent time and resources preparing for the Non-Appearing Plaintiffs' testimony, Defendants did not subpoena Plaintiffs, and it is not clear to the Court that Defendants reasonably relied on any representation that Plaintiffs would be present to testify. In any case, the jury here found in favor of the Non-Appearing Plaintiffs on their minimum wage claims. Under the NYLL, successful Plaintiffs may recover fees and costs. *See* N.Y. LAB. LAW § 198(4) (McKinney 2025).

### D. Defendants Will Not Be Awarded Fees for Plaintiffs' Counsels' Conduct in Obtaining Default Judgments

Defendants seek an award of fees for Plaintiffs' counsels' alleged bad faith conduct in obtaining default judgments, or else a reduction in fees owed. Defendants appear to seek such an award as either an exercise of the Court's inherent equitable powers or as a Rule 11 sanction. Defs. Mot. at 10–12.

Courts may exercise inherent equitable powers to grant attorneys' fees in the absence of statutory authority or contractual terms. *See Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 258–60 (1991); *Revson v. Cinque & Cinque*, P.C., 221 F.3d 71, 78–79 (2d Cir. 2000). A court may exercise this power when a party "has commenced or conducted an action in bad faith, vexatiously, wantonly, or for oppressive reasons." *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 344 (2d Cir. 1986). To award fees for bad faith, a court must find "clear evidence that the challenged actions are entirely without color and are taken for reasons of harassment or delay or for other improper purposes." *Weinberger v. Kendrick*, 698 F.2d 61, 80 (2d Cir. 1982). "The test is conjunctive and neither meritlessness alone nor improper purpose

alone will suffice." *Sierra Club v. U.S. Army Corps of Engineers*, 776 F.2d 383, 390 (2d Cir. 1985), *cert. denied,* 475 U.S. 1084 (1986).

Rule 11(b) of the Federal Rules of Civil Procedure requires that parties, in making representations to the Court, certify that all submissions are for a proper purpose, that factual contentions have evidentiary support, and denials of factual contentions are warranted on the evidence. FED. R. CIV. P. 11(b). If a party violates Rule 11's requirements, courts may impose a sanction against the offending party though "an order directing payment . . . of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." FED. R. CIV. P. 11(c)(4). When a court awards fees as a Rule 11 sanction, "the award should be based both on the total amount of reasonable attorneys' fees and costs attributable to the sanctioned party's misconduct and the amount needed to serve the deterrent purposes of Rule 11." *Offor v. Mercy Med. Ctr.,* 327 F.R.D. 32, 34 (E.D.N.Y. 2018).

Here, the basis for Defendants' application is Plaintiffs' repeated improper service of appearing Defendants Yong Li Li and Li Jian, leading to a default judgment that was eventually vacated. Defs. Mot. at 10–12. Plaintiffs' conduct pertaining to the improper service and subsequent motions for default may well meet this high bar for the exercise of the Court's inherent equitable powers and for Rule 11 sanctions. The Court previously admonished Plaintiffs for problems in service that "[r]egrettably, and in the Court's view inexcusably . . . were not brought to the Court's attention by Plainitff's counsel." ECF No. 276 at 6. The Court reiterated that it had given multiple admonitions to counsel to effectuate proper service, and that counsel failed to comply. *See id.* at 11–15. Ultimately, "[l]argely due to failures of service," the Court vacated default judgment as to Defendants Yong Li Li and Li Jiang, among others. *Id.* at 10, 21.

15

However, the burden of establishing reasonable attorney's fees falls onto the moving party. Even if attorney's fees are warranted against Plaintiffs for their misconduct regarding service and the default motions, Defendants provide no documentation on what a reasonable amount might be. *See Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011). Defendants' application for fees is denied.

### E. Fee Reductions Are Warranted for General Inefficiencies in Litigation

Although Defendants' application for fees is denied, Defendants have sufficiently demonstrated Plaintiffs' own role in incurring substantial costs.

Court must exclude "excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.,* 166 F.3d 422, 425 (2d Cir. 1999). This case, dating back to 2015, is rife with "excessive, redundant or otherwise unnecessary hours." The matter of improper service and unduly filed default motions, discussed above, is one example. The collective certification motions, filed and withdrawn and filed and withdrawn and filed again years later—another example. The failure of three Plaintiffs to appear without reason, when Defendants prepared for their examinations and the Court set aside time for their testimony, proves additional inefficiency. Indeed, in 2021—six years into the litigation—the Court observed that since April 2015, this litigation has proceeded with "frequent and unexplained delays, sloppy work, and failure to comply with court orders" that "have prevented Plaintiffs' claims from being heard on the merits in an expeditious manner." ECF No. 276 at 10.

Taken together with the fact that Plaintiffs failed to recover 87.91% of the damages requested, and that Plaintiffs seek attorney's fees nearly three times greater than the amount actually recoverable, the Court finds Plaintiff's application for $172,989.36 to be unreasonable. The lodestar method typically guides a court in finding a presumptively reasonable fee through

multiplying reasonable hours by a reasonable rate. *Inter-Am. Dev. Bank v. Venti S.A.*, No. 15-CV-4063 (PAE), 2016 WL 642381, at *2 & n.3 (S.D.N.Y. Feb. 17, 2016). But in this case, given the holistic inefficiencies in litigating this ten-year-old case and Plaintiffs' lack of detail in their documentation of how each hour was spent, the Court applies percentage reductions. *See Barfield*, 2006 WL 2356152, at *1 (applying a flat percentage reduction of 50% where the time spent "seem[ed] entirely disproportionate to the time the case reasonably should have involved" and "there [was] no way to reasonably evaluate plaintiff's time entries") (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)).

In addition to the 5% reduction for the unsuccessful class certification motions, the Court applies a 60% reduction in observance of the fact that six years into the litigation, "frequent and unexplained delays, sloppy work, and failure to comply with court orders" had resulted in "little progress . . . in testing the merit of Plaintiffs' allegations," with many of the inefficiencies owed to Plaintiff's "regrettabl[e]" and "inexcusabl[e]" conduct. ECF No. 276 at 1, 6, 10–15. The Court applies an additional 10% reduction to account for other inefficiencies that resulted in the failure to recover 87.91% of requested damages. With a total reduction of 75%, Plaintiffs are awarded $43,247.34 in attorney's fees and $4,033.10 in costs. *See Romeo & Juliette Laser Hair Removal, Inc. v. Assara I, LLC,* No. 08-CV-442 (TPG) (FM), 2013 WL 3322249, at *8 (S.D.N.Y. July 2, 2013), *aff'd*, 679 F. App'x 33 (2d Cir. 2017) (collecting cases that reduced fees by 50%, 60%, and 75%, and opting to apply a 75% reduction in fees for excessive and otherwise unreasonable billings).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for judgment after special verdict is GRANTED. Defendants' motion for judgment notwithstanding the jury's verdict is DENIED.

Plaintiffs' motion for attorney's fees and costs is GRANTED IN PART and Defendants' motion for attorney's fees and costs is DENIED.

Dated: May 5, 2025
      New York, New York

                                    SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge